1  Laurence Jay Shaw
2  99 Yosemite Road
   San Rafael, CA 94903
3  (415) 812-6203
   larry@knightsbridgedualband.com
4
   *Pro se*
5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                                    )  Case No. **CV24    5826**
                                      )
12 LAURENCE JAY SHAW, an individual,  )  COMPLAINT FOR:
                                      )  (1) FALSE DESIGNATIONS OF ORIGIN
          Plaintiff,                  )  (2) TRADEMARK INFRINGEMENT
13                                    )  (3) COPYRIGHT INFRINGEMENT
          v.                          )  (4) UNLAWFUL ACCESS TO STORED
14                                    )  COMMUNICATIONS
   EDWIN DARIO MANZANO GARCIA, an     )  (5) KNOWING MISREPRESENTATION IN A
15 individual, a/k/a EDWIN MANZONI;   )  DMCA TAKEDOWN NOTICE
   KNIGHTSBRIDGE SLEEP SOLUTIONS LLC, )  (6) CONVERSION
16 a New Mexico corporation; and      )  (7) INTERFERENCE WITH PROSPECTIVE
   VERONICA ROSIBEL MANZANO GARCIA,   )  ECONOMIC ADVANTAGE
17 an individual,                     )  (8) RACKETEERING
                                      )  (9) CRIMINAL COPYRIGHT
18        Defendants.                 )  INFRINGEMENT
                                      )  (10) WIRE FRAUD
19                                    )  (11) MAIL FRAUD
                                      )  (12) COMMERCE IN THE EXECUTION OF A
20                                    )  SCHEME TO DEFRAUD
                                      )  (13) TRANSPORTATION OF STOLEN
21                                    )  GOODS
                                      )  (14) LAUNDERING OF MONETARY
22                                    )  INSTRUMENTS
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27 _____)

28

                                  COMPLAINT

1

**INTRODUCTION**

2       1.      On October 6, 2023, Laurence Jay Shaw's ("Shaw's") employee Edwin Dario

3   Manzano Garcia ("Garcia"), seized online and Guatemala-located physical assets of Shaw's

4   company, Knightsbridge Sleep Solutions (the "Company"), and -- in conspiracy with Shaw's

5   employee Veronica Rosibel Manzano Garcia ("Rosibel Garcia"), and utilizing a newly-formed New

6   Mexico limited liability corporation having the name "Knightsbridge Sleep Solutions LLC" – have

7   operated a counterfeiting enterprise (the "Counterfeit Organization") manufacturing Shaw's anti-

8   snoring chin strap invention and utilizing Shaw's trademarks, copyrights, and designations of origin

9   to impersonate Shaw's company, committing day-to-day acts of mail fraud, wire fraud, commerce in

10  the execution of a scheme to defraud under 18 U.S.C. § 2314, second paragraph, and laundering of

11  monetary instruments, predicate racketeering activities under 18 U.S.C. § 1961(1).  Furthermore,

12  Garcia, in conspiracy with Rosibel Garcia, has engaged in a wide-ranging campaign of unlawful acts

13  of sabotage -- some of which constitute further predicate racketeering activities under 18 U.S.C. §

14  1961(1) -- to impair Shaw's Company and Shaw's other two businesses.  Shaw seeks damages,

15  including treble profits due to the racketeering aspect of defendants' actions, restitution, and

16  injunctive relief for infringement of intellectual properties and misappropriation of a core operational

17  asset of Shaw's outside business as a patent agent.

18                          **JURISDICTION**

19      2.      This case belongs in federal court under federal questions of jurisdiction because it

20  involves trademark infringement under 15 U.S.C. § 1114, copyright infringement under 17 U.S.C. §

21  501, false designations of origin under 15 U.S.C. § 1125(a), and RICO claims under 18 U.S.C. §

22  1964(c).

23      3.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Shaw's state

24  law claims of (a) conversion and (b) interference with prospective economic advantage.  Since these

25  state law claims arise from a common nucleus of operative facts with the federal claims of trademark

26  infringement, false designation of origin, and copyright infringement.  In particular:

27      (i) Garcia initiated his infringement of Shaw's trademarks and copyrights and his false

28  designations of origin on or around October 6, 2023 (the "Hijacking Date") by conversion of the

1 | online assets and Guatemala-located physical assets of the Company, as described in Paragraphs 36,

2 | 37 and 40, to form a counterfeit organization (the "Counterfeit Organization"), as described in

3 | Paragraphs 41 through 57;

4 |   (ii) Garcia has engaged in interference with the prospective economic advantage of the Company

5 | by:

6 |      (a) filing of a fraudulent DMCA Takedown Notice against the Company's website (see

7 | Paragraph 61),

8 |      (b) unlawful access and misappropriation of the domain name utilized for the Company's

9 | post-hijacking website (see Paragraph 59),

10 |      (c) attempted intimidation, in conspiracy with Rosibel Garcia, of an employee of the

11 | Company (see Paragraph 58), and

12 |      (d) unlawful access and destruction of content displayed on the homepage of the Company's

13 | website (see Paragraph 60),

14 |   (iii) Garcia has engaged in interference with prospective economic advantage of Shaw's outside

15 | businesses as a patent agent and selling the toy Astrojax® by:

16 |      (a) unlawful access and misappropriation of the email accounts of those two businesses (see

17 | Paragraphs 62 and 64),

18 |      (b) unlawful access and misappropriation of the domain names astrojax.com and

19 | integralpatent.com (see Paragraphs 62 and 64), and

20 |      (c) unlawful access and misappropriation of the Astrojax® Shopify account (see Paragraph

21 | 64),

22 | thereby financially and operationally impairing Shaw in his ability to seek judicial redress for the

23 | federal crimes of trademark and copyright infringement and false designations of origin central to

24 | the operations of the Counterfeit Organization.

25 | **VENUE**

26 |     4.    Venue in the Northern District of California is appropriate because the events giving

27 | rise to this complaint were directed against Plaintiff Shaw while Shaw was based at and residing at

28 | 99 Yosemite Drive, San Rafael, California 94903, and Shaw's Company and Shaw's outside

businesses which are the subject of this suit are also based at and registered with the City of San

Rafael at 99 Yosemite Drive, San Rafael, California 94903. (Declaration in Support of Complaint

("Complaint Decl.") ¶ 1).  Furthermore, venue is appropriate because Garcia filed a Counter Notice

in response to a Google Search DMCA Takedown Notice filed by Shaw consenting to the

jurisdiction of the US District Court of the Northern District of California. (Complaint Decl. ¶ 2).

**INTRADISTRICT ASSIGNMENT**

5.      Intradistrict assignment to San Francisco/Oakland is appropriate because the events

giving rise to this complaint were directed against Plaintiff while Plaintiff was based and residing at

99 Yosemite Drive, San Rafael, CA 94903.

**PARTIES**

6.      Plaintiff Laurence Jay Shaw is an inventor, entrepreneur, and registered patent agent

doing business as:

(i) Knightsbridge Sleep Solutions (the "Company"), San Rafael California business license no.

061979,

(ii) New Toy Classics, San Rafael California business license 063090, and

(iii) Integral Patent, San Rafael California business license 063089. (Complaint Decl. ¶ 1).

7.      Defendant Edwin Dario Manzano Garcia ("Garcia"), a/k/a Edwin Manzoni, a citizen

of Honduras residing in Guatemala, was a salaried employee of the Company and of New Toy

Classics from roughly March 2017 until the events of October 6, 2023 described in Paragraph 36.

Garcia served as second in command under the title Vice President and functioned as foreman of

production and internet assets administrator.  As internet assets administrator, Garcia had

administrative powers over the Company's Shopify account, domain name dualbandchinstrap.com,

Gmail email account which utilizes dualbandchinstrap.com, Ring Central telephone account, Etsy

account, etc.  (The purchase and/or set-up of the domain name astrojax.com, the Gmail account for

astrojax.com, and the Shopify account for Astrojax predates Garcia's employment with Shaw, and

Garcia was not the administrator of those accounts.  Furthermore, Garcia did not have authorized

access to Shaw's domain name integralpatent.com or the associated Gmail business account.)

(Complaint Decl. ¶ 3).

3

**COMPLAINT**

8.      Defendant "Knightsbridge Sleep Solutions LLC" (the "Counterfeit LLC") is a New Mexico limited liability corporation, registration number 7475667, formed by Garcia on December 22, 2023.  Garcia is the only member of the corporation.  (Complaint Decl. ¶ 4).

9.      Defendant Veronica Rosibel Manzano García ("Rosibel Garcia"), a citizen of Honduras residing in Guatemala, was a salaried employee of the Company and New Toy Classics from roughly September 2018 until the events of October 14, 2023 described below in Paragraph 38, and functioned in a variety of senior roles including quality control inspector of the Product. (Complaint Decl. ¶ 5).

## STATEMENT OF FACTS

### Overview of Racketeering and Unlawful Activities of the Enterprise

10.      On October 6, 2023 (the "Hijacking Date") Garcia seized all online assets and Guatemala-located physical assets of the Company.  Since that date Garcia, in conspiracy with Rosibel Garcia and utilizing a New Mexico limited liability corporation formed on December 22, 2023 utilizing the name of Shaw's Company with an appended "LLC", have operated as a racketeering enterprise under 18 § USC 1961(4) (the "Counterfeit Organization").  The Counterfeit Organization manufactures Shaw's anti-snoring chin strap invention utilizing website content, packaging, and promotional materials displaying Shaw's trademarks, copyrights and designations of origin (including the Company's business name, domain name, address, phone number, and Federal Trade Commission registration number) to market and sell counterfeit product ("Counterfeit Product"), committing predicate racketeering activities in its day-to-day operations, and utilizing predicate racketeering activities and other unlawful activities to:

(i) perpetuate and extend operations of the Counterfeit Organization,

(ii) sabotage operations of Shaw's Company, and

(iii) sabotage operations of Shaw's other two sources of revenues.

11.      Day-to-day operations of the Counterfeit Organization involve wire fraud under 18 U.S.C. § 1343, a predicate racketeering act under 18 U.S.C. § 1961(1), since the Counterfeit Organization markets and sells Counterfeit Product via (i) a Shopify account and associated website utilizing Shaw's trademarks, copyrights and designations of origin without authorization for the

1  processing of orders and payments for customers throughout the United States, and (ii) a Gmail

2  account through which the Counterfeit Organization engages in email communications with

3  customers throughout the United States utilizing Shaw's trademarks and designations of origin

4  without authorization.

5       12.    Day-to-day operations of the Counterfeit Organization involve mail fraud under 18

6  U.S.C. § 1341, a predicate racketeering act under 18 U.S.C. § 1961(1), since the Counterfeit

7  Organization utilizes the Postal Service and commercial interstate carriers for the delivery to

8  consumers throughout the United State of Counterfeit Product and instructional literature utilizing

9  Shaw's trademarks, copyrights, and designations of origin without authorization.

10      13.    Day-to-day operations of the Counterfeit Organization furthermore involve copyright

11 infringement for commercial advantage under 17 U.S.C. § 506(a)(1)(A), *i.e.*, criminal copyright

12 infringement under 18 U.S.C. § 2319 which is a predicate racketeering activity under 18 U.S.C. §

13 1961(1), by utilizing a website and information sheet with content which are substantially copies of

14 the Company's website ("Shaw's Website") and product information sheet ("Information Sheet").

15 The willfulness of Garcia's copyright infringement is evidenced by (i) Garcia's efforts to suppress

16 Internet Archive records of the history of the Company's Website prior to the Hijacking Date when

17 Shaw was identified the inventor of the Product and the founder of the Company, and (ii) the

18 Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights ("Copyright

19 Declaration") which documents Shaw's genesis and ownership of all the images on Shaw's Website

20 and the Information Sheet and provides sworn declaration of Shaw's authorship and ownership of all

21 text on Shaw's Website and the Information Sheet.

22      14.    Day-to-day operations of the Counterfeit Organization furthermore involve commerce

23 in the execution of a scheme to defraud under 18 U.S.C. § 2314, second paragraph, a predicate

24 racketeering activity under 18 U.S.C. § 1961(1), in selling Counterfeit Product in interstate or

25 foreign commerce having a value of over $5000.

26      15.    Day-to-day operations of the Counterfeit Organization furthermore involve

27 laundering of monetary instruments under 18 U.S.C. § 1956, a predicate racketeering activity under

28 18 U.S.C. § 1961(1), in transferring revenues from sales of Counterfeit Product within the United

States to the Counterfeit Organization's production facility in Guatemala with the intent to promote the carrying on of specified unlawful activities.

16.     Garcia in conspiracy with Rosibel Garcia have transported to the United States from Guatemala misappropriated Product and Counterfeit Product constructed from misappropriated raw materials having a value of greater than $5000), hence constituting transport of stolen goods in interstate or foreign commerce under 18 U.S.C. § 2315, a predicate racketeering act under 18 U.S.C. § 1961(1).

17.     Garcia has engaged in an extensive and wide-ranging campaign of unlawful activities to sabotage operations of the Company, sabotage the operations of Shaw's patent agent services and Astrojax® businesses (Shaw's "Outside Businesses"), and extend the Counterfeit Organization's operations, including:

(i) conversion of the domain name, email account and Shopify account of Shaw's Astrojax® business,

(ii) conversion of the domain name and email account of Shaw's patent agent services business,

(iii) unlawfully accessing and misappropriating domain names utilized by the Company,

(iv) unlawfully accessing Shaw's YouTube account and deleting videos, including a video featured on the homepage of Shaw's Website, and

(v) Unlawfully accessing stored communications under 18 U.S.C. § 2701 by:

(a) surveilling Shaw's lshaw@integralpatent.com email account and utilizing, in conspiracy with Rosibel Garcia, a communication from Shaw to his bank in an attempt to intimidate an employee of the Company, and

(b) surveilling Shaw's larry@astrojax.com email account and utilizing information in those communications to misappropriate a payment from a distributor as per subparagraph (iii);

(vi) Filing a fraudulent Digital Millenium Copyright Act (DMCA) Takedown Notice under 17 U.S.C. § 512(f);

(vii) Engaging in mail fraud, a predicate racketeering activity under 18 U.S.C. § 1961(1), in utilizing Shaw's personal information in attempts to open a Selling On Amazon account utilizing the US Postal Service; and

1    (viii)  Engaging in wire fraud, a predicate racketeering activity under 18 U.S.C. § 1961(1), in

2    utilizing Shaw's personal information in attempts to open a Selling On Amazon account using

3    electronic communications from Guatemala to the United States.

Background of Shaw's Patent Agency

5    18.    Shaw is a federally registered patent agent (Reg. No. 34,723) and is the sole and

6    rightful owner of the domain name integralpatent.com and the email

7    address lshaw@integralpatent.com, and its alias integralpatent@gmail.com, and has utilized those

8    electronic assets for his patent agent services since around 1994.  (Complaint Decl. ¶ 6).

9    19.    The information contained in the three decades of business communications at

10   lshaw@integralpatent.com, and its alias integralpatent@gmail.com, is confidential and proprietary

11   and a resource of considerable value.  (Complaint Decl. ¶ 6).

Background of Astrojax

13   20.    Shaw is the inventor of an orbiting ball toy described in US Patent Nos. RE34208,

14   6629873, 6896578, 9004978, 9987539, and 10322327.  The toy, which consists of three balls on a

15   string with the center ball slidable, is taglined "The Future of the Yo-Yo" and has been sold under

16   the trademark ASTROJAX since 1994.  Astrojax is an award-winning toy which NASA has even

17   taken into outer space as part of its "Toys in Space" program.  Shaw began manufacturing an

18   environmentally-friendly, fair trade version of the toy in Panajachel, Guatemala in 2017.  (Complaint

19   Decl. ¶ 7).

20   21.    Shaw is the holder of US Trademark No. 2030112, registration date January 14, 1997,

21   for ASTROJAX in International Class 028 for toys, namely, hand-powered swinging ball toys.

22   22.    Shaw is the sole and rightful owner of the domain name astrojax.com and the email

23   address larry@astrojax.com and has utilized those electronic assets for his Astrojax business since

24   1997.  Shaw is also the sole and rightful owner of a Shopify account for the sales and marketing of

25   Astrojax®.  (Complaint Decl. ¶ 7).

Background of the Knightsbridge Dual Band Chin Strap

27   23.    Shaw is the inventor of an anti-snoring chin strap providing vertical lift and non-

28   linear force as described in World Intellectual Property Organization (WIPO) publication no. WO

7
COMPLAINT

2021/007181 A1 for "Anti-snoring chin strap providing vertical lift and non-linear force," priority date July 5, 2019 (the "Product"). It should be noted that although referred to as an "anti-snoring chin strap," the Product is also useful in reducing or preventing mouth leaks for patients who use continuous positive airway pressure (CPAP) devices for the treatment of sleep apnea. (Complaint Decl. ¶ 8).

24.     Shaw has been doing business as Knightsbridge Sleep Apnea Solutions and then as Knightsbridge Sleep Solutions since July 1, 2019, and has manufactured and marketed the Product as the "Knightsbridge Dual Band" anti-snoring chin strap since its introduction in September 2019. (Complaint Decl. ¶ 9).

25.     There is considerable goodwill and market potential associated with the Product, the Company, and the Company's trademarks. The Product:

(i) has won a Medical Design Excellence Award,

(ii) is recommended by the Head of Surgery at the Royal National ENT Hospital of London, Dr. Vik Veers,

(iii) is utilized at the University of California Los Angeles Sleep Clinic,

(iv) is recommended by TheLankyLefty27, a sleep clinic technician who is a sleep apnea YouTuber with over 76,000 followers,

(v) was – until the matter which is the subject of this litigation arose – the only chin strap listed on the Recommended Suppliers List of apneaboard.com, arguably the premier sleep apnea online forum, and

(vi) is described as the most effective and comfortable anti-snoring chin strap on the market by prominent retail outlets such as CPAP.com, Affinity Medical, cpapman.com, respshop.com, corinium-medical.com, and cpapoutlet.com. (Complaint Decl. ¶ 10).

26.     Shaw is the holder of US Trademark No. 6120858 for DUAL BAND in International Class 010 for goods/services for medical devices for treating sleep disorders, filing date September 9, 2019, registration date August 4, 2020.

27.     Shaw is the sole and rightful owner of the domain name dualbandchinstrap.com and the associated Gmail account. (Complaint Decl. ¶ 11).

28.     Shaw is also the applicant of US Trademark Application No. 98215921 for KNIGHTSBRIDGE in International Class 010 for goods/services for medical devices for treating sleep disorders, first use date September 1, 2019.  The application has been examined based on a Petition to Make Special with a description and associated evidence regarding the present matter provided as Exhibit COM-4 and was published on July 9, 2024.  (Complaint Decl. ¶ 12).

29.     Enumeration of Shaw's copyrights ("Shaw's Copyrights") is provided in Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights ("Copyright Declaration").  The Copyright Declaration provides evidence that each image on Shaw's Website, the product information sheet ("Information Sheet"), and a rack packaging card ("Packaging Card') is either:

(i) a photograph of a San Francisco Bay Area friend of Shaw donning the Product as per specifications by Shaw, or

(ii) a Fiverr work-for-hire commissioned by Shaw,

(iii) a photograph taken by Shaw,

(iv) a graphic created by Shaw using Adobe Illustrator, and/or

(v) a photograph of the Product on a grey male mannequin selected by Shaw which was taken by Shaw, or by Garcia or another employee in the scope of their employment as a work made for hire under 17 U.S.C. § 101 at an orientation specified by Shaw.  Shaw's Copyright Declaration also provides sworn declaration that Shaw is the author and owner of all text on Shaw's Website, Information Sheet, and Packaging Card.  (Copyright Declaration).

30.     The Federal Trade Commission registration number ("FTC RN") for the Company is RN159966.  Each Knightsbridge Dual Band chin strap and its packaging has borne the FTC RN of the Company since its inception in 2019.  (Complaint Decl. ¶ 13).

31.     Shaw is the sole and rightful owner of the Shopify account utilized for the Company since its initiation, and the domain name dualbandchinstrap.com and its associated Gmail business account.  The information contained in the Gmail business account, including business communications utilizing larry@dualbandchinstrap.com, contain valuable accounting and operational records, including information of relevance to this lawsuit. (Complaint Decl. ¶ 14).

Events Preceding the Hijacking of the Company

1    32.    Shaw traveled to the Company's production facility in Panajachel, Guatemala on July

2  14, 2023 for the purpose of reviewing the accounting, interviewing candidates for an English-

3  speaking sales position, and product development.  While investigating the Company's accounting

4  records, Shaw found accounting irregularities. (Complaint Decl. ¶ 15).

5    33.    On September 27, 2023, Shaw returned to the United States for diagnosis and

6  treatment of swellings of neck lymph nodes without having completed the review of the accounting

7  or the product development. (Complaint Decl. ¶ 15).

8          The Hijacking of Electronic and Physical Assets of the Company

9    34.    On October 3, 2023, in response to a reprimand by Shaw regarding insubordination,

10  Garcia stated that he would seize electronic assets and Guatemala-located physical assets of the

11  Company. (Complaint Decl. ¶ 16).

12    35.    On October 3, 2023, Garcia further stated that he would fire the Company's

13  accountant if she spoke to Shaw about the accounting.  Full accounting information has not been

14  released to Shaw to date. (Complaint Decl. ¶ 17).

15    36.    On or around October 6, 2023 (the "Hijacking Date"), Garcia downgraded Shaw's

16  access level to the Company's Shopify account and blocked Shaw's access to his

17  larry@dualbandchinstrap.com email account, and shortly thereafter began diverting the Company's

18  Shopify revenues. (Complaint Decl. ¶ 18).

19    37.    On October 14, 2023, Garcia notified Shaw that he had fully blocked Shaw's access

20  to the Shopify account. (Complaint Decl. ¶ 18).

21    38.    On October 14, 2023, Shaw informed Rosibel Garcia of the events described in

22  Paragraphs 34 through 36 and offered Rosibel Garcia the opportunity to continue working for the

23  Company, which she declined. (Complaint Decl. ¶ 19).

24    39.    On or around November 14, 2023, Shaw opened a new Shopify account for the

25  hosting of Shaw's Website. Shaw's Website relaunched on or around January 19, 2024 utilizing the

26  domain name knightsbridgedualband.com. (Complaint Decl. ¶ 20).

27              Operations of the Counterfeit Organization

28    40.    Production equipment, office equipment, furnishings, and raw materials at the

production facility misappropriated by Garcia on the Hijacking Date had a value of roughly $13,700. Inventory of the Product at the production facility misappropriated by Garcia on the Hijacking Date had a retail value of roughly $62,800, and a wholesale value of roughly half that amount.  Garcia furthermore remains in possession of the Company's physical business records.  (Complaint Decl. ¶ 21).

41.     On information and belief, since the Hijacking Date, Garcia and Rosibel Garcia have participated in a counterfeiting organization (the "Counterfeit Organization") utilizing misappropriated equipment, misappropriated furnishings, and misappropriated raw materials or subsequently purchased raw materials to manufacture Shaw's anti-snoring chin strap invention utilizing Shaw's intellectual properties and the Company's designations of origin, as described below, without Shaw's authorization to produce a counterfeit version of the Product ("Counterfeit Product").  (Complaint Decl. ¶ 22).

42.     Since the Hijacking Date the Counterfeit Organization has utilized the misappropriated Shopify Account ("Hijacked Shopify Account"), and the unlawfully-seized dualbandchinstrap.com domain name and its associated Gmail business account.  (Complaint Decl. ¶ 23).

43.     On information and belief, Garcia oversees the Counterfeit Organization (*i.e.*, Garcia personally participates in and has the right and ability to supervise, direct and control the Counterfeit Organization's wrongful conduct as alleged in this Complaint) and has derived direct financial benefit from that wrongful conduct.  On information and belief, Garcia generally handles the Counterfeit Organization's online activities.  (Complaint Decl. ¶ 24).

44.     On information and belief, Rosibel Garcia is second in command of the Counterfeit Organization and functions as the production floor supervisor, overseeing manufacturing, packaging, and shipments from Guatemala to the United States and knowingly participates in the Counterfeit Organization's wrongful conduct in conspiracy with Garcia.  On information and belief, Rosibel Garcia is compensated for her role in and benefits financially from the Counterfeit Organization's activities.  (Complaint Decl. ¶ 25).

45.     On December 22, 2023, Garcia formed a New Mexico limited liability corporation

under the name "Knightsbridge Sleep Solutions LLC," *i.e.*, Shaw's business name with an "LLC" appended. (Complaint Decl. ¶ 4).

.       46.     On information and belief, the Counterfeit LLC functions as the primary legal entity through which the Counterfeit Organization engages in its unlawful activities in U.S. commerce, including but not limited to entering into contracts such as with Shopify, credit card companies, and financial institutions, and transferring revenues to Guatemala from sales of Counterfeit Product within the United States to promote the carrying on of production of Counterfeit Product. (Complaint Decl. ¶ 26).

47.     Exhibits COM-10, COM-11, COM-12, and COM-13 provide Internet Archive Wayback Machine captures of the Homepage, Further Information page, Usage Tips page, and Warranty page of the Counterfeit Organization's website (the "Counterfeit Website") posted at the hijacked domain name dualbandchinstrap.com subsequent to the Hijacking Date. (Complaint Decl. ¶ 27).

48.     As is readily apparent by comparison of Exhibit COM-10 with Exhibit GEN-1 of the Copyright Declaration, Exhibit COM-11 with Exhibit GEN-2 of the Copyright Declaration, Exhibit COM-12 with Exhibit GEN-3 of the Copyright Declaration, and Exhibit COM-13 with Exhibit GEN-4 of the Copyright Declaration – and as detailed more explicitly in Complaint Decl. at ¶ 28 -- the Counterfeit Website is nearly identical to Shaw's Website.  Hence, the Counterfeit Organization engages in

(i) extensive infringement of Shaw's Copyrights,

(ii) false designations of origin in utilizing the business name of Shaw's Company "Knightsbridge Sleep Solutions" (*e.g.*, see Exhibit 10.1),

(iii) infringement of Shaw's trademark KNIGHTSBRIDGE (*e.g.*, see Exhibit 10.1), and

(iv) infringement of Shaw's trademark DUAL BAND (*e.g.*, see Exhibit 10.1).

49.     Although the Counterfeit Website is substantially identical to Shaw's Website, the Counterfeit Website differs from Shaw's Website in that content which identifies Shaw as the inventor of the Product and the founder of the Company has been removed. (Complaint Decl. ¶¶ 28, 29).

50. On information and belief, the Counterfeit Organization began using Shopify Fulfillment to warehouse and deliver misappropriated Product and/or Counterfeit Product (collectively to be referred to as "Contraband Product") to customers in the United States in or around December 2023. (Complaint Decl. ¶ 30).

51. Contraband Product delivered to customers by United States Postal Service and commercial interstate carriers has born the Company's FTC RN number and Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND. (Complaint Decl. ¶ 31).

52. Contraband Product delivered to customers by United States Postal Service and commercial interstate carriers has been packaged with an information sheet (the "Counterfeit Information Sheet") which is essentially a copy of the Information Sheet, hence utilizing Shaw's Copyrights as enumerated in the Copyright Declaration, the trademarks KNIGHTSBRIDGE and DUAL BAND, and Shaw's business name without authorization. (Complaint Decl. ¶ 31).

53. The Counterfeit Organization has sent emails to customers utilizing the business name "Knightsbridge Sleep Solutions" and the trademark DUAL BAND. (Complaint Decl. ¶ 32).

54. The Counterfeit Organization has made claims about the effectiveness of the Product as a treatment for sleep apnea without, on information and belief, supporting clinical studies. This unsubstantiated claim likely violates 15 U.S.C. § 45 which prohibits "unfair or deceptive acts or practices in or affecting commerce," and 21 U.S.C. § 352(a)(1) which prohibits "labeling [which] is false or misleading in any particular" for medical devices. (Complaint Decl. ¶ 33)

55. On information and belief, the Counterfeit Organization has made changes to the design of Counterfeit Product which adversely affects its functionality, compromising its effectiveness for users and tarnishing the reputation of the Product and the Company. (Complaint Decl. ¶ 34)

56. On information and belief, the Counterfeit Organization has transported Counterfeit Product from Guatemala to the United States for commerce in the United States of over $5000 in violation of 18 U.S.C. § 2314, second paragraph. (Complaint Decl. ¶ 35)

57. On information and belief, the Counterfeit Organization has sold misappropriated Product (see Paragraph 40) via Shopify Fulfillment having a value of over $5000 in violation of 18

1 | U.S.C. § 2314, first paragraph.  (Complaint Decl. ¶ 36)

2 | <u>Sabotage of the Company</u>

3 | 58.     On October 18, 2023, Shaw sent an email to his bank with instructions for a wire

4 | transfer to Michell Cotzal ("Cotzal"), the Company's internal accountant.  On October 19,

5 | 2023, Rosibel Garcia sent a text to Cotzal with an image of Shaw's email, which had been

6 | unlawfully surveilled, with the words "No se haga" (translation "Don't do it") superimposed at the

7 | bottom.  On information and belief, this was an attempt to intimidate Cotzal from continuing her

8 | employment with the Company by demonstrating that illegal measures were being utilized by the

9 | Counterfeit Organization.  (Complaint Decl. ¶ 37)

10 | 59.     On November 5, 2023, Garcia informed Shaw that Garcia had unlawfully accessed

11 | and misappropriated the domain name knightbridgesleep.com, a domain name which Shaw had

12 | recently purchased to use as a substitute for the hijacked domain name dualbandchinstrap.com.

13 | (Complaint Decl. ¶ 38).

14 | 60.     On information and belief, on or around February 5, 2024 Garcia unlawfully accessed

15 | Shaw's YouTube channel and deleted videos, including the video "Physicist Invents the Ultimate

16 | Anti-Snoring Chin Strap" which had been featured on the homepage of Shaw's Website since 2020

17 | of Shaw introducing and demonstrating the Product. (Complaint Decl. ¶ 39)

18 | 61.     On January 26, 2024, Garcia filed a fraudulent Digital Millenium Copyright Act

19 | (DMCA) takedown notice with Shopify against Shaw's Website utilizing as "evidence"

20 | corresponding pages of the Counterfeit Website, *i.e.*, based on content utilized without Shaw's

21 | authorization, thereby making a misrepresentation under 17 U.S.C. § 512(f).  The fraudulent DMCA

22 | Takedown Notice -- for reasons that are at present not understood due to Shopify's lack of

23 | transparency -- has resulted in a takedown of substantial portions of Shaw's Website, which

24 | continues to date and has had having considerable financial and reputational damage to Shaw and

25 | the Company. (Complaint Decl. ¶ 40)

26 | <u>Sabotage of Shaw's Outside Businesses</u>

27 | 62.     On November 5, 2023, Garcia notified Shaw that he had misappropriated Shaw's

28 | email account lshaw@integralpatent.com (alias integralpatent@gmail.com), a core operational asset

of Shaw's patent agent services business. On information and belief, Garcia also misappropriated Shaw's domain name integralpatent.com on November 5, 2023. (Complaint Decl. ¶ 42)

63.     On November 5, 2023, Garcia notified Shaw that he was unlawfully surveilling Shaw's Astrojax Shopify account and was aware Shaw was processing payments for orders of the Product through that account, and also that Shaw's astrojax.com domain name was "compromised." (Complaint Decl. ¶ 43)

64.     On November 5, 2023, Garcia misappropriated Shaw's domain name astrojax.com, Astrojax Shopify account, and email account larry@astrojax.com. (Complaint Decl. ¶ 43)

65.     On information and belief, sometime after November 5, 2023 Garcia misappropriated a $1060 payment from CPAP Store USA that was being processed through Shaw's Astrojax Shopify account. (Complaint Decl. ¶ 43)

<u>Additional Mail Fraud, Wire Fraud and Unlawful Access</u>

66.     On at least two occasions in the initial half of 2024, Garcia attempted to obtain a Selling On Amazon account utilizing Shaw's address without Shaw's authorization. Each time the process involved a mailing through the United States Postal Service and, on information and belief, internet or telephone communications from Guatemala to the United States. (Complaint Decl. ¶ 44)

67.     On May 30, 2023, Shaw was informed (via a friend of a friend of Garcia) that Garcia had again succeeded in obtaining unauthorized access to Shaw's emails and computer. Shortly thereafter Shaw noticed that logins to his email accounts had indeed been made from Guatemala. (Complaint Decl. ¶ 45)

<u>Suppression of Public Notice and Historical Record</u>

68.     On January 5, 2024, Garcia contacted the Internet Archive Wayback Machine (archive.org) to request removal of captures of dualbandchinstrap.com prior to January 1, 2024. On information and belief, this was an attempt by Garcia to suppress publicly-available record of Shaw's role as inventor of the Product and founder of the Company since, as noted in paragraph 49 above, the Counterfeit Website posted at dualbandchinstrap.com is substantially identical to Shaw's Website (i.e., the content previously posted at dualbandchinstrap.com) except that content which identifies Shaw as the inventor of the Product and the founder of the Company has been removed.

1  (Complaint Decl. ¶ 46).

2      69.    Garcia has suppressed public notice on Apneaboard.com and Reddit by contacting

3  moderators and threatening or intimating the threat of legal action to have posts regarding this matter

4  removed. (Complaint Decl. ¶ 47).

5

6

7                                        **CLAIMS**

8

9                                        **Claim 1**

10                 **False Designations of Origin under 15 U.S.C. § 1125(a)**

11      **Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

12      1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein

13  the allegations of Paragraphs 24, 25, 28, 43, 45, 46, 48, 51, 52, 53, 68 and 69 of the Complaint.

14      2. As described in Paragraph 24, Shaw has continuously used the business name

15  "Knightsbridge Sleep Solutions" (or alternatively "Knightsbridge Sleep Apnea Solutions") and the

16  mark KNIGHTSBRIDGE and in commerce in connection with the Product since September 1, 2019,

17  and has acquired common law rights in the KNIGHTSBRIDGE mark and the "Knightsbridge Sleep

18  Solutions" business name.

19      3. As per Paragraph 28, Shaw's trademark application no. 98215921 for KNIGHTSBRIDGE

20  in International Class 010 has been examined and was published for opposition on July 9, 2024.

21      4. As described in Paragraph 25, the Company, the Product, and its trademarks have an

22  outstanding reputation and considerable goodwill.

23      5. As described in Paragraph 30, the Product and its packaging has been marked with the

24  Federal Trade Commission (FTC) registration number RN159966 since the inception of the

25  Company.

26      6. The actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit

27  Organization operating in the United States via the New Mexico limited liability corporation

28  Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and

46, in operations of the Counterfeit Website constitute unauthorized use of the "Knightsbridge Sleep Solutions" business name and the trademark KNIGHTSBRIDGE, as described in Paragraph 48, subparagraphs (ii) and (iii), which are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association" with Shaw's Company and the Product, and hence constitute false designations of origin in violation of 15 U.S.C. § 1125(a).

7. The actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States via the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and 46, in sending marketing emails, as described in Paragraph 53, constitute unauthorized use of the "Knightsbridge Sleep Solutions" business name, as described in Paragraph 48, subparagraph (ii), which are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association" with Shaw's Company, and hence constitute false designations of origin in violation of 15 U.S.C. § 1125(a).

8. The actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States via the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and 46, in sales and delivery to customers of Counterfeit Product marked with the trademark KNIGHTSBRIDGE and the Company's FTC RN number RN159966, as described in paragraph 51, and packaged with a Counterfeit Information Sheet which utilizes the trademark KNIGHTSBRIDGE and the business name "Knightsbridge Sleep Solutions", as described in Paragraph 52, are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association" with Shaw's Company and the Product, and hence constitute false designations of origin in violation of 15 U.S.C. § 1125(a).

9. As described in Paragraphs 68 and 69, Garcia has attempted to suppress public notice and publicly-available records and prolong customer confusion regarding the Counterfeit Organization's false designations of origin, resulting in continuing exacerbation of the irreparable harm to the goodwill and reputation of Shaw, the Product, the Company, and Shaw's trademark KNIGHTSBRIDGE for which there is no adequate remedy at law.

**Claim 2**

**Infringement of Registered Trademark DUAL BAND under 15 U.S.C. § 1114(1)(a)**

**Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 25, 43, 45, 46, 48, 52, 53, 68 and 69 of the Complaint.

2. Shaw is the owner of the US Trademark No. 6120858 for DUAL BAND, registration date August 4, 2020, in International Class 010 for goods/services for medical devices for treating sleep disorders.

3. As described in Paragraph 25, the Product and its trademarks have an outstanding reputation and considerable goodwill.

4. The actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States via the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and 46, in

(a) operations of the Counterfeit Website, as described in Paragraph 48, subparagraph (iv),

(b) sending marketing emails as described in Paragraph 53, and

(c) delivering Counterfeit Product to customers marked with the trademark DUAL BAND and packaged with the Counterfeit Information Sheet utilizing the trademark DUAL BAND, as described in Paragraph 52,

constitute infringement of Shaw's trademark for DUAL BAND under 15 U.S.C. Sec. § 1114(1)(a) by "use in commerce … of [the] registered mark in connection with sale, offering for sale, distribution, or advertising," including in the form of use of the domain name dualbandchinstrap.com and the associated Gmail business account "without the consent" of Shaw and with intent to "cause confusion, or to cause mistake, or to deceive."

5. As described in Paragraphs 68 and 69, Garcia has attempted to suppress public awareness and prolong customer confusion regarding the Counterfeit Organization's unauthorized use of Shaw's trademark DUAL BAND, resulting in continuing exacerbation of the irreparable harm to the

1   goodwill and reputation of Shaw, the Product, the Company, and the trademark DUAL BAND for

2   which there is no adequate remedy at law.

3

4                                        **Claim 3**

5              **Infringement of Copyrights under 17 U.S.C. §§ 106, 501 and 504(c)(2)**

6              **Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

7          1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein

8   the allegations of Paragraphs 43, 45, 46, 48, 52, 53, 68 and 69 of the Complaint, and Declaration of

9   Shaw Regarding Genesis and Ownership of Shaw's Copyrights.

10         2. Shaw is the owner of the Shaw's Copyrights detailed in Declaration of Shaw Regarding

11  Genesis and Ownership of Shaw's Copyrights, and thus has "exclusive rights to … reproduce the

12  copyrighted work" under 17 U.S.C. §§ 106.

13         3. The actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit

14  Organization operating in the United States via the New Mexico limited liability corporation

15  Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and

16  46, in

17   (a) operations of the Counterfeit Website, as described in Paragraph 48, subparagraph (i),

18   (b) delivering Counterfeit Product to customers packaged with the Counterfeit Information Sheet,

19  as described in Paragraph 52,

20  "violate[] … the exclusive rights of the copyright owner," Shaw, under 17 U.S.C. § 501(a) in having

21  copied, reproduced, and displayed Shaw's Copyrights to advertise, promote and sell Counterfeit

22  Product, thereby infringing Shaw's exclusive rights in violation of 17 U.S.C. § 106 and constituting

23  copyright infringement under 17 U.S.C. § 501(a).

24         4. Garcia's infringement of Shaw's Copyrights is willful under 17 U.S.C. § 504(c)(2) as

25  evidenced by Garcia's efforts to suppress publicly-available records of Shaw's role in the history of

26  the Product and the Company as described in Paragraph 68, Garcia's efforts to suppress public

27  notice regarding this matter as described in Paragraph 69, and the Declaration of Shaw Regarding

28  Genesis and Ownership of Shaw's Copyrights which documents that Garcia played no role in the

1  genesis of the Shaw's Copyrights beyond a few routine tasks in the scope of his employment.

2

3                                     **Claim 4**

4            **Unlawful Access to Stored Communications under 18 U.S.C. § 2701**

5       **Against Edwin Dario Manzano Garcia and Veronica Rosibel Manzano Garcia**

6          1. Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the

7   allegations of Paragraphs 7, 18, 22, 27, 31, 36, 37, 58, 59, 62 and 64 of the Complaint.

8
9          2. Google Gmail, the provider of service of Shaw's larry@dualbandchinstrap.com (as per

10  Paragraph 27),  lshaw@integralpatent.com, a/k/a integralpatent@gmail.com (as per Paragraph 18),

11  and larry@astrojax.com email accounts (as per Paragraph 22), is an "electronic communication

12  service" under 18 U.S.C. § 2510(15).

13         3. Shopify, which is the provider of online sales accounts for Shaw's Astrojax® and

14  Knightsbridge Sleep Solutions businesses as per Paragraphs 22 and 31, has an email functionality

15  and so is an "electronic communication service" under 18 U.S.C. § 2510(15).

16
17         4. As described in Paragraph 36, Garcia "intentionally exceed[ed] an authorization to access

18  [the] facility" of Shaw's larry@dualbandchinstrap.com Gmail account as described in Paragraph 7 to

19  "prevent[ Shaw's] authorized access to … electronic communication[s] while … in electronic

20  storage in such system" under 18 U.S.C. § 2701(a)(2) "for the purpose[] of … furtherance of [the]

21  criminal or tortious act[s]" of forming the Counterfeit Organization in violation of 18 U.S.C. §

22  2701(b)(1).

23
24         5. As described in Paragraph 37, Garcia "intentionally exceed[ed] an authorization to access

25  [the] facility" of the Company's Shopify account as described in Paragraph 7 to "prevent[ Shaw's]

26  authorized access to … electronic communication[s] while … in electronic storage in such system"

27  under 18 U.S.C. § 2701(a)(2) "for the purpose[] of … furtherance of [the] criminal or tortious act[s]"

28  of forming the Counterfeit Organization in violation of 18 U.S.C. § 2701(b)(1).

6.  As described in Paragraph 58, Edwin Dario Manzano Garcia ("Garcia") "intentionally access[ed] without authorization [the] facility" of Google Gmail to obtain an lshaw@integralpatent.com communication from Shaw to his bank "while it [was] in electronic storage in such system" under 18 U.S.C. § 2701(a)(1), and in conspiracy with Veronica Rosibel Manzano Garcia ("Rosibel Garcia") utilized the unlawfully-obtained communication "for the purpose[] of ... furtherance of [the] criminal or tortious act" under 18 U.S.C. § 2701(b)(1) of attempting to intimidate an employee of the Company from continuing her employment with the Company so as to reduce competition with the Counterfeit Organizations operations.

7.  As described in Paragraph 62, Garcia "intentionally access[ed] without authorization [the] facility" of Shaw's integralpatent@gmail.com account to "prevent[ Shaw's] authorized access to ... electronic communications while ... in electronic storage" under 18 U.S.C. § 2701(a)(1) for the "purpose[] of furtherance of any criminal or tortious act" of financially harming Shaw to impair his ability to seek redress against the counterfeiting operations of Counterfeit Organization and/or "malicious destruction or damage" in violation of 18 U.S.C. § 2701(b)(1).

8.  As described in Paragraph 64, Garcia "intentionally access[ed] without authorization [the] facility" of Shaw's larry@astrojax.com account to "prevent[ Shaw's] authorized access to ... electronic communications while ... in electronic storage" under 18 U.S.C. § 2701(a)(1) for the "purpose[] of furtherance of any criminal or tortious act" of financially harming Shaw to impair his ability to seek redress against the counterfeiting operations of counterfeiting operations of Counterfeit Organization and/or "malicious destruction or damage" in violation of 18 U.S.C. § 2701(b)(1).

9.  As described in Paragraph 64, Garcia "intentionally access[ed] without authorization [the] facility" of Shaw's Astrojax® Shopify account to "prevent[ Shaw's] authorized access to ... electronic communications while ... in electronic storage" under 18 U.S.C. § 2701(a)(1) for the "purpose[] of furtherance of any criminal or tortious act" of financially harming Shaw to impair his

ability to seek redress against the counterfeiting operations of Counterfeit Organization and/or "malicious destruction or damage" in violation of 18 U.S.C. § 2701(b)(1).

10.  As described in Paragraph 59, Garcia "intentionally access[ed] without authorization [the] facility" of Shaw's Gmail account for knightsbridgesleep.com to "prevent[ Shaw's] authorized access to ... electronic communications while ... in electronic storage" under 18 U.S.C. § 2701(a)(1) for the purpose of "malicious destruction or damage" and/or "furtherance of any criminal or tortious act" of impairing the Company as a competitor to Counterfeit Organization in violation of 18 U.S.C. § 2701(b)(1).

**Claim 5**

**Knowing Misrepresentation in a Digital Millennium Copyright Act (DMCA)**

**Takedown Notice under 17 U.S.C. § 512(f)**

**Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

1.  Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 43, 45, 46, 61, 68 and 69 of the Complaint, and the Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights.

2.  As detailed in the Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights, Shaw is the creator and copyright owner of the text and images on the Shaw's Website.

3.  As described in Paragraph 61, Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraphs 43, 45 and 46, filed a fraudulent DMCA Takedown Notice against Shaw's Website with Shopify citing as "evidence" content owned by Shaw and posted on the Counterfeit Website without Shaw's authorization.

4.  Garcia's knowledge of the fraudulent nature of the Takedown Notice is evidenced by

Garcia's effort to suppress public notice of this matter and publicly-available records of the history of the Product and the Company as described in Paragraphs 68 and 69, and the Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights which documents that Garcia played no role in the genesis of the Shaw's Copyrights beyond normal tasks in the scope of his employment.

In addition to the federal claims stated above, Shaw also brings the following claims under California state law:

## Claim 6

### Conversion of Funds and Electronic Assets of the Company

### Against Edwin Dario Manzano Garcia

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 7, 23, 24, 27, 31, 36, 37, 42, 59 and 65 of the Complaint.

2. As described in Paragraphs 23, 24, 27, and 31, Shaw is creator of the Product and the founder and owner of the Company and sole and rightful owner of the Hijacked Shopify Account, the domain name dualbandchinstrap.com, and the dualbandchinstrap.com Gmail business account,.

3. The misappropriation by Edwin Dario Manzano Garcia ("Garcia") of the Company's Shopify account, the domain name dualbandchinstrap.com, and the dualbandchinstrap.com Gmail account, as described in Paragraphs 36, 37, and 42, which were entrusted to Garcia in his capacity as internet assets administrator of Shaw's Company, as described in Paragraph 7, constitute conversion under California common law in that Garcia wrongfully interfered with or deprived Shaw of his right to personal property, and constitute a trespass to chattels, being that Garcia intentionally interfered with Shaw's lawful possession of the property by depriving Shaw of possession thereof.

4. Garcia's misappropriation of $1060 from Shaw's Astrojax® Shopify account (which was a payment from a distributor of the Product deposited in Shaw's Astrojax® Shopify account during

the period before the new Shopify account for the Company was launched), as described in Paragraph 65, constitutes conversion under California common law.

5. Garcia's misappropriation of Shaw's domain name knightsbridgesleep.com and the associated Gmail account, as described in Paragraph 59, constitutes (i) conversion under California common law being that Garcia wrongfully interfered with or deprived Shaw of his right to funds and personal property, and (ii) a trespass to chattels being that Garcia intentionally interfered with Shaw's lawful possession of the personal property by depriving Shaw of possession thereof.

### Claim 7

### Conversion of Electronic Assets of Shaw's Outside Businesses

### Against Edwin Dario Manzano Garcia

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 18, 22, 59, 62 and 64 of the Complaint.

2. Shaw is the rightful owner of the domain names integralpatent.com and astrojax.com, the Gmail accounts lshaw@integralpatent.com and larry@astrojax.com, and a Shopify account for Astrojax®, as detailed in Paragraphs 18, 22, and 59.

3. As described in Paragraph 62, Edwin Dario Manzano Garcia ("Garcia") misappropriated Shaw's domain name integralpatent.com and the associated Gmail accounts lshaw@integralpatent.com and its alias integralpatent@gmail.com.

4. Garcia's misappropriation of Shaw's constitute (i) conversion under California common law being that Garcia wrongfully interfered with or deprived Shaw of his right to funds and personal property, and (ii) a trespass to chattels being that Garcia intentionally interfered with Shaw's lawful possession of the personal property by depriving Shaw of possession thereof.

5. As described in Paragraphs 64, Edwin Dario Manzano Garcia ("Garcia") misappropriated Shaw's domain name astrojax.com, Shaw's Gmail account larry@astrojax.com, and Shaw's Shopify

24

account for Astrojax®.

4. Garcia's misappropriation of Shaw's domain name astrojax.com, Shaw's Gmail account larry@astrojax.com, and Shaw's Shopify account for Astrojax® constitute (i) conversion under California common law being that Garcia wrongfully interfered with or deprived Shaw of his right to funds and personal property, and (ii) a trespass to chattels being that Garcia intentionally interfered with Shaw's lawful possession of the personal property by depriving Shaw of possession thereof.

### Claim 8

### Interference with Prospective Economic Advantage of

### the Company and Shaw's Outside Businesses

### Against Edwin Dario Manzano Garcia and Veronica Rosibel Manzano Garcia

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 58 through 62 and 64 of the Complaint.

2. As described in Paragraph 62, Edwin Dario Manzano Garcia ("Garcia") misappropriated Shaw's lshaw@integralpatent.com (a/k/a integralpatent@gmail.com) Gmail account and domain name integralpatent.com, thereby intentionally interfering in prospective business advantage of Shaw's patent agent services business.

3. As described in Paragraph 64, Garcia misappropriated Shaw's larry@astrojax.com Gmail account, domain name astrojax.com, and Shopify account for Astrojax®, thereby intentionally interfering in prospective business advantage of Shaw's Astrojax business.

4. As described in Paragraph 58, Garcia in conspiracy with Veronica Rosibel Manzano Garcia utilized an unlawfully-obtained communication from Shaw to his bank in an attempt to intimidate an employee of the Company from continuing employment with the Company in an attempt to impair the operations of the Company and hence interfere with prospective economic advantage of the Company.

5. As described in Paragraph 59, Garcia misappropriated Shaw's domain name

25

COMPLAINT

knightsbridgesleep.com and associated Gmail account, thereby interfering with prospective economic advantage of the Company.

6. As described in Paragraph 60, Garcia unlawfully accessed Shaw's YouTube account and deleted the informational video featured on the homepage of the Shaw's Website, thereby interfering with prospective economic advantage of the Company.

7. As described in Paragraph 61, Garcia filed a fraudulent Digital Millenium Copyright Act (DMCA) Takedown Notice under 17 U.S.C. § 512(f) resulting in a takedown of substantial portions of the Company's website which continues to date, thereby interfering with prospective economic advantage of the Company.

## Claim 9 (RICO)

### Racketeering under 18 U.S.C. §§ 1961, 1962 and 1964

### Against Edwin Dario Manzano Garcia, Veronica Rosibel Manzano Garcia, and Knightsbridge Sleep Solutions LLC

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of the Complaint, including the allegations of Claims 1 through 8 and Claims 10 through 15, and Paragraphs 36, 37, 40, 45, and 46 of the Complaint.

2. This claim for relief arises under 18 U.S.C. § 1964(c).

3. Defendants Edwin Dario Manzano Garcia ("Garcia") and Veronica Rosibel Manzano Garcia ("Rosibel Garcia") (in combination: "RICO Defendants") are "persons" within the meaning of 18 U.S.C. § 1961(3). As per Paragraphs 43 and 44, Garcia oversees the Counterfeit Organization and Rosibel Garcia acts as second in command of the Counterfeit Organization.

4. The Counterfeit Organization includes the RICO Defendants and a New Mexico limited liability corporation formed by Garcia on December 22, 2023 and operating under the name "Knightsbridge Sleep Solutions LLC" (the "Counterfeit LLC") with Garcia as the sole member as

described in Paragraph 45.

5. As per Paragraph 46, the Counterfeit LLC functions as the primary legal entity through which the Counterfeit Organization conducts its operations within the United States. The Counterfeit LLC enables the Counterfeit Organization to engage in unlawful activities in U.S. commerce, including but not limited to entering into contracts, and acting as the entity through which financial transactions are conducted, such as collecting revenues from sales of Counterfeit Product within the United States and transferring funds to Guatemala for continued production and marketing of Counterfeit Product.

6. The Counterfeit Organization is an ongoing "enterprise" within the meaning of 18 U.S.C. § 1961(4) which began on October 6, 2023 with Garcia's seizure of online and physical assets of Shaw's Company as described in Paragraphs 36, 37, and 40. The Counterfeit Organization engages in the manufacturing, marketing and selling of Counterfeit Product utilizing designations of origin of Shaw's Company and utilizing Shaw's trademarks and copyrights. In particular, the Counterfeit Organization's marketing of the Counterfeit Product:

(i) Utilizes false designations of origin, including the business name "Knightsbridge Sleep Solutions" (sometimes with an appended "LLC") and the Federal Trade Commission registration number ("FTC RN") of Shaw's Company, in impersonating Shaw's Company as per Claim 1,

(ii) Infringes Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND as per Claims 1 and 2, and

(iii) Infringes Shaw's copyrights as per Claim 3, the infringement furthermore being "for purposes of commercial advantage" under 17 U.S.C. § 506(a)(1)(A) and therefore constituting criminal copyright infringement as per Claim 10, a predicate racketeering activity under 18 U.S.C. § 1961(1).

Hence, the Counterfeit Organization is an ongoing enterprise that functions with the common purpose of defrauding Shaw and the public for unlawful financial gain.

7. Day-to-day operations of the Counterfeit Organization involve wire fraud under 18 U.S.C. § 1343, a predicate racketeering activity under 18 U.S.C. § 1961(1), in (i) the processing of online transactions for sales of the Counterfeit Product utilizing a Shopify account, (ii) telephone communications with regards to marketing and customer service of the Counterfeit Product, and (iii) emails for the marketing of the Counterfeit Product, as per Claim 11.

8. Day-to-day operations of the Counterfeit Organization involve mail fraud under 18 U.S.C. § 1341, a predicate racketeering activity under 18 U.S.C. § 1961(1), in the shipping of Counterfeit Product to consumers via the Postal Service and commercial interstate carriers, as per Claim 12.

9. Day-to-day operations of the Counterfeit Organization involve commerce in the execution of a scheme to defraud under 18 U.S.C. 2314, second paragraph, a predicate act under 18 U.S.C. § 1961(1), in selling Counterfeit Product in interstate or foreign commerce having a value of $5000 or more, as per Claim 13.

10. The acts of racketeering activity referred to in the previous three paragraphs constitute a "pattern of racketeering activity" under 18 U.S.C. § 1961(5) committed regularly and consistently as part of the Counterfeit Organization's day-to-day operations and business model.

11. Furthermore, Garcia in his role in the Counterfeit Organization has engaged in a wide-ranging campaign of unlawful acts to damage operations of Shaw's Company and Shaw's other two sources of revenues, including:

(i) conversion of core operational assets (*i.e.*, domain names, email accounts, and a Shopify account) of the Company, Shaw's Astrojax® business, and Shaw's patent agent services business, as per Claim 6, paragraph 5 and Claim 7, paragraph 4,

(ii) theft of funds via unauthorized access to Shaw's Shopify account as per Claim 6, paragraph 4,

(iii) deleting content featured on the homepage of Shaw's Post-Hijacking Website via unauthorized access to Shaw's YouTube account, as per Claim 8, paragraph 6,

(iv) Filing of a fraudulent Digital Millenium Copyright Act (DMCA) Takedown Notice under 17

U.S.C. § 512(f), as per Claim 5, and

(iv) Surveilling Shaw's communications and, in conspiracy with Veronica Rosibel Manzano Garcia, utilizing an unlawfully accessed stored communication under 18 U.S.C. § 2701 in an attempt to intimidate an employee of the Company, as per Claim 8, paragraph 4.

12.  Furthermore, Garcia in his role in the Counterfeit Organization has engaged in an unlawful activities to extend and perpetuate the operations of the Counterfeit Organization, including:

(i) Wire fraud under 18 U.S.C. § 1343, a predicate racketeering act under 18 U.S.C. § 1961(1), in attempts via wire communications to obtain an Amazon sales account utilizing Shaw's personal information, as per Claim 11, paragraph 3(iv), and

(ii) Mail fraud under 18 U.S.C. § 1341, a predicate racketeering act under 18 U.S.C. § 1961(1), in attempts via the United States Postal Service to obtain an Amazon sales account utilizing Shaw's personal information, as per Claim 12, paragraph 4.

13.  The unlawful activities listed in Paragraphs 11 and 12 include predicate racketeering activities under 18 U.S.C. § 1961(1) constituting a further "pattern of racketeering activity" under 18 U.S.C. § 1961(5) related by their common purpose of unlawfully profiting from the manufacturing and marketing of Counterfeit Product while (i) unlawfully impairing Shaw's Company so as to lessen competition and reduce public awareness of the unlawful nature of the Counterfeit Organization, (ii) unlawfully impairing Shaw's other two sources of business revenues to prevent or delay Shaw in obtaining redress for the Counterfeit Organization's unlawful activities, and (iii) unlawfully using Shaw's personal information to extend the operations of the Counterfeit Organization.

14.  Hence, Garcia and Rosibel Garcia are associated with an "enterprise engaged in … interstate or foreign commerce, to conduct or participate … in the conduct of such enterprise's affairs through a pattern of racketeering activity" under 18 U.S.C. § 1962(c) and conspire towards

such activities within the meaning of 18 U.S.C. § 1962(d).

15. As a direct and proximate result of the above-listed racketeering activities under 18 U.S.C. § 1961(1) and additional unlawful activities, Shaw has suffered substantial harm, including:

a. Loss of revenues due to acts of sabotage to Shaw's Company,

b. Loss of revenues due to acts of sabotage to Shaw's patent agent services business,

c. Loss of revenues due to acts of sabotage to Shaw's Astrojax business,

d. Damage to Shaw's professional and personal reputation,

e. Damage to the goodwill associated with Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND and the business name "Knightsbridge Sleep Solutions,"

f. Loss of electronic assets,

g. Loss of valuable information in Shaw's business email accounts, and

h. Lost time and costs associated with restoring and securing business operations.

These injuries and losses were directly and proximately cause by RICO Defendants' unlawful conduct and pattern of racketeering activity as described above.

**Claim 10 (RICO predicate act)**

**Criminal Infringement of Copyrights**

**under 17 U.S.C. § 506 and 18 U.S.C. § 2319**

**Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Claim 3 of infringement of Shaw's Copyrights and Paragraphs 47, 48, 52, 68 and 69 of the Complaint.

2. As is described in Paragraphs 47 and 48, the Counterfeit Website of the Counterfeit Organization utilizes Shaw's Copyrights "for the purpose of commercial advantage or private financial gain." 17 U.S.C. § 506(a)(1)(A).

3.  As is described in Paragraph 52, the information sheet utilized by the Counterfeit Organization utilizes Shaw's Copyrights "for the purpose of commercial advantage or private financial gain." 17 U.S.C. § 506(a)(1)(A).

4.  The "willfulness" under 17 U.S.C. § 506(a)(1)(A) of Garcia's copyright infringements executed in his role within the Counterfeit Organization operating in the United States through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") is evidenced by Garcia's efforts to suppress publicly-available records of Shaw's role in the history of the Product and the Company as described in Paragraph 68, Garcia's efforts to suppress public notice regarding this matter as described in Paragraph 69, and the Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights which documents that Garcia played no role in the genesis of the Shaw's Copyrights beyond a few routine tasks in the scope of his employment.

5.  Garcia's willful infringement of Shaw's Copyrights for the purposes of commercial advantage or private financial gain constitute criminal copyright infringement under 17 U.S.C. § 2319, a predicate racketeering under 18 U.S.C. § 1961(1).

### Claim 11 (RICO predicate act)

### Wire Fraud under 18 U.S.C. § 1343

### Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC

1.  Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Claims 1, 2, 3 and 10 and Paragraphs 42, 43, 45, 46, 50, and 53 of the Complaint.

2.  The Counterfeit Organization's unauthorized use of Shaw's registered trademark DUAL BAND, Shaw's trademark KNIGHTSBRIDGE, Shaw's Copyrights, and designations of origin of Shaw's Company, including the business name "Knightsbridge Sleep Solutions" and FTC RN 159966, as per Claims 1, 2, 3, and 10, for marketing and sales of Counterfeit Product constitutes a

31

"scheme or artifice to defraud" and a "scheme ... for obtaining money ... by means of false or fraudulent ... representations." 18 U.S.C. § 1343.

3. Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") as described in Paragraph 43, 45 and 46 has used interstate and international wire communications "for the purpose of executing such scheme or artifice" under 18 U.S.C. § 1343 by:

(i) Processing online transactions for sales of Counterfeit Product for customers throughout the United States using the Hijacked Shopify account operated by Garcia in Guatemala, as described in Paragraphs 42 and 50;

(ii) Sending marketing email communications for the Counterfeit Product from Guatemala to customers throughout the United States utilizing the misappropriated dualbandchinstrap.com Gmail account, as described in Paragraphs 42 and 53;

(iii) Conducting telephone communications from Guatemala with customers throughout the United States regarding the Counterfeit Product, as described in Paragraph 42;

(iv) Applying for a Selling on Amazon account via electronic communications from Guatemala using Shaw's personal information without authorization, as described in Paragraph 66, and

(v) Filing for incorporation with the New Mexico Secretary of State via electronic communications from Guatemala fraudulently claiming the right to use the business name "Knightsbridge Sleep Solutions," as described in Paragraph 45,

each of the above activities constituting wire fraud under 18 U.S.C. § 1343 and hence being predicate racketeering activities under 18 U.S.C. § 1961(1).

**Claim 12 (RICO predicate act)**

**Mail Fraud under 18 U.S.C. § 1341**

**Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC**

1.  Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Claims 1, 2, 3 and 10 and Paragraphs 50, 51, 52 and 66 of the Complaint.

2.  The Counterfeit Organization's unauthorized use of Shaw's registered trademark DUAL BAND, Shaw's trademark KNIGHTSBRIDGE, Shaw's Copyrights, and false designations of origin of Shaw's Company, including the business name "Knightsbridge Sleep Solutions" and the FTC RN 159966, as per Claims 1, 2, 3, and 10 for the marketing and sales of Counterfeit Product constitutes a "scheme or artifice to defraud" and a "scheme … for obtaining money … by means of false or fraudulent … representations." 18 U.S.C. § 1341.

3.  Day-to-day operations involving the actions of Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") constitute mail fraud under 18 U.S.C. § 1341, a predicate racketeering activities under 18 U.S.C. § 1961(1), in the shipping of Counterfeit Product to consumers throughout the United States via the Postal Service and commercial interstate carriers utilizing warehousing by Shopify Fulfillment, as described in Paragraphs 50, 51, and 52.

4.  Edwin Dario Manzano Garcia ("Garcia") in his role in the Counterfeit Organization operating in the United States through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC"), as described in Paragraph 43, 45 and 46, has used the United States Postal Service in a "scheme or artifice to defraud … for obtaining money" of attempting to obtain a Selling on Amazon account for sales of Counterfeit Product using the "false or fraudulent … representations" of Shaw's address, as described in Paragraph 66.  18 U.S.C. § 1341.

**Claim 13 (RICO predicate act)**

**Commerce in the Execution of a Scheme to Defraud**

**under 18 U.S.C. § 2314, second paragraph**

**Against Edwin Dario Manzano Garcia, Veronica Rosibel Manzano Garcia,**

**and Knightsbridge Sleep Solutions LLC**

1. Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Claims 1, 2, 3, and 10 and Paragraphs 43 through 46 of the Complaint.

2. As per Claims 1, 2, 3, and 10, marketing and sales of Counterfeit Product by the Counterfeit Organization infringes Shaw's trademarks for DUAL BAND and KNIGHTSBRIGDE, Shaw's Copyrights and utilizes false designations of origin to impersonating Shaw's Company by utilizing Shaw's business name "Knightsbridge Sleep Solutions" and the Company's FTC RN 159966 without authorization.

3. Garcia in his role as head of the Counterfeit Organization operating through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") as described in Paragraph 43, 45 and 46, and Rosibel Garcia in her role as second in command and production floor manager of the Counterfeit Organization as described in Paragraph 44, have participated in "transport[] or cause[d] to be transported … in foreign commerce" shipments of Counterfeit Product from Guatemala to the United States "having a value of $5000 or more" "in the execution … of a scheme or artifice to defraud …" Shaw and the public, in violation of 18 U.S.C. § 2314, second paragraph, a predicate racketeering activity under 18 U.S.C. § 1961(1).

**Claim 14 (RICO predicate act)**

**Transportation of Stolen Goods under 18 U.S.C. § 2314, first paragraph**

**Against Edwin Dario Manzano Garcia, Veronica Rosibel Manzano Garcia,**

**and Knightsbridge Sleep Solutions LLC**

1. Plaintiff Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 40, 43, 45 and 46 of the Complaint.

2.  As described in Paragraph 40, on October 6, 2023 Garcia seized online and Guatemala-located assets of the Company, including roughly $62,800 in inventory of the Product.

3.  Garcia in his role as head of the Counterfeit Organization operating through the New Mexico limited liability corporation Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") as described in Paragraph 43, 45 and 46, and Rosibel Garcia in her role as second in command and production floor manager of the Counterfeit Organization as described in Paragraph 44, have participated in the transport of misappropriated Product from Guatemala to the United States, *i.e.*, have participated in "transport[] … in … foreign commerce [of] merchandise … of the value of $5000 or more, knowing the same to have been stolen [or] converted." 18 U.S.C. § 2314.

## Claim 15 (RICO predicate act)

## Laundering of Monetary Instruments under 18 U.S.C. § 1956

## Against Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC

1.  Shaw repeats, realleges, and incorporates by reference as if fully set forth herein the allegations of Paragraphs 43, 45, 46, .

2.  The following activities constitute predicate racketeering activities under 18 U.S.C. § 2314, and hence "specified unlawful activity" under 18 U.S.C. § 1956(c)(7):

(a)  Criminal copyright infringement under 18 U.S.C. § 2319 as per Claim 10,

(b)  Wire fraud under 18 U.S.C. § 1343 as per Claim 11,

(c)  Mail fraud under 18 U.S.C. § 1341 as per Claim 12, and

(d)  Commerce in the execution of a scheme to defraud under 18 U.S.C. § 2314, second paragraph, as per Claim 13, and

(e)  Transportation of stolen goods under 18 U.S.C. § 2314, first paragraph, as per Claim 14.

3.  Garcia in his role as the person who handles online operations and the head of the Counterfeit Organization operating through the New Mexico limited liability corporation

Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") as described in Paragraph 43, 45 and 46, has "transfer[red] … funds from a place in the United States" in connection with Shopify sales within the United States and via the Counterfeit LLC which is incorporated in the State of New Mexico "to … a place outside the United States," *i.e.*, Guatemala, "with the intent to promote the carrying on of specified unlawful activit[ies]" of Claims 10, 11, 12, 13, and 14, hence constituting laundering of monetary instruments under 18 U.S.C. § 1956(a)(2)(A), a predicate racketeering activity under 18 U.S.C. § 1961(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shaw respectfully requests that this Court enter judgment in Shaw's favor and against Defendants Garcia and the Counterfeit LLC as follows:

1. Declaring that Shaw is the sole and rightful owner of the trademark KNIGHTSBRIDGE for medical devices for the treatment of sleep disorders, the business name "Knightsbridge Sleep Solutions," and Federal Trade Commission registration number (FTC RN) 159966.

2. Finding that Garcia and the Counterfeit LLC have infringed Shaw's common law rights in the KNIGHTSBRIDGE mark and have engaged in false designations of origin through the unauthorized use of the "Knightsbridge Sleep Solutions" business name and the Company's FTC RN 159966 under 15 U.S.C. § 1125(a).

3. Enjoining Garcia and the Counterfeit LLC from use of Shaw's trademark KNIGHTSBRIDGE, the business name "Knightsbridge Sleep Solutions," and the FTC RN 159966 in connection with the sale, distribution, and advertising of medical devices for the treatment of sleep disorders, including in the form of any domain name or email address, pursuant to 15 U.S.C. § 1116(a).

4. Pursuant to 15 U.S.C. §1118, ordering destruction of all materials, including labels, tags, prints, packages, wrappers, receptacles, advertisements, and the like bearing Shaw's trademark

36

KNIGHTSBRIDGE, Shaw's dba "Knightsbridge Sleep Solutions" (with or without an appended "LLC"), and/or the FTC RN number of the Company in the possession or under control of Garcia, Rosibel Garcia, the Counterfeit LLC, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them.

5. Finding that Garcia and the Counterfeit LLC have infringed Shaw's trademark DUAL BAND in commerce in violation of 15 U.S.C. Sec. § 1114(1)(a).

6. Pursuant to 15 U.S.C. §1116(a), enjoining Garcia and the Counterfeit LLC from use of Shaw's trademark DUAL BAND in connection with the sale, distribution, and advertising of medical devices for the treatment of sleep disorders, including in the form of any domain name or email address.

7. Pursuant to 15 U.S.C. §1118, ordering destruction of all materials, including labels, tags, prints, packages, wrappers, receptacles, advertisements, and the like bearing Shaw's trademark DUAL BAND in the possession or under control of Garcia, Rosibel Garcia, the Counterfeit LLC, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them.

8. Declaring Shaw's ownership of Shaw's Copyrights as enumerated in Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights.

9. Finding Garcia and the Counterfeit LLC to be infringing Shaw's Copyrights in connection with the sale, distribution and advertising of Counterfeit Product in violation of Shaw's exclusive rights under 17 U.S.C. § 106.

10. Enjoining Garcia and the Counterfeit LLC from use of Shaw's Copyrights in connection with the sale, distribution, and promotion of Counterfeit Product pursuant to 17 U.S.C. § 502.

11. Ordering destruction of all materials, including labels, tags, prints, packages, wrappers, receptacles, advertisements, and the like, in the possession or under control of Garcia or the Counterfeit LLC bearing Shaw's Copyrights in the possession or under control of Garcia, Rosibel

Garcia, the Counterfeit LLC, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them pursuant to 15 U.S.C. § 503(b).

12.  Ordering transfer to Shaw of administrative control of the domain names integralpatent.com, astrojax.com, and knightsbridgesleep.com, Shaw's lshaw@integralpatent.com (aka integralpatent@gmail.com) Gmail account, Shaw's knightsbridgesleep.com Gmail account, and Shaw's YouTube channel.

13. Ordering transfer to Shaw of the funds misappropriated from Shaw's Astrojax Shopify account.

14.  Finding Garcia and Rosibel Garcia to have intentionally accessed the facility of Google Gmail to access Shaw's stored communications at lshaw@integralpatent.com without authorization for the purpose of furtherance of a criminal or tortious act in violation of 18 U.S.C. § 2701(a)(1) and (b)(1).

15.  Finding Garcia to have intentionally and without authorization accessed the facility of Google Gmail to access Shaw's stored communications at larry@astrojax.com for the purpose of commercial gain or advantage by misappropriating funds in violation of 18 U.S.C. § 2701(a)(1) and (b)(1)(B).

16.  Finding Garcia to have intentionally and without authorization accessed the facility of Shaw's Astrojax Shopify account to access Shaw's stored communications therein for the purpose of commercial gain or advantage by misappropriating funds in violation of 18 U.S.C. § 2701(a)(1) and (b)(1)(B).

17.  Finding Garcia to have intentionally exceeded authorization to access of the facility of Shaw's larry@dualbandchinstrap.com Gmail account to prevent Shaw's authorized access to electronic communications in electronic storage there for the purpose of furtherance of the criminal or tortious acts of misappropriating Shaw's Company and forming the fraudulent Counterfeit Organization in violation of 18 U.S.C. § 2701(a)(2) and (b)(1)(B).

18. Finding Garcia intentionally exceeded authorization to access of the facility of the Company's Shopify account to prevent Shaw's authorized access to electronic communications in electronic storage there for the purpose of furtherance of the criminal or tortious acts of misappropriating Shaw's Company and forming the fraudulent Counterfeit Organization, in violation of 18 U.S.C. § 2701(a)(2) and (b)(1)(B).

19. Finding Garcia knowingly and materially made misrepresentations in a Digital Millenium Copyright Act (DMCA) Takedown Notice in violation of 17 U.S.C. § 512(f).

20. Finding Garcia unlawfully converted Shaw's Company's Shopify Account, the domain name dualbandchinstrap.com, and the dualbandchinstrap.com Gmail account.

21. Ordering transfer to Shaw of administrative control of the Hijacked Shopify Account, the domain name dualbandchinstrap.com, and the dualbandchinstrap.com Gmail account.

22. Finding Garcia unlawfully converted Shaw's domain names integralpatent.com, astrojax.com, and knightsbridgesleep.com, and Shaw's Gmail account lshaw@integralpatent.com, and the knightsbridgesleep.com Gmail account.

23. Ordering transfer to Shaw of administrative control of Shaw's domain names integralpatent.com, astrojax.com, and knightsbridgesleep.com, and Shaw's Gmail accounts lshaw@integralpatent.com and knightsbridgesleep.com.

24. Finding that Garcia committed acts of interference with Shaw's prospective economic advantage as presented in Paragraphs 2, 3, 4 5, 6 and 7 of Claim 8.

25. Finding that Rosibel Garcia committed interference with Shaw's prospective economic advantage as presented in Paragraph 4 of Claim 8.

26. Finding Garcia conducted or participated in the conduct of the Counterfeit Organization's affairs through a pattern of racketeering activity under 18 U.S.C. § 1962(c).

27.  Finding Rosibel Garcia either (a) conducted or participated in the conduct of the Counterfeit Organization's affairs through a pattern of racketeering activity under 18 U.S.C. § 1962(c); or in the alternative, (b) conspired to violate 18 U.S.C. § 1962(c) by agreeing to facilitate the Counterfeit Organization's pattern of racketeering activity under 18 U.S.C. § 1962(d).

28.  Enjoining Garcia and Rosibel Garcia from (a) engaging in further unlawful activities against Shaw or his businesses, (b) infringing Shaw's intellectual properties, including trademarks, copyrights and designations of origin, (c) accessing or attempting to access any of Shaw's electronic accounts or systems, and (d) in any way supporting or furthering the operations of the Counterfeit Organization.

29.  Ordering the dissolution of the Counterfeit Organization, including the Counterfeit LLC, and the forfeiture to Shaw of all assets derived from the racketeering activities.

30.  Finding that Garcia and the Counterfeit LLC have willfully infringed Shaw's Copyrights "for purposes of commercial advantage" in violation of 17 U.S.C. § 506(a)(1)(A).

31.  Finding that Garcia and the Counterfeit LLC have committed wire fraud in violation of 18 U.S.C. § 1343 in

(a) the day-to-day operations of the Counterfeit LLC,

(b) Garcia's attempt to set up a Selling on Amazon account utilizing Shaw's personal information without authorization, and

(c) Garcia's fraudulent representations to the New Mexico Secretary of State for the creation of the Counterfeit LLC.

32.  Enjoining Garcia and the Counterfeit LLC from engaging in further wire fraud in day-to-day operations of the Counterfeit LLC and attempting to set up financial and e-commerce accounts.

33.  Finding that Garcia and the Counterfeit LLC have committed mail fraud in violation of 18 U.S.C. § 1341 in the day-to-day operations of interstate shipping of Counterfeit Product.

34.  Finding that Garcia and the Counterfeit LLC have committed wire fraud in violation of

40

COMPLAINT

18 U.S.C. § 1343 in Garcia's attempt to set up a Selling on Amazon account utilizing Shaw's personal information without authorization.

35. Enjoining Garcia and the Counterfeit LLC from engaging in further mail fraud.

36. Finding Garcia, Rosibel Garcia, and the Counterfeit LLC participated in commerce in the execution of a scheme to defraud in violation of 18 U.S.C. § 2314, second paragraph.

37. Enjoining Garcia, Rosibel Garcia, and the Counterfeit LLC from engaging in further commerce in the execution of a scheme to defraud under 18 U.S.C. § 2314, second paragraph.

38. Finding Garcia, Rosibel Garcia, and the Counterfeit LLC participated in transportation of stolen goods in violation of 18 U.S.C. § 2314.

39. Finding Garcia and the Counterfeit LLC participated in laundering of monetary instruments in violation of 18 U.S.C. § 1956.

40. Enjoining Garcia and the Counterfeit LLC from engaging in further laundering of monetary instruments under 18 U.S.C. § 1956.

41. Awarding damages as follows:

   i.     Pursuant to 15 U.S.C. § 1117(a), awarding to Shaw (a) Garcia's and the Counterfeit LLC's profits and (b) the costs of the action;

   ii.    Awarding Shaw treble damages in an amount to be determined at trial as pursuant to 18 U.S.C. § 1964(c) and 15 U.S.C. § 1117(a) for injuries and losses, including lost revenues due to acts of sabotage to Shaw's Company, Shaw's patent agent services business, and Shaw's Astrojax® business, damage to the goodwill associated with Shaw's trademarks, loss of misappropriated online assets, lost time and costs associated with restoring and securing business operations, and Garcia's attempts to suppress public notice and publicly-available evidence of copyright and trademark infringement.

   iii.   Awarding statutory damages to Shaw for each work infringed on the basis of willful infringement by Garcia pursuant to 17 U.S.C. § 504(c)(1).

1            iv.     Disgorgement of all profits obtained by Garcia and the Counterfeit LLC via

2    the fraudulent wire activities, and awarding Shaw compensatory damages for losses suffered as a

3    result of the wire fraud.

4            v.     Awarding damages according to proof for violation of 18 U.S.C. §

5    1030(a)(5)(A), 18 U.S.C. § 2707(c), 17 U.S.C. § 512(f), 18 U.S.C. § 2319(b)(3), and as otherwise

6    authorized by law.

7

8            vi.     Compensatory damages to Shaw for the economic losses suffered due to

9    Garcia's interference with Shaw's prospective economic advantage

10           vii.     Awarding punitive damages due to the malicious and wrongful nature of

11   Garcia's and Rosibel Garcia's conduct.

12

13

14

15   Dated: August 22, 2024

16   By: _____

17          Laurence Jay Shaw

18          Pro se

19

20

21

22

23

24

25

26

27

28

COMPLAINT