UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>  Plaintiff,<br><br>v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>  Defendants. | Case No. 24-cv-05826-HSG<br><br>**ORDER REGARDING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

Pending before the Court is pro se Plaintiff Laurence Jay Shaw's application for a temporary restraining order ("TRO"). *See* Dkt. No. 4. Plaintiff alleges that Defendants Edwin Dario Manzano Garcia and Veronica Rosibel Manzano Garcia were previously employees of Plaintiff's company in Guatemala. *See* Dkt. No. 1 at ¶ 1. Plaintiff alleges that in October 2023, they "seized" online and physical assets from Plaintiff's company, and began operating their own "counterfeit" company, Defendant Knightsbridge Sleep Solutions LLC. *Id.* Plaintiff seeks a TRO preventing Defendants from using Plaintiff's intellectual property and requiring Defendants to provide Plaintiff re-access to his email and online accounts. *See* Dkt. No. 4.

A TRO is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under Federal Rule of Civil Procedure 65, a TRO may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). However, Rule 65(b)(1) only allows a court to issue a TRO without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it

1  should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

2  Having reviewed Plaintiff's application, the Court finds that Plaintiff has not met the strict requirements of Rule 65. Plaintiff has not shown that immediate and irreparable harm will result before Defendants can be heard (especially given that the conduct complained of has been occurring since over 10 months ago). There is also nothing in the record indicating (1) that Plaintiff attempted to give Defendants notice of the pending application; and (2) why notice should not be required in this instance.[1]

Plaintiff is therefore **DIRECTED** to serve the complaint, the application for a TRO, and this order on Defendants by no later than 5:00 p.m. on Tuesday, September 10, 2024. Plaintiff must also file a declaration and any supporting proof confirming that this was done by Wednesday, September 11, 2024. Should Defendants oppose the relief sought by Plaintiff, Defendants must file a response no later than 5:00 p.m. on Wednesday, September 18, 2024. The motion will stand submitted at that time unless otherwise ordered.

The Court further notes that Plaintiff has filed a motion for permission for electronic case filing. Dkt. No. 7. However, Plaintiff may register for ECF and file subsequent documents electronically without a court order. *See* Civil Local Rule 5-1(b) ("After manually filing case-initiating documents, pro se parties may file subsequent documents in the same case manually, or may register for ECF and file subsequent documents in the same case electronically."). The motion is therefore **TERMINATED AS MOOT**.

//
//
//
//
//
//

---

[1] The Court notes that because Plaintiff is pro se, it is not clear whether the requirements of Rule 65(b)(1)(B), which impose a duty on "the movant's attorney," are applicable here. Nevertheless, the Court finds that Defendants should receive notice and an opportunity to be heard given the circumstances of this case.

2

Plaintiff is encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 27, 2024

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge