UNITED STATES DISTRICT COURT FOR THE DISTRICT OF  NORTHERN DISTRICT OF CALIFORNIA
LAURENCE JAY SHAW, Plaintiff,
v.
EDWIN DARIO MANZANO GARCIA, Defendant,
KNIGHTSBRIDGE SLEEP SOLUTIONS LLC, Defendant,

Case No. CV 245826

Introduction This Answer is filed by Defendant Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC, collectively referred to as "Defendants," in response to the Complaint filed by Plaintiff Laurence Jay Shaw. Defendants categorically deny the allegations made by Plaintiff and assert that the Complaint fails to state a claim for relief.

ANSWER COMPLAINT #1 FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)):

Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of false designation of origin.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #2 TRADEMARK INFRINGEMENT  (15 U.S.C. § 1114):

Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of Trademark Infringement.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #3 COPYRIGHT INFRINGEMENT
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of Trademark Infringement.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #4 UNLAWFUL ACCESS TO STORED COMMUNICATIONS
Defendant, Edwin Dario Manzano Garcia, denies each and every allegation contained in Plaintiff's Complaint of Unlawful Access to Stored Communications. Defendant admits that he does not have any knowledge of hacking or any illegal online activities.
Defendant denies that he unlawfully accessed Plaintiff's stored communications or that

he disclosed Plaintiff's stored communications to any third party. Defendant maintains that he has complied with all applicable laws and regulations. WHEREFORE, Defendant prays that the Court dismiss Plaintiff's Complaint with prejudice.

ANSWER COMPLAINT #5 KNOWING MISREPRESENTATION IN A DMCA TAKEDOWN NOTICE
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of knowing misrepresentation in DMCA takedown notice.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #6 CONVERSION
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of conversion of funds and electronic assets of the company.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #7 INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of interference with prospective econommic advantage.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #8 INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE OF THE COMPANY AND PLAINTIFF'S OUTSIDE BUSINESS
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of interference with prospective economic advantage of the company and plaintiffs outside business.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #9 RAKETEERING UNDER 18 U.S.C § 1961,1992 AND 1994

Defendants deny involvement in any form of racketeering or participation in a criminal enterprise. Defendants further deny any allegations of mail fraud, wire fraud, or conspiracy, as alleged under the RICO Act.

ANSWER COMPLAINT #10 WIRED FRAUD
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of wired fraud.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #11 MAIL FRAUD
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of mail fraud.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #12 COMMERCE IN THE EXCECUTION OF A SCHEME TO DEFRAUD
Defendant, requests more information regarding Plaintiff Laurence Jay Shaw's complaint of commerce in the excecution of scheme to demand.
We find the complaint to be unclear and are unable to adequately respond without further clarification.

ANSWER COMPLAINT #13 TRANSPORTATION OF STOLEN GOODS
Defendant, unequivocally deny any involvement in the transportation of stolen goods. The allegation is false and have no knowledge of or participation in any such activities.

ANSWER COMPLAINT #14 LAUNDERING OF MONETARY INSTRUMENTS
Defendant, categorically deny any involvement in the laundering of monetary instruments or any other illegal financial activities. The allegation is baseless and without merit.

I.     Affirmative Defenses

Defendants assert the following affirmative defenses in response to Plaintiff's Complaint:

1. Failure to State a Claim: Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it lacks the necessary facts to support claims of trademark and copyright infringement, RICO violations, and other alleged misconduct.

2. Statute of Limitations: Any claims for relief related to actions that allegedly occurred outside the applicable statute of limitations are barred by law. To the extent Plaintiff's claims pertain to activities predating the statute of limitations for trademark and copyright infringement, such claims should be dismissed.

3. Lack of Personal Jurisdiction: Defendant Edwin Dario Manzano Garcia asserts that this Court lacks personal jurisdiction over him. As a resident of Guatemala, Defendant's contacts with California are insufficient to establish jurisdiction. His actions did not involve any substantial contact with the forum state.

4. Lawful Business Operations: Defendants assert that all business activities undertaken were lawful and complied with applicable U.S. laws, including but not limited to the establishment and operation of the New Mexico LLC.

5. No Willful Infringement: To the extent that any alleged infringement occurred, Defendants did not willfully infringe upon Plaintiff's trademarks, copyrights, or other intellectual property.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTHERN DISTRICT OF CALIFORNIA**
**Case No. CV 245826**
**Plaintiff:** Laurence Jay Shaw

**Defendant:** Edwin Dario Manzano Garcia

**CROSS-COMPLAINT**

Defendant, Edwin Dario Manzano Garcia by and through their undersigned counsel, hereby files this Cross-Complaint against Plaintiff, Laurence Jay Shaw, and in support thereof states as follows:

## I. INTRODUCTION

Plaintiff Laurence Jay Shaw has filed a Complaint against Defendant alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). However, Plaintiff has an outstanding debt to Defendant in the amount of $84,000.00 USD, which remains unpaid. Defendant seeks to recover this debt through this Cross-Complaint.

## II. PARTIES

1. Cross-Complainant: Edwin Dario Manzano Garcia  [Calle Principal Callejon Don Damian, Panajachel, Solola, Guatemala, 00502]

2. Cross-Defendant: Laurence Jay Shaw, [99 Yosemite Road, San Rafael, CA, 94903, United States.]

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Cross-Complaint because it arises out of the same transaction or occurrence that is the subject matter of Plaintiff's original Complaint.

2. Venue is proper in this Court because [The Defendant resides in this county].

## IV. FACTS

1. The ammount owed to defendant involves unpaid worked days, unpaid vacations, unpadi 14th and Christmas bonuses required by Guatemalan Law, loan that defendant took from a Guatemalan bank to cover espenses when plaintiff couldn't.

2. Plaintiff agreed to $1000 per mont to be able to pay such debt all these was a verbal agreement between parties.

3. Plaintiff has failed to repay the owed amount in full or in part, despite repeated demands from Defendant.

## V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

1. Breach of Contract: Plaintiff failed to compensate Defendant Garcia for services rendered during his employment with Plaintiff, amounting to a breach of contract. Plaintiff's failure to make payments due under the contract resulted in financial harm to Defendant Garcia.

2. Unjust Enrichment: Plaintiff unjustly benefited from the work and efforts of Defendant Garcia without proper compensation. As a result, Plaintiff has been unjustly enriched, to the detriment of Defendant Garcia.

3.

2. Plaintiff's failure to repay the loan constitutes a breach of contract.

3. As a result of Plaintiff's breach of contract, Defendant has suffered damages in the amount of $84,000.00 USD, plus interest and costs.

4. Prayer for Relief

WHEREFORE, Defendants Edwin Dario Manzano Garcia and Knightsbridge Sleep Solutions LLC respectfully request that this Court:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice.

2. Award Defendants reasonable attorneys' fees and costs incurred in defending against this Complaint.

3. Grant such other relief as the Court deems just and appropriate.

5. Certificate of Service

I hereby certify that on 13-09-24 a copy of the foregoing Answer to Complaint was served on Plaintiff Laurence Jay Shaw by DHL Express at the following address:

Laurence Jay Shaw

99 Yosemite Road

San Rafael, CA 94903

Dated: 13-09-2023                    By : _____

Edwin Dario Manzano Garcia
Knightsbridge Sleep Solutions LLC