UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>    Defendants. | Case No. 24-cv-05826-HSG<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 13 |

In August 2024, pro se Plaintiff Laurence Jay Shaw filed an application for a temporary restraining order ("TRO"). *See* Dkt. No. 4. Plaintiff alleges that Defendants Edwin Dario Manzano Garcia and Veronica Rosibel Manzano Garcia were previously employees of Plaintiff's company in Guatemala. *See* Dkt. No. 1 at ¶ 1. Plaintiff alleges that in October 2023, they "seized" online and physical assets from Plaintiff's company, and began operating their own "counterfeit" company, Defendant Knightsbridge Sleep Solutions LLC. *Id.* Plaintiff seeks a TRO preventing Defendants from using Plaintiff's intellectual property and requiring Defendants to provide Plaintiff re-access to his email and online accounts. *See* Dkt. No. 4.

The Court found that Plaintiff did not meet the strict requirements of Rule 65 for a TRO without notice to the adverse party. *See* Dkt. No. 10. The Court therefore directed Plaintiff to serve the complaint, the application for a TRO, and the Court's order on Defendants by September 10, 2024, and to file a declaration and any supporting proof confirming that this was done by September 11, 2024. *See id.* In response, Plaintiff has filed a motion for alternative service. Dkt. No. 13. In it, Plaintiff explains that Defendants still reside in Guatemala, and that service under the applicable treaty may "require[] months" and "cause undue delay." *Id.* at ¶ 4. Plaintiff therefore requests that the Court permit alternative service, and appoint a notary from a

1    Guatemalan law firm to serve process by personally serving Defendants at their home or work.
2    *Id.* at ¶¶ 9–11.
3         As Plaintiff acknowledges, Guatemala is a signatory to the Inter-American Service
4    Convention and Additional Protocol ("IACAP"), which details a specific process for serving
5    Defendants. Although the IACAP process to serve Defendants may be time-intensive, the Court
6    does not find this to be a sufficient reason to fashion a new protocol. *See* Fed. R. Civ. P. 4(f)(1)
7    (providing for service of an individual in a foreign country "by any internationally agreed means
8    of service that is reasonably calculated to give notice . . . ."). The Court therefore **DENIES** the
9    motion for alternative service. Dkt. No. 13.
10        Before the Court could issue an order addressing Plaintiff's request for alternative service,
11   Plaintiff filed two certificates of service. Dkt. Nos. 14, 15. He purports to have served the
12   individual Defendants through a lawyer and registered notary in Guatemala, who left the
13   documents at their door. *See* Dkt. No. 15. Plaintiff also purports to have served Defendant
14   Knightsbridge Sleep Solutions LLC through a registered agent in New Mexico. *See* Dkt. No. 14.
15        Despite any concerns the Court may have with the sufficiency of this service, at least
16   Defendant Edwin Dario Manzano Garcia appears to have received actual notice of this lawsuit.
17   He filed a document styled as an "answer" to the complaint. Dkt. No. 16. On its face the
18   document states that it "is filed by Defendant Edwin Dario Manzano Garcia and Knightsbridge
19   Sleep Solutions LLC." *Id.* at 1. He also appears to have filed an "opposition" to the TRO on
20   behalf of Defendant Veronica Rosibel Manzano Garcia. *See* Dkt. No. 18. The Court notes that as
21   a pro se party, Defendant Edwin Dario Manzano Garcia is not permitted to represent or file
22   documents on behalf of anyone else. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)
23   ("[A] litigant appearing in propria persona has no authority to represent anyone other than
24   himself."); *cf. Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024) (holding
25   that "a parent may not proceed *pro se* on her children's behalf"). The document also appears to be
26   in Spanish rather than English. The Court therefore **STRIKES** Dkt. No. 18 and directs the Clerk
27   to remove it from the docket. Defendant Edwin Dario Manzano Garcia may re-file the document
28   in English, only on his own behalf.

1  The Court further notes that Plaintiff is not relieved of the obligation to properly serve Mr. Garcia just because Mr. Garcia appears to have received the court documents left at his door. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("[N]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4."). As noted above, Mr. Garcia was not served properly under the IACAP and Federal Rule of Civil Procedure Rule 4(f)(1) and the Court did not approve any alternative means of service. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Id.* at 974–75 (quotations omitted).

The Court finds that additional time to serve the individual Defendants is warranted under the circumstances. Accordingly, Plaintiff shall serve the individual Defendants under the IACAP by January 16, 2025. By January 17, 2025, Plaintiff must file a declaration and any supporting proof confirming that this was done, or alternatively, a status report (1) detailing where his efforts stand to serve Defendants and (2) how much additional time he needs to serve them. The Court will hold the application for a TRO, Dkt. No. 4, in abeyance until Defendants have been properly served.

The parties are encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated:   9/19/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge