UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>    Defendants. | Case No. 24-cv-05826-HSG<br><br>**ORDER GRANTING MOTIONS FOR LETTERS ROGATORY AND DIRECTING PLAINTIFF TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 27, 28 |

In August 2024, pro se Plaintiff Laurence Jay Shaw filed an application for a temporary restraining order ("TRO"). *See* Dkt. No. 4. Plaintiff alleges that Defendants Edwin Dario Manzano Garcia and Veronica Rosibel Manzano Garcia were previously employees of Plaintiff's company in Guatemala. *See* Dkt. No. 1 ("Compl.") at ¶ 1. Plaintiff alleges that in October 2023, they "seized" online and physical assets from Plaintiff's company, and began operating their own "counterfeit" company, Defendant Knightsbridge Sleep Solutions LLC. *Id.* According to the complaint, Mr. Garcia and Ms. Garcia reside in Guatemala, and Knightsbridge is a New Mexico limited liability company. *See id.* at ¶¶ 1, 7–9, 45. There are two overlapping and threshold issues in this case: service and jurisdiction.

**A.   Service**

First, and as the Court has already explained, Defendants must be properly served. "Service of process is the mechanism by which the court actually acquires the power to enforce a judgment against the defendant's person or property." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (quotation omitted) (cleaned up). "In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Id.* Without proper service, the Court "has no power to render any judgment against the defendant's person or property unless the defendant

has . . . waived the lack of process." *Id.* at 1138–39.

The Court directed Plaintiff to serve the individual Defendants consistent with the Inter-American Service Convention and Additional Protocol ("IACAP"). Dkt. No. 19. The Court gave Plaintiff until January 16, 2025, to do so.[1] *Id.* at 2. Plaintiff has filed two motions for issuance of letters rogatory as part of this process. *See* Dkt. No. 27, 28. The IACAP does not require formal letters rogatory, but does require the USM-272 form that Plaintiff has filled out and attached to his motions.[2] *See* Dkt. No. 27-1; Dkt. No. 28-1. Plaintiff requests that the Court sign and seal the forms, as is required under the IACAP.[3] Dkt. Nos. 27, 28. Plaintiff has confirmed that he is aware of the obligation to and will obtain certified Spanish language translations of the case materials and the USM-272 forms. *See id.* He will then transmit these documents to ABC Legal, the U.S. Central Authority contractor, for transmittal to the Guatemalan Central Authority for service. *Id.*

Having reviewed the materials, the Court **GRANTS** the motions and directs the Clerk to affix the Court's signature and seal to the forms. Dkt. No. 27-1 and Dkt. No. 28-1. The Court further extends Plaintiff's deadline to serve the individual Defendants to March 28, 2025. By March 28, 2025, Plaintiff must file a declaration and any supporting proof confirming that the individuals have been served under the IACAP, or alternatively, a status report (1) detailing where his efforts to serve Defendants stand and (2) how much additional time he needs to serve them. The Court will continue to hold the application for a TRO, Dkt. No. 4, in abeyance until Defendants have been properly served.

As for Defendant Knightsbridge Sleep Solutions LLC, Plaintiff has filed multiple certificates of service purporting to indicate that the New Mexico entity has been properly served. *See* Dkt. Nos. 25, 42, 45. Defendant Knightsbridge has not appeared in this case, although Mr.

---

[1] The Court notes that Mr. Garcia, although he has filed documents on the docket, has not waived the lack of process. He has explicitly stated that he has not been served properly. *See* Dkt. No. 26.

[2] *See* U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS, Inter-American Service Convention and Additional Protocol, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html (last visited December 12, 2024).

[3] *Id.* ("The clerk of the court in the U.S. where the action is pending must place their seal and signature on the form where it reads 'Signature and stamp of the judicial or other adjudicatory authority of the state of origin.'").

2

Garcia appears to have filed several responses to Plaintiff's motions for a TRO on the company's behalf. *See* Dkt. Nos. 37, 40, 43. The Court has already cautioned Mr. Garcia that as a pro se party, he is not permitted to represent or file documents on behalf of anyone else. Dkt. No. 19. "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Moreover, Defendant Knightsbridge, as a limited liability company, can only appear in court through an attorney. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004); Civil L.R. 3–9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). The Court therefore **STRIKES** Dkt. Nos. 37, 40, 43, and directs the Clerk to remove them from the docket.

The Court understands that Plaintiff has requested that the Clerk enter default as to Defendant Knightsbridge since it has not formally answered the complaint, and that Plaintiff intends to seek default judgment against the company. Dkt. No. 46. The Court will evaluate the sufficiency of the service when and if default is entered and Plaintiff files his motion for default judgment.

### B.   Personal Jurisdiction

Even if all Defendants were properly served, however, the Court has serious questions about whether it can exercise personal jurisdiction over any of them. "Without a proper basis for jurisdiction . . . the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction . . . ." *Ross*, 504 F.3d at 1138–39. Plaintiff cannot obtain default judgment against any Defendants if the Court lacks personal jurisdiction over them. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction."). And to date, no Defendant has thus far consented to jurisdiction here. To the contrary, Mr. Garcia has explicitly argued that the Court lacks personal jurisdiction over Defendants. *See, e.g.*, Dkt. No. 22. As noted above, Mr. Garcia may only represent himself and no other Defendants in this case. So for now, the Court only considers this argument as it relates to Mr. Garcia.

3

In the complaint, Plaintiff alleges that the case is properly brought in the Northern District of California because Plaintiff himself is located here. *See* Compl. at ¶ 4. That, however, is not enough for the Court to exercise personal jurisdiction over Defendants. And Plaintiff, not Defendants, bears the burden of demonstrating that the Court has jurisdiction over Defendants. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The complaint alleges that Defendants all reside outside California: Mr. Garcia and Ms. Garcia reside in Guatemala, and Knightsbridge is a New Mexico limited liability company. *See* Compl. at ¶¶ 1, 7–9, 45. The address at which Plaintiff has attempted to serve Knightsbridge is also located in New Mexico. *See* Dkt. Nos. 25, 42, 45.

In determining whether the exercise of personal jurisdiction over a nonresident defendant is proper, the district court must apply the law of the state in which it sits—here, California—when there is no applicable federal statute governing personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law allows for the exercise of "jurisdiction on any basis not inconsistent with the Constitution of th[e] state or of the United States." Cal. Civ. Proc. Code § 410.10. A court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). A plaintiff may invoke either general or specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes." *Id.*

A court may assert general personal jurisdiction over a defendant "when [his] affiliations with the State are so 'continuous and systematic' as to render [him] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). A court may assert specific jurisdiction over a defendant if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directed conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related

4

activities; and (3) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802.

Plaintiff's complaint contains no allegations about Mr. Garcia's ties (or the other Defendants' ties) to California at all. The Court therefore **ORDERS** Plaintiff to **SHOW CAUSE** why the Court should not dismiss the case as to Mr. Garcia for lack of personal jurisdiction. Plaintiff shall file a response of no more than ten pages by January 10, 2025.[4]

### C. Conclusion

Accordingly, the Court **GRANTS** the motions for letters rogatory, Dkt. Nos. 27 and 28, and directs the Clerk to affix the Court's signature and seal to the forms, Dkt. No. 27-1 and Dkt. No. 28-1. The Court further extends Plaintiff's deadline to serve the individual Defendants to March 28, 2025. By March 28, 2025, Plaintiff must file a declaration and any supporting proof confirming that the individuals have been served under the IACAP, or alternatively, a status report (1) detailing where his efforts stand to serve Defendants and (2) how much additional time he needs to serve them.

The Court **STRIKES** Dkt. Nos. 37, 40, 43, and directs the Clerk to remove them from the docket.

The Court further **ORDERS** Plaintiff to **SHOW CAUSE** why the Court should not dismiss the case as to Mr. Garcia for lack of personal jurisdiction. Plaintiff shall file a response of no more than ten pages by January 10, 2025.

**IT IS SO ORDERED.**

Dated: 12/13/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] The Court respectfully suggests that Plaintiff consider whether the Court has a viable legal basis for personal jurisdiction over the other Defendants before he continues incurring expenses in trying to serve them or in seeking default judgment. As discussed, the case cannot proceed here if the Court cannot exercise personal jurisdiction over Defendants. *See In re Tuli*, 172 F.3d at 712.