Laurence Jay Shaw
99 Yosemite Road
San Rafael, CA 94903
(415) 812-6203
larry@knightsbridgedualband.com

*Pro se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>EDWIN DARIO MANZANO GARCIA, an individual, a/k/a EDWIN MANZONI; KNIGHTSBRIDGE SLEEP SOLUTIONS LLC, a New Mexico corporation; and VERONICA ROSIBEL MANZANO GARCIA, an individual,<br><br>  Defendants. | Case No.  4:24-cv-05826-HSG<br><br>**REPLY TO ORDER TO SHOW CAUSE RE PERSONAL JURISDICTION OF DEFENDANT EDWIN DARIO MANZANO GARCIA** |

Plaintiff Laurence Jay Shaw ("Shaw") respectfully submits this reply to the Court's Order to Show Cause (Dkt. No. 47) regarding personal jurisdiction over defendant Edwin Dario Manzano Garcia ("Mr. Garcia").

## I. Introduction

Shaw operates a business (Knightsbridge Sleep Solutions; the "Company") selling the Knightsbridge® Dual Band™ anti-snoring chin strap (the "Product"), a business manufacturing and marketing a toy called Astrojax® (New Toy Classics), and a business providing services as a federally registered patent agent (Integral Patent). *See* Dkt. No. 1 ("Compl.") at ¶ 6. Shaw's three businesses are based in San Rafael, California. (*See* Exhibits JUR-1.1, JUR-1.2, and JUR-1.3) Mr. Garcia had administrative access to electronic assets of the Company prior to the Hijacking Date (defined below). Mr. Garcia had non-administrative access to electronic assets of New Toy Classics until the Hijacking Date when his access to those accounts was terminated. Mr. Garcia was never authorized access to any electronic assets of Integral Patent. *See id* at ¶ 7.

On or around October 6, 2023 (the "Hijacking Date"), Mr. Garcia unlawfully seized electronic assets of the Company and physical manufacturing assets and inventory at the Company's Guatemala production facility (*see id* at ¶¶ 34, 37), and since that time has operated a counterfeiting organization (the "Counterfeiting Organization") utilizing Shaw's intellectual properties without authorization in the marketing and sales of counterfeit product ("Counterfeit Product") (*see id* at ¶¶ 47, 48, 51, 52, 53) which includes stolen inventory (*see id* at ¶¶ 40). In December 2023, Mr. Garcia formed a New Mexico corporation (the "Counterfeit LLC") under the name of Shaw's Company (*see id* at ¶ 45) to market and sell Counterfeit Product in the United States (with an appended "LLC"). Mr. Garcia is the sole member of the Counterfeit LLC and uses the Counterfeit LLC as an alter ego. Furthermore, Mr. Garcia has engaged in a campaign of sabotage via unlawful access to

digital infrastructure of Shaw's three district-based businesses.  *See id* at ¶¶ 58-64.

## II.  Jurisdiction under 28 U.S.C. § 1391(c)(3) – All Claims

Mr. Garcia is a resident of Guatemala.  *See* Compl. at ¶ 7.  Under 28 U.S.C. § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

The Counterfeit LLC which Mr. Garcia has set up in New Mexico is essentially an alter ego through which he operates in the United States.  Mr. Garcia formed the Counterfeit LLC under false designation of the name of Shaw's Company and is its sole member.  Mr. Garcia's presence in the New Mexico forum is, on information and belief, merely a mail drop at a virtual office (*see* Second Motion for Entry of Default (Dkt. No. 46), ¶¶ 8 and 9).  Furthermore, the Counterfeit LLC's incorporation registration with the State of New Mexico is now deficient due to Mr. Garcia filing fraudulent incorporation information in an attempt to evade service of process (*see id,* ¶ 9), and.

California's "long-arm statute," Cal Code Civ. Proc. Sec. 410.10, permits the Court to exercise personal jurisdiction over a defendant to the extent permitted by law.  Mr. Garcia certainly has "minimum contacts" within this forum as documented in detail below.  Exercising jurisdiction would be reasonable and not offend traditional notions of fair play and substantial justice.  Mr. Garcia is facile with online technologies and has already participated in the proceedings of this Court.  His participation in legal proceedings would presumably not be any different in any other forum that enables electronic filings, and certainly does not constitute a deprivation of due process.  Hence, exercise of personal jurisdiction of Mr. Garcia in this District is proper with regards to all claims in this action.

**III. Jurisdiction based on Explicit Consent – Claims 3 and 10**

On March 6, 2024, Mr. Garcia explicitly consented to the jurisdiction of this District by submitting a Counter Notice in response to a Google Search DMCA Takedown Notice filed by Shaw regarding Mr. Garcia's infringement of Shaw's copyrights. (*See* Compl., ¶ 4; Dkt. No. 1-1 ("Complaint Decl.") at ¶ 2; Dkt. No. 4-4 ("Compl. Decl. Exhibits"); Exhibit COM-1.1.) As per the top of the second page of Exhibit COM-1.1, Mr. Garcia has consented to the jurisdiction of the Northern District of California since Mr. Garcia resides in Guatemala at the address provided on the first page of Exhibit COM-1.1. Having voluntarily consented to this Court's jurisdiction with regards to copyright infringement, Mr. Garcia cannot subsequently revoke consent. Hence, exercise of personal jurisdiction of Mr. Garcia in this District is proper with regards to the copyright infringement claims, Claims 3 and 10. (These copyrights are utilized on the Counterfeit Website (see Compl. at ¶¶ 48 and 49) and the Counterfeit Information Sheet (see Compl. at ¶ 52) included with Counterfeit Product, thereby connecting these claims to the racketeering operations alleged in Claims 9 through 15.)

**IV. Specific Personal Jurisdiction based on Misappropriation and Sabotage of Assets of Shaw's District-Based Companies – Claims 4 though 8**

A court may assert specific jurisdiction over a defendant if (1) the defendant … purposely directed conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice. *Schwarzenegger,* 374 F.3d at 802.

All three of Shaw's businesses are based in this District (as per Exhibits JUR-1.1, JUR-1.2 and JUR-1.3) and have been the target of unlawful activities by Mr. Garcia. In particular, on or around October 6, 2023 (the "Hijacking Date"):

(a) Mr. Garcia misappropriated Guatemala-located physical assets and core digital infrastructure of the Company, including the Shopify account, domain name dualbandchinstrap.com, and Gmail account (*see* Compl. at ¶¶ 36, 37, 42; Compl. Decl. at ¶ 18, 23; Claim 6 at ¶ 3).

And subsequent to the Hijacking Date, Mr. Garcia has engaged in a campaign of sabotage against the Company and Shaw's other two businesses, including:

(b) unlawful access and misappropriation of the domain name account and Gmail account of New Toy Classics (*see* Compl. at ¶ 64; Compl. Decl. at ¶ 43; Claim 7 at ¶ 5; Claim 8 at ¶ 2);

(c) unlawful access and misappropriation of the domain name account and Gmail account of Integral Patent (*see* Compl. at ¶ 62; Compl. Decl. at ¶ 42; Claim 7 at ¶ 3; Claim 8 at ¶ 3);

(d) unlawful access and misappropriation of the Company's post-hijacking domain name account (*see* Compl. Decl. at ¶ 59; Compl. at ¶ 38; Claim 6 at ¶ 5; Claim 8 at ¶ 5);

(e) filing of a fraudulent DMCA takedown notice with Shopify against the Company (*see* Compl. at ¶ 61; Compl. Decl. at ¶ 40; Claim 5; Claim 8 at ¶ 7);

(f) unlawful access and misappropriation of funds from New Toy Classics' Shopify account (*see* Compl. at ¶ 65; Compl. Decl. at ¶ 43; Claim 6 at ¶ 3);

(g) unlawful access and destruction of data in New Toy Classics' YouTube account (*see* Compl. at ¶ 60; Compl. Decl. at ¶ 39; Mr. Garcia's filing Dkt. No. 38 at ¶ 8 (on page 5); Claim 8 at ¶ 6);

(h) unlawful surveillance and use of Shaw's financial communications(*see* Compl. at ¶ 58; Complaint Decl. at ¶ 37; Claim 4 at ¶ 6); and

(i) misappropriation of the Company's Google Adwords account utilizing identifying information of the Counterfeit LLC (Exhibit JUR-3.1 is a true and accurate copy of a screenshot of the login page to the Company's Google AdWords account showing the account phone number is now set to 833-527-3227, and Exhibit JUR-3.2 is a top portion of the homepage of the Counterfeit Website showing that is the phone number of the Counterfeit LLC).

With regards to the first prong of the Schwarzenegger test: Mr. Garcia, having worked for Shaw for years, was aware that Shaw's three businesses are based in the San Francisco Bay Area. Mr. Garcia's misappropriations of assets of Shaw's Company on the Hijacking Date and subsequent campaign of sabotage was purposely directed Shaw's three district-based companies, having its effects in this District in the form of loss of information in decades of business email correspondence, disruption of business operations, loss of customers and business opportunities, and time and expense in recovery and reconstruction.

With regards to the second prong of the Schwarzenegger test: As listed above, Claims 4, 5, 6, 7 and 8 arise directly from Mr. Garcia's above-listed forum-directed activities.

With regards to the third prong of the Schwarzenegger test: Mr. Garcia deliberately engaged in a campaign of tortious conduct directed at Shaw's district-based businesses. Notably, Garcia even engaged in attacks on Shaw's patent agent services business despite that business having no prior relationship to Mr. Garcia. Given Mr. Garcia's purposeful targeting of Shaw's district-based businesses, it is reasonable and just to hale Mr. Garcia before the Court of this District. Mr. Garcia's unlawful activities were perpetrated via unauthorized remote electronic access from Guatemala and could have been conducted from any location with internet access -- no other forum would be more appropriate than this District.

**V. General Personal Jurisdiction based on Continuous and Systematic Operations of the Counterfeit LLC in this District – Claims 1-3 and 9-15**

General personal jurisdiction may be exercised when a defendant has contacts with the forum which are "continuous and systematic." Mr. Garcia, via alter ego the Counterfeit LLC, has operated as a counterfeiting organization utilizing false designation of origin under the name of Shaw's Company and Shaw's intellectual properties to unlawfully harvest revenues in a manner that is

5

continuous and systematic.

Counterfeit Product, which has included stolen goods (*see* Compl. at ¶ 40; Compl. Decl. at ¶ 21; Claim 14), has born labelling with Shaw's registered trademarks KNIGHTSBRIDGE and DUAL BAND (*see* Compl. at ¶ 51; Complaint Decl. at ¶ 31; Claims 1 and 2), and has been shipped with an instruction sheet (the "Counterfeit Instruction Sheet") which is substantially a copy of Shaw's Instruction Sheet, violating Shaw's Copyrights (*see* Compl. at ¶ 52; Complaint Decl. at ¶ 31; Claims 3 and 10).  The Counterfeit LLC utilizes a website (the "Counterfeit Website") which displays Shaw's Copyrights (*see* Compl. at ¶ 48; Complaint Decl. at ¶ 28(c);  Claims 3, 10, 11 and 13), and has sent marketing emails utilizing Shaw's trademark DUAL BAND and false designation of origin under the name of Shaw's Company (*see* Compl. at ¶ 53; Complaint Decl. at ¶ 32; Claims 2, 3, 11 and 13).  Mr. Garcia, operating via the Counterfeit LLC, has sold Counterfeit Product to consumers via United States Postal Service (*see* Compl. at ¶ 51; Compl. Decl. at  ¶ 31; Exhibit COM-14.1; Claims 12 and 13) to fund his operations in Guatemala (*see* Compl. at ¶ 46; Compl. Decl. at ¶ 26; Claims 15).

With regards to aspects of the above-described operations, Mr. Garcia, operating via the Counterfeit LLC, has:

(a) utilized Shopify's Flexport Hub in San Bernadino, California to warehouse and ship Counterfeit Product to consumers via United States Postal Service (*see* Compl. at ¶ 51; Compl. Decl. at  ¶ 31; Exhibit COM-14.1; Claims 12 and 13);

(b) sold Counterfeit Product to consumers within this District, Exhibit JUR-2 being a true and accurate copy of an envelope of one such sale to a customer in this District in San Rafael, California (the "San Rafael Customer");

(c) utilized the Counterfeit Website, which is accessible in this District and hosted by Shopify, which has an office in this District at 33 New Montgomery Street, #750, San Francisco, CA 94105,

6

to market and sell Counterfeit Product in this District -- the envelope of Exhibit JUR-2 being utilized for the delivery of one such purchase to the San Rafael Customer -- to fund the counterfeiting organization's Guatemala-based operations (*see* Compl. at ¶¶ 46, 47, 48; Compl. Decl. at ¶¶ 26, 27, 28; Claims 11, 13 and 15); and

(d) sent emails marketing the Counterfeit Product and displaying Shaw's trademark DUAL BAND and false designation of Shaw's Company to consumers within this District, the email of Exhibit COM-15 being an email to the San Rafael Customer (*see* Compl. at ¶ 53; Compl. Decl. at ¶ 32; Claims 11 and 13).

Hence, day-to-day operations of the Counterfeit LLC involve continuous and systematic false designation of origin (Claim 1), trademark infringement (Claim 2), and copyright infringement (Claim 3) as part of a pattern of racketeering activity (Claim 9) that includes criminal copyright infringement (Claim 10), wire fraud (Claim 11), mail fraud (Claim 12), commerce in the execution of a scheme to defraud (Claim 13), transportation of stolen goods (Claim 14), and laundering of monetary instruments (Claim 15).  Therefore, exercise of general personal jurisdiction over Mr. Garcia in this District is proper with regards to Claims 1-3 and 9-15.

**VI.  Specific Personal Jurisdiction based on Availment of District Infrastructure and Business Assets Developed in this District – Claims 1-3 and 9-15**

A court may assert specific personal jurisdiction over a defendant if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws …; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice.  *Schwarzenegger,* 374 F.3d at 802.

As described above in Section V, Mr. Garcia, via his alter ego the Counterfeit LLC, has

7

availed himself of the privileges of conducting the unlawful activities of Claims 1-3 and 9-15 in this forum in the warehousing of Counterfeit Product in California, marketing and sales of Counterfeit Product utilizing the electronic infrastructure of this District, and delivery of Counterfeit Product to consumers utilizing the electronic and physical infrastructure of this District.

Furthermore, Mr. Garcia, via his alter ego the Counterfeit LLC, has availed himself of the privileges of conducting activities in this forum in:

(a) benefiting from impersonation of Shaw's Company, which has been based in this District since its establishment, via false designation of origin (see Claim 1),

(b) marketing and sales of an award-winning anti-snoring chin strap (*see* Compl. at ¶ 25) which was developed by Shaw in this District (*see* Amended Declaration in Support of Second Application for Temporary Restraining Order (Dkt. No. 35-2) at ¶ 17),

(c) utilizing intellectual properties developed by Shaw (Claims 1-3 and 9-15), including even representations of Shaw himself and pictures of other residents of this District (*see* Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights (Dkt. No. 5) at ¶¶ 3, 4 and 7), and

(d) utilizing fraudulent identity via Shaw's address in this District in attempting to open a Selling on Amazon account (*see* Compl. at ¶ 66, Compl. Decl. at ¶ 44, Exhibit COM-22)

Shaw's residence in this District, the development of the Product and associated intellectual properties in this District, and the establishment and operations of the Company in this District were enabled by the infrastructure of this District made possible by the laws of California.  Given this in combination with the operations of the Counterfeit LLC in this District enumerated in Section V, exercise of specific personal jurisdiction of Mr. Garcia in this District is proper with regards to Claims 1-3 and 9-15.

### VII. Specific Personal Jurisdiction with Regards to Counterfeiting based on District-Directed Tortious Acts – Claims 1-3 and 9-15

A court may assert specific personal jurisdiction over a defendant if (1) the defendant … purposely directed conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice. *Schwarzenegger,* 374 F.3d at 802.  In *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) it is noted that when a "defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state," then a "something more" is present and personal jurisdiction is properly exercised.

The effects felt in this District are not simply a by-product of Mr. Garcia's unlawful harvesting of revenues rightly due Shaw's Company because the business model of Mr. Garcia's counterfeiting operations does not merely involve the marketing of Counterfeit Product.  Mr. Garcia operates a racketeering organization in a cyber-mobster fashion.  With regards to the counterfeiting operations *per se*, the racketeering organization (Claim 9) engages in the predicate acts of criminal copyright infringement (Claim 10), wire fraud (Claim 11), mail fraud (Claim 12), commerce in the execution of a scheme to defraud (Claim 13), transportation of stolen goods (Claim 14), and laundering of monetary instruments (Claim 15) utilizing Shaw's designation of origin (Claim 1), trademarks (Claim 2) and copyrights (Claim 3).  Moreover, Mr. Garcia (in conspiracy with defendant Veronica Rosibel Manzano Garcia, *see* Compl. at ¶ 58) has engaged in a campaign of sabotage targeting Shaw's three district-based Companies which has included unlawful access to stored communications (Claim 4), knowing misrepresentation in Digital Millenium Copyright Act Takedown Notices (Claim 5), conversion of funds and electronic assets of all three of Shaw's district-based companies (Claims 6 and 7), and interference with prospective economic advantage (Claim 8). Mr. Garcia's counterfeiting operations (Claims 1-3 and 9-15) have been enabled and are

9

supported by his tortious acts of sabotage directed at this District (Claims 4-8) (including via use of the identity of his alter ego, the Counterfeit LLC (*see* Section IV at ¶ 2(i))) which have impaired Shaw in ability to market the legitimate Product and handicapped him in seeking redress.  Hence, there has been "directed [] activity in a substantial way to the forum state" and exercise of specific personal jurisdiction over Mr. Garcia with regards to Claims 1-3 and 9-15 is proper.

## VIII. Conclusion

This Court has personal jurisdiction over Mr. Garcia through the multiple independent grounds detailed above.  Each of these grounds independently supports this Court's personal jurisdiction, and collectively they demonstrate Mr. Garcia's substantial and deliberate unlawful engagement with this forum.

I, Laurence Jay Shaw, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto, that all exhibits referenced and attached hereto are true and accurate copies of the original documents, and that the above is true and correct.

Executed this 10th day of January 2025 at San Rafael, California.

X: _____/Laurence Jay Shaw/_____
    Laurence Jay Shaw
    Plaintiff, *pro se*

10
REPLY TO ORDER TO SHOW CAUSE RE PERSONAL JURISDICTION OF DEFENDANT EDWIN DARIO MANZANO GARCIA
(CASE NO. 4:24-CV-05826-HSG) – JUDGE HAYWOOD S. GILLIAM, JR.