1  Laurence Jay Shaw
   99 Yosemite Road
2  San Rafael, CA 94903
   (415) 812-6203
3  larry@knightsbridgedualband.com

4  *Pro se*

5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8                                    )  **Case No. 4:24-cv-05826-HSG**
                                     )
9  LAURENCE JAY SHAW, an individual, )
                                     )  **Date: April 17, 2025**
10          Plaintiff,               )  **Time: 2:00 pm**
                                     )  **Courtroom: 2**
11      v.                           )  **Judge: Hon. Haywood S. Gilliam, Jr.**
                                     )
12  EDWIN DARIO MANZANO GARCIA, an   )
    individual, a/k/a EDWIN MANZONI; )
13  KNIGHTSBRIDGE SLEEP SOLUTIONS LLC,)
    a New Mexico corporation; and    )
14  VERONICA ROSIBEL MANZANO GARCIA, )  **PLAINTIFF'S NOTICE OF MOTION AND**
    an individual,                   )  **MOTION FOR DEFAULT JUDGMENT**
15                                   )  **AGAINST DEFENDANT**
            Defendants.              )  **KNIGHTSBRIDGE SLEEP SOLUTIONS**
16                                   )  **LLC**

17                                      **Fed. R. Civ. P. 55(b)(2)**

18

19

20

21

22

23

24  _____

25

26

27

28

1

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES.............................................................................4

II. STATEMENT OF FACTS.......................................................................5 I

II. PROCEDURAL HISTORY......................................................................7

IV. BASIS FOR DEFAULT JUDGMENT.......................................................10

A. Plaintiff Will Suffer Prejudice if Default Judgment Is Not Entered.................11

B. Plaintiff's Claims Are Meritorious and Well-Pleaded....................................11

C. The Amount at Stake Is Proportionate to the Claims..................................11

D. There Is No Dispute of Material Fact......................................................11

E. Defendant's Failure to Appear Is Not Due to Excusable Neglect....................11

F. The Policy Favoring Decisions on the Merits Does Not Preclude Default Judgment..12

V. CLAIMS FOR RELIEF.............................................................................12

A. Claim 1 — False Designations of Origin (15 U.S.C. § 1125(a)).....................12

B. Claim 2 — Trademark Infringement (15 U.S.C. § 1114(1)(a) and Common Law)..13

C. Claim 3 — Copyright Infringement (17 U.S.C. §§ 106, 501 and 504(c)(2))....14

D. Claim 5 — Digital Millennium Copyright Act (DMCA) Violations (17 U.S.C. § 512(f))..16

E. Claim 9 — Racketeering (18 U.S.C. § 1962(c)).........................................16

F. Claim 10 — Criminal Copyright Infringement (17 U.S.C. § 506(a)(1)(A)).......17

G. Claim 11 — Wire Fraud (18 U.S.C. § 1343)..............................................17

H. Claim 12 — Mail Fraud (18 U.S.C. § 1341)..............................................17

I. Claim 13 — Commerce in Scheme to Defraud (18 U.S.C. § 2314, second paragraph)..18

J. Claim 14 — Transportation of Stolen Goods (18 U.S.C. § 2314, first paragraph)..18

K. Claim 15 — Money Laundering (18 U.S.C. § 1956(a)(2)(A)).......................18

1

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VI. STATUTORY DAMAGES.............................................................................19

VII. CONCLUSION AND PRAYER FOR RELIEF..........................................19

**TABLE OF AUTHORITIES**

**Cases**

*In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)........................................................10

*NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co.*, 840 F.3d 606, 616 (9th Cir. 2016)......10

*Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)....................11

*Yoo v. Arnold*, 615 F. App'x 868, 870 (9th Cir. 2015)..............................................11

**Statutes**

15 U.S.C. § 1114(1)(a)...............................................................................13

15 U.S.C. § 1117(b)...................................................................................19

15 U.S.C. § 1125(a)...................................................................................12

17 U.S.C. § 106......................................................................................14

17 U.S.C. § 501......................................................................................14

17 U.S.C. § 504(c)(2)................................................................................14

17 U.S.C. § 506(a)(1)(A).............................................................................17

17 U.S.C. § 512(f)...................................................................................16

18 U.S.C. § 1341.....................................................................................17

18 U.S.C. § 1343.....................................................................................17

18 U.S.C. § 1956(a)(2)(A)............................................................................18

18 U.S.C. § 1956(a)(7)(A)............................................................................19

18 U.S.C. § 1961(1)..................................................................................19

18 U.S.C. § 1962(c)...............................................................................16

18 U.S.C. § 1964(c)...............................................................................19

18 U.S.C. § 2314...................................................................................18

**Rules**

Fed. R. Civ. P. 4(c)(2).............................................................................7

Fed. R. Civ. P. 12(a)(1)(A)(i)...................................................................8

Fed. R. Civ. P. 55(b)(2)..........................................................................10

PLAINTIFF'S NOTICE OF MOTION AND  MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT KNIGHTSBRIDGE SLEEP SOLUTIONS LLC
(CASE NO. 4:24-CV-05826-HSG) – JUDGE HAYWOOD S. GILLIAM, JR.

PLEASE TAKE NOTICE that on April 17, 2025, at 2:00 p.m., or as soon thereafter as Plaintiff may be heard, in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Plaintiff Laurence Jay Shaw ("Shaw"), appearing *pro se*, will and hereby does move this Court for entry of default judgment against defendant Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC").

By this Motion, Plaintiff seeks: (1) default judgment against the Counterfeit LLC on claims for false designation of origin, trademark infringement, copyright infringement, DMCA violations, and racketeering; (2) statutory damages in the amount of $271,875; (3) a declaration of Shaw's ownership of copyrighted works; (4) permanent injunctive relief prohibiting the Counterfeit LLC from use of Shaw's designations of origin, trademarks and copyrights; (5) an order for destruction of all infringing materials; and (6) an order for dissolution of the Counterfeit LLC.

## I.  STATEMENT OF ISSUES

This Motion for Default Judgment presents the following issues for the Court's determination:

1. Whether default judgment should be entered against Defendant Knightsbridge Sleep Solutions LLC (the "Counterfeit LLC") pursuant to Fed. R. Civ. P. 55(b)(2);

2. Whether Plaintiff has established the Counterfeit LLC's liability for false designation of origin, trademark infringement, copyright infringement, DMCA violations, and racketeering (including predicate acts of criminal copyright infringement, wire fraud, mail fraud, commerce in the execution of a scheme to defraud, transportation of stolen goods, and laundering of monetary instruments);

3. Whether Plaintiff is entitled to statutory damages in the amount of $271,875 for the Counterfeit LLC's willful infringement and racketeering activities;

4.  Whether the Court should declare Plaintiff's ownership of the copyrighted works enumerated in Plaintiff's Declaration Regarding Genesis and Ownership of Shaw's Copyrights (Dkt. No. 5); and

5.  Whether permanent injunctive relief should be granted to prohibit the Counterfeit LLC from using Plaintiff's designations of origin, trademarks and copyrights, to order destruction of all infringing materials, and to order dissolution of the Counterfeit LLC.

## II. STATEMENT OF FACTS

This action arises from the theft of physical and core electronic operational assets of Shaw's medical device business (the "Company") and subsequent counterfeiting utilizing Shaw's intellectual properties in combination with a campaign of unlawful sabotage of Shaw's Company and Shaw's other sources of revenues.  Shaw is the inventor of an award-winning anti-snoring chin strap of WIPO Patent Publication No. WO 2021007181 A1 (the "Product") which is utilized by direct consumers and in medical facilities and sleep clinics.  Since late 2019, Shaw has sold the Product under US Trademark No. 7513228 for KNIGHTSBRIDGE and US Trademark No. 6120858 for DUAL BAND (*see* Complaint ¶¶ 26, 28) utilizing Shaw's copyrights (*see* Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights (Dkt. No. 5), "Shaw's Copyrights") and utilizing the company name Knightsbridge Sleep Solutions (the "Company Name") (*see* Complaint ¶ 24).  On or around October 6, 2023 (the "Hijacking Date"), defendant Edwin Dario Manzano Garcia ("Mr. Garcia"), then an employee of the Company, misappropriated Guatemala-located physical assets and all electronic assets of the Company, including the domain name dualbandchinstrap.com and the associated Shopify and email accounts (*see* Complaint ¶¶ 34, 36, 37), and inventory having a wholesale value of roughly $31,400 and a retail value of roughly twice that amount (*see* Complaint ¶

40, Complaint Decl. ¶ 21, Exhibit COM-8).

On December 22, 2023, Mr. Garcia formed a New Mexico limited liability corporation (the "Counterfeit LLC") under the name Knightsbridge Sleep Solutions LLC, Mr. Garcia being the sole member (*see* Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2). Since December 22, 2023, the Counterfeit LLC has operated as the legal entity for operations in the United States of a counterfeiting organization utilizing Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND, Shaw's Copyrights, and false designation of origin under Shaw's Company Name. The Counterfeit LLC maintains a website that is nearly identical to Shaw's legitimate website (*see* Complaint ¶ 48, Complaint Decl. ¶ 28), sells counterfeit products bearing Shaw's trademarks and designations of origin (*see* Complaint ¶ 51, Complaint Decl. ¶ 31, Exhibits COM-14.2 and COM-14.3), and includes information sheets with the counterfeit products that infringe Shaw's copyrights (*see* Complaint ¶ 52, Complaint Decl. ¶ 31, Exhibits COM-14.4 and COM-14.5). The Counterfeit LLC distributes Counterfeit Product to customers in Northern California via a fulfillment center in San Bernardino, California (*see* Complaint ¶ 51, Complaint Decl. ¶ 31, Exhibit COM-14.1).

Furthermore, since the Hijacking Date, Mr. Garcia, in conspiracy with defendant Veronica Rosibel Manzano Garcia ("Ms. Garcia"), has engaged in a campaign of unlawful sabotage of Shaw's Company and Shaw's two other district-based businesses (*see* Complaint ¶¶ 58-65). Mr. Garcia has continued this unlawful sabotage even subsequent to entry of default of the Counterfeit LLC, including via use of the identity of the Counterfeit LLC in the misappropriation of the Company's Google Adwords account (*see* Dkt. No. 52).

Shaw initiated this action by filing a Complaint (Dkt. No. 1) on August 23, 2024, the Complaint asserting claims against the Counterfeit LLC for false designations of origin (Claim 1), trademark infringement (Claim 2), copyright infringement (Claim 3), knowing misrepresentation in

6

PLAINTIFF'S NOTICE OF MOTION AND  MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT KNIGHTSBRIDGE SLEEP SOLUTIONS LLC
(CASE NO. 4:24-CV-05826-HSG) – JUDGE HAYWOOD S. GILLIAM, JR.

a DMCA takedown notice (Claim 5), and racketeering (Claim 9) involving the predicate

racketeering acts of criminal copyright infringement (Claim 10), wire fraud (Claim 11), mail fraud

(Claim 12), commerce in the execution of a scheme to defraud (Claim 13), transportation of stolen

goods (Claim 14), and laundering of monetary instruments (Claim 15).  Despite proper service of

process on the Counterfeit LLC, the entity has failed to appear or defend in this action, and the Clerk

entered default against the Counterfeit LLC on December 17, 2024.

### III.  PROCEDURAL HISTORY

1.  The Complaint (Dkt. No. 1) in this action was filed on August 23, 2024.

2.  As is described in ¶ 6 of Dkt. No. 34, Shaw's first attempt to serve the Counterfeit LLC on

August 27, 2024 was improper since, contrary to the requirements of Fed. R. Civ. P. 4(c)(2), Shaw

himself mailed the summons package to the registered agent of the Counterfeit LLC.

3.  On September 13, 2024, Mr. Garcia electronically filed an initial answer to the Complaint and

a cross-complaint (Dkt. No. 16) utilizing the PACER system.  Since that date, Mr. Garcia has

received notifications via the PACER system to Mr. Garcia's email address of activities in this case,

including the issuance of summons, and has utilized the PACER system in the filings of Dkt. Nos.

17, 21, 22, 26, 32, 38, and 40.  Mr. Garcia's filings of Dkt. Nos. 16, 17, 21, 22, 26, 32, 38, and 40

reflect detailed knowledge of Shaw's filings.

4.  On October 1, 2024, a new summons for the Counterfeit LLC was issued by the Court (Dkt.

No. 20).

5.  On October 10, 2024, Shaw attempted service upon the Counterfeit LLC via delivery by

overnight mail, return receipt requested, to Northwest Registered Agent, the registered agent of the

Counterfeit LLC identified on the website of the State of New Mexico (*see* Dkt. No. 25).  As further

described in Dkt. No. 25, on October 10, 2024 (i) receipt of the package by Northwest Registered Agent was refused, (ii) Shaw was informed by telephone by an employee of Northwest Registered Agent that the Counterfeit LLC had terminated their relationship with Northwest Registered Agent, and yet (iii) the website of the State of New Mexico listed Northwest Registered Agent as the registered agent of the Counterfeit LLC.

6.  As per Exhibit MDJ-1, the incorporation information of the Counterfeit LLC listed on the website of the Secretary of State of New Mexico was altered on October 23, 2024.  In particular, as per ¶ 2 of Dkt. No. 34, on that date the mailing address was changed to 4801 Lang Avenue, Suite 110, Albuquerque, NM 87109 (the "Lang Address"), and the registered agent and physical address was changed to 4801 Lang Avenue, Suite 110, Albuquerque, NM 87107 [sic].  (The correct zip code of 4801 Lang Avenue, Suite 110, Albuquerque, NM is 87109.)  As per ¶ 9 of Dkt. No. 46, the Lang Address is the address of United Virtual Office, which is not a registered agent.

7.  On November 1, 2024, service of process was effected on the Counterfeit LLC when the summons package was delivered to and signed for at the Lang Address, as is described in Dkt. No. 34, ¶¶ 1-4.

8.  On November 7, 2024, the summons package delivered to the Counterfeit LLC, as is described in Dkt. No. 34, ¶¶ 1-4, was returned to the United States Postal Service as "refused," as is described in Dkt. No. 44.

9.  On November 16, 2024, Mr. Garcia submitted Dkt. No. 40 to the Court in which it is stated that the "main office" of the Counterfeit LLC is at 4801 Lang Avenue, Albuquerque, NM.  (No suite number or zip code was specified.)

10.  On November 20, 2024, service of process was effected on the Counterfeit LLC by a process server, as is described in Dkt. No. 42.

11.  On December 14, 2024, Shaw submitted a motion for entry of default (Dkt. No. 48) since the Counterfeit LLC had failed to answer or otherwise respond to service of process within 21 days as required under Fed. R. Civ. P. 12(a)(1)(A)(i) given service as per ¶ 5 and/or ¶ 7 and/or ¶ 9, above.

12.  The Clerk entered default against the Counterfeit LLC on December 17, 2024 (Dkt. No. 50).

13.  On January 10, 2025, Shaw submitted Reply to Order to Show Cause re Personal Jurisdiction of Defendant Edwin Dario Manzano Garcia (Dkt. No. 51) in response to the Court's order to show cause regarding jurisdiction (Dkt. No. 47).

14.  The Counterfeit LLC is a corporation and not a minor, incompetent person, or member of the military service.

15.   On January 28, 2025 and February 12, 2025, Shaw filed applications for temporary restraining order (Dkt. Nos. 52 and 54) for relief with regards to continuing acts of unlawful sabotage committed by Mr. Garcia against Shaw's Company, the earlier of which utilizing the identity of the Counterfeit LLC.


## IV.  BASIS FOR DEFAULT JUDGMENT

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may enter default judgment following the Clerk's entry of default by a party.  As per Dkt. No. 50, there was entry of default of the Counterfeit LLC on December 17, 2024.

When entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court must determine whether it has jurisdiction, *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  As noted at § III(13), Shaw has submitted arguments regarding the Court's personal jurisdiction over Mr. Garcia in Dkt. No. 51.  Mr. Garcia is the sole member of the Counterfeit LLC (*see* Complaint Decl. ¶ 4, Exhibit COM-2 (page 2)) and utilizes the Counterfeit LLC as an alter ego

9

PLAINTIFF'S NOTICE OF MOTION AND  MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT KNIGHTSBRIDGE SLEEP SOLUTIONS LLC
(CASE NO. 4:24-CV-05826-HSG) – JUDGE HAYWOOD S. GILLIAM, JR.

for his operations within the United States.  Thus, the reasons for personal jurisdiction being proper for Mr. Garcia in the same manner and for the same reasons to the Counterfeit LLC.

If jurisdiction is proper, the Court should then consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *NewGen, Ltd. Liab. Co. v. Safe Cig, Ltd. Liab. Co.*, 840 F.3d 606, 616 (9th Cir. 2016) (citation omitted).  These points are addressed below.

### 1.  Plaintiff Will Suffer Prejudice if Default Judgment Is Not Entered

Without default judgment, Shaw will continue to suffer considerable prejudice.  The Counterfeit LCC is not only unlawfully harvesting revenues properly due Shaw's Company via its counterfeiting, continued unlawful operations by the Counterfeit LLC utilizing Shaw's intellectual properties and designations of origin harms the reputation of Shaw, the Company, and the Product by (a) extending flagrant infringement of intellectual properties and designations of origin which public records show are owned by Shaw, and (b) permitting Counterfeit Product suffering from design alterations which harm the functionality of the Counterfeit Product (*see* Complaint ¶ 55, Complaint Decl. ¶ 34; Dkt. No. 35-2 at ¶ 19) to enter the market and tarnish public perception of the Product.

Furthermore, the Counterfeit LLC is utilizing false designation of origin via the Company Name to continue to sabotage the Company's operations via unlawful conversion the Company's Google Adwords account (*see* Dkt. No. 52).  The unlawful conversion of the Company's Google Adwords account, a core operational asset of the Company, further harms Shaw in that it allows the

Counterfeit LLC to dominate Google search results utilizing Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND (*see* Dkt. No. 52-1 at ¶ 16, Dkt. No. 52-2 at ¶ 15).

Judgement from this Court is urgently needed for rectification of this matter.

2.  Plaintiff's Claims Are Meritorious and Well-Pleaded

As detailed below in § V, Shaw's claims against the Counterfeit LLC are fully supported by evidence submitted as exhibits in the Complaint, Shaw's subsequent filings, and the declaration submitted herewith, and are therefore meritorious and well-pleaded.

3.  The Amount at Stake Is Proportionate to the Claims

Shaw seeks damages in the amount of $271,875.  This amount is justified based on statutory damages which are proportionate to the trebling of estimated unlawfully harvested-revenues as described in § VI below.

4.  There Is No Dispute of Material Fact

Evidentiary support for each element of each claim is provided below in § V.  Upon default, "the court accepts as true all factual allegations in the complaint, except those as to the amount of damages." *Yoo v. Arnold*, 615 F. App'x 868, 870 (9th Cir. 2015), citing *Tele Video Sys., Inc. v. Heidenthal*, 826 F. 2d 915, 917-18 (9th Cir. 1987).

5.  Defendant's Failure to Appear Is Not Due to Excusable Neglect

The Counterfeit LLC's failure to appear is not due to excusable neglect.  In fact, Mr. Garcia, the sole member of the Counterfeit LLC, has taken deliberate, unlawful steps in attempts to have the Counterfeit LLC evade the authority of this Court.  In particular:

 (i)  On October 1, 2024, Mr. Garcia was notified via the PACER system of the issuance of a new summons for the Counterfeit LLC via its registered agent Northwest Registered Agent (*see* §§ III(3) and III(4)), and by October 10, 2024, the delivery date of the new summons and associated

11

documents, the Counterfeit LLC's relationship with Northwest Registered Agent had been terminated without updating the incorporation information on the website of the State of New Mexico (*see* § III(5)).

(ii)  On October 23, 2024, the Counterfeit LLC's incorporation information was altered to list its mailing address as the Lang Address, and its physical and registered agent address as the Lang Address (with an erroneous last digit of the zip code) (*see* § III(6)), although the Lang Address is not that of a registered agent (*see* § III(6)).

(iii)  On November 1, 2024, a summons package was delivered and signed for at the Lang Address (*see* § III(7)), and then on November 7, 2024 the package was returned to the United States Postal Service as refused (*see* § III(8)).

(iv)  On November 16, 2024, Mr. Garcia explicitly informed this Court in Dkt. No. 40 that the address of the Counterfeit LLC is the Lang Address (with no suite number specified), yet delivery to that address had been refused nine days earlier (*see* § III(9)).

6.  The Policy Favoring Decisions on the Merits Does Not Preclude Default Judgment

Although the courts prefer to resolve cases on their merits, the Counterfeit LLC's failure to participate, and, in fact, the Counterfeit LLC's unlawful efforts to avoid the authority of this Court as outlined in ¶ 5 above, does not make that possible.

# V. CLAIMS FOR RELIEF

A.  Claim 1 -- False Designations of Origin (15 U.S.C. § 1125(a))

1.  Shaw's designations of origin:

(a) The Company Name "Knightsbridge Sleep Solutions" (Complaint ¶ 24, Complaint Decl. ¶ 9, Exhibits COM-3.1 and 3.2).

12

(b) Federal Trade Commission (FTC) registration number 159966 (Complaint ¶ 30, Complaint Decl. ¶ 13, Exhibits COM-5.1 and 5.2).

2. Elements of the claim: (a) Use of false designation of origin in interstate commerce.  (b) Likelihood "to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association" about origin of goods.

3. Evidence establishing liability: (a) The Counterfeit LLC is a New Mexico corporation (Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2).  (b) The Counterfeit LLC uses the Company Name (sometimes with an appended "LLC") in commerce on its website which is accessible in California (Complaint ¶ 48, Exhibit COM-9.1 (incorrectly cited as Exhibit 10.1 in the Complaint)). (c) The Counterfeit LLC uses the Company Name (sometimes with an appended "LLC") on marketing emails for commerce with customers in California (Complaint ¶ 53, Complaint Decl. ¶ 32, Exhibit COM-15).  (d) The Counterfeit LLC has used Shaw's FTC Registration Number RN159966 on product labels on Counterfeit Product (Complaint ¶ 51; Complaint Decl. ¶¶ 31, Exhibit COM-14.2) in commerce to customers in California via a fulfillment center in San Bernadino, California (Complaint ¶ 51; Complaint Decl. ¶¶ 31, Exhibit COM-14.1).  (e) The Counterfeit LLC's website is nearly identical to Shaw's legitimate website (Complaint ¶¶ 47-48; Complaint Decl. ¶¶ 27-28).

B.  Claim 2 -- Trademark Infringement (15 U.S.C. § 1114(1)(a) and Common Law)

1. Shaw's trademark rights:

(a) KNIGHTSBRIDGE mark:

 *  Common law rights from use since September 1, 2019; Shaw's trademark application
    no. 98215921 was pending at time of the filing of the Complaint (Complaint ¶ 28;
    Complaint Decl. ¶ 12).

13

\* Now registered as U.S. Trademark Reg. No. 7513228, registration date September 24, 2024 (Decl. re Def. Judg. ¶ 3,

Exhibit MDJ-3)

(b) DUAL BAND mark:

\* U.S. Trademark Reg. No. 6120858, first use September 1, 2019, registered August 4, 2020 (Complaint ¶ 26;  Decl. re Def. Judg. ¶ 4, Exhibit MDJ-4).

2.  Elements of the claim: Use of the trademarks in interstate commerce without consent to "cause confusion, or to cause mistake, or to deceive."

3.  Evidence establishing liability:  (a) The Counterfeit LLC is a New Mexico corporation (Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2).  (b) Labels on Counterfeit Product sold to customers in California via a fulfillment center in San Bernadino, California (Complaint ¶ 51; Complaint Decl. ¶¶ 31, Exhibit COM-14.1) bear the trademarks KNIGHTSBRIDGE and DUAL BAND (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit COM-14.3).  (c) The website of the Counterfeit LLC, viewable by customers in California, uses the trademarks KNIGHTSBRIDGE and DUAL BAND (Complaint ¶¶ 47-48, Complaint Decl. \*\*\*, Exhibit COM-9.1 (incorrectly cited as Exhibit 10.1 in the Complaint)).  (d) Marketing emails sent to customers in California utilize the trademark DUAL BAND (Complaint ¶ 53, Complaint Decl. ¶ 32, Exhibit COM-15).  (e) The Counterfeit LLC's website is nearly identical to Shaw's legitimate website (Complaint ¶¶ 47-48; Complaint Decl. ¶¶ 27-28).

4.  Willful nature of the violations: (a) Deliberate copying of Shaw's business identity via a website nearly identical to Shaw's legitimate website (Complaint ¶ 48, Complaint Decl. ¶ 28) except that attributions to Shaw have been removed (Complaint ¶ 48, Complaint Decl. ¶¶ 28(i)(f), Exhibit COM-9.6 vs. Exhibit GEN-1.5; Complaint ¶ 49, Complaint Decl. ¶ 29).  (b) Attempts to suppress

evidence of the history of the Product and Company (Complaint ¶ 68, Complaint Decl. ¶ 46, Exhibit COM-24).

C.  Claim 3 -- Copyright Infringement (17 U.S.C. §§ 106, 501 and 504(c)(2))

1.  Shaw's copyrights:  Shaw is the owner of the copyrighted works enumerated in the Copyright Declaration (Dkt. No. 5), including images, text, and layouts shown on (a) the Company's website (the "Company Website") (*see id* at ¶¶ 15-21, Exhibits GEN-1.1 through GEN-1.7;  *id* at ¶ 22-25, Exhibits GEN-2.1 through GEN-2.4; *id* at ¶ 26, Exhibit GEN-3; *id* at ¶ 27, Exhibit GEN-4;), (b) the product information sheet (the "Information Sheet") (*see id* at ¶¶ 30-31, Exhibits GEN-5.1 and GEN-5.2), and (c) the packaging card (the "Packaging Card") (*see id* at ¶ 6, Exhibit GEN-6).

2.  Elements of the claim: (a) Ownership of valid copyrights. (b) Copying of protected elements, which can be shown through: (i) evidence of access and (ii) substantial similarity between the works.

3.  Evidence establishing liability: (a) The Copyright Declaration (Dkt. No. 5) provides evidence of Shaw's genesis and ownership of each image enumerated in ¶ 1 above, and provides Shaw's sworn declaration of Shaw's genesis and ownership of text and layouts of the Company Website, Information Sheet, and Packaging Card.  (b) The Counterfeit LLC had access to Shaw's copyrighted works through Mr. Garcia's former position as an employee of the Company with access to electronic assets (Complaint ¶ 7, Complaint Decl. ¶ 3, Exhibit COM-1.2), and via Mr. Garcia unlawful misappropriation of the Shopify account which hosts the website and other electronic assets (Complaint ¶ 34, Complaint Decl. ¶ 16, Exhibit COM-7.1; Complaint ¶ 37, Complaint Decl. ¶ 18, Exhibit COM-7.4).  (c) The Counterfeit LLC's website is nearly identical to Shaw's legitimate website, using Shaw's copyrighted images, text, and layouts (Complaint ¶ 48, Complaint Decl. ¶ 28).

(d) The information sheet packaged with the Counterfeit Product by the Counterfeit LLC is nearly identical to the Company's Information Sheet (Complaint ¶ 52, Complaint Decl. ¶ 31, Exhibits COM-14.4 and COM-14.5 vs. Exhibits GEN-5.1 and GEN-5.2).  (e) The works used by the Counterfeit LLC are substantially similar, and in many cases identical, to Shaw's original copyrighted works.

    4. Willful nature of the violation:  (a) Deliberate copying of Shaw's business identity via a website nearly identical to Shaw's legitimate website (Complaint ¶ 48, Complaint Decl. ¶ 28) except that attributions to Shaw have been removed (Complaint ¶ 48, Complaint Decl. ¶¶ 28(i)(f), Exhibit COM-9.6 vs. Exhibit GEN-1.5;  Complaint ¶ 49, Complaint Decl. ¶ 29).  (b) Attempts to suppress evidence of the history of the Product and Company (Complaint ¶ 68, Complaint Decl. ¶ 46, Exhibit COM-24).  (c) The willful nature of the copyright violations is further corroborated by the pattern of willful trademark infringements as per Claim 2 and false designations of origin as per Claim 1, demonstrating a deliberate and systematic approach to misappropriating Shaw's intellectual property rights across multiple domains.


D.  Claim 5 -- Digital Millennium Copyright Act (DMCA) Violations (17 U.S.C. § 512(f))

    1.  Elements of violation: (a) Knowingly materially misrepresenting claimed infringement. (b) Resulting injury.

    2.  Evidence of violation: (a) Shaw's ownership of Shaw's Copyrights utilized on the Company's website is demonstrated in § V(C)(1)(a).  (b) Willfulness of the Counterfeit LLC's unauthorized use of Shaw's Copyrights is demonstrated in § V(C)(4).  (c) Filing of a DMCA takedown notice which cites the Counterfeit LLC's website posted at dualbandchinstrap.com, that website displaying Shaw's Copyrights which are used without authorization, constitutes material

misrepresentation (Complaint ¶ 61, Complaint Decl. ¶ 40, Exhibit COM-19).  (d) Resulting

takedown of the Company's legitimate website produced financial and reputation damage

(Complaint ¶ 61, Complaint Decl. ¶ 40) and financially benefitted the Counterfeit LLC.


E.  Claim 9 -- Racketeering (18 U.S.C. § 1962(c))

     1. Elements of violation: Conduct of (a) a person associated with (b) an enterprise engaging

in (c) a pattern of racketeering activity.

     2. Evidence of violation: (a) The Counterfeit LLC constitutes a "person" under 18 U.S.C. §

1961(c) in that the Counterfeit LLC is an entity capable of holding a legal or beneficial interest in

property.  (b)  The Counterfeit LLC functions as the primary legal entity through which the

counterfeiting enterprise engages in the counterfeiting of Shaw's Product in commerce (Complaint ¶

46, Complaint Decl. ¶ 26).  (c)  Day-to-day operations of the Counterfeit LLC involve the pattern of

predicate racketeering acts of: criminal copyright infringement under 17 U.S.C. § 506(a)(1)(A) as

per Claim 10, wire fraud under 18 U.S.C. § 1343 as per Claim 11, mail fraud under 18 U.S.C. § 1341

as per Claim 12, commerce in the execution of a scheme to defraud 18 U.S.C. § 2314, second

paragraph, as per Claim 13, and laundering of monetary instruments 18 U.S.C. § 1956 as per Claim

15, and have also involved transportation of stolen goods under 18 U.S.C. § 2314, first paragraph, as

per Claim 14.


RICO Predicate Acts (18 U.S.C. § 1962)

F.  Claim 10 -- Criminal Copyright Infringement (17 U.S.C. § 506(a)(1)(A))

     1.  Elements of violation: (a) Willful infringement of copyrights. (b) For purposes of

commercial advantage or private financial gain.

2.  Evidence of violation: (a) Willful infringement as established in Claim 3, including ownership of valid copyrights, access to copyrighted works, unauthorized copying resulting in substantial similarity, and evidence of willfulness.  (b) Shaw's Copyrights being utilized without authorization on the Counterfeit LLC's website (Complaint ¶ 48, Complaint Decl. ¶ 28) for purposes of commercial advantage or private financial gain.  (c) Shaw's Copyrights being utilized without authorization on the information sheet included with Counterfeit Product (Complaint ¶ 52, Complaint Decl. ¶ 31) for purposes of commercial advantage or private financial gain.

G.  Claim 11 -- Wire Fraud (18 U.S.C. § 1343)

1.  Elements of violation: Use of interstate electronic communications for fraud.

2.  Evidence of violation:  (a) The Counterfeit LLC is a New Mexico corporation (Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2).  (b) Sales utilizing a website viewable in California which engages in false designation of origin as per Claim 1, infringement of Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND as per Claim 2, and infringement of Shaw's Copyrights as per Claims 3 and 10.  (b) Marketing emails sent by the Counterfeit LLC to customers in California utilizing false designation of origin (*see* § IV(A)(3) (b)) and infringing Shaw's trademark DUAL BAND as per Claim 2.

H.  Claim 12 -- Mail Fraud (18 U.S.C. § 1341)

1.  Elements of violation: Use of the United States Postal Service for a scheme for obtaining money by means of false or fraudulent representations.

2.  Evidence of violation: (a) Shipping of Counterfeit Product with labels bearing Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit

18

COM-14.3) and false designation of origin of the Company's FTC RN (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit COM-14.2) utilizing the United States Postal Service (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit COM-14.1).

I.  Claim 13 -- Commerce in Scheme to Defraud (18 U.S.C. § 2314, second paragraph)

1. Elements of violation: Transport in interstate or foreign commerce of property having a value of over $5,000 in the execution of a scheme to defraud.

2.  Evidence of violation: (a) Counterfeit Product is manufactured in Guatemala (Complaint ¶ 51; Complaint Decl. ¶ 31; Exhibit COM-14.2).  (b) The Counterfeit LLC is a New Mexico corporation (Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2).  (c) Sales utilizing a website accessible to customers in California which engages in false designation of origin (*see* ¶ IV(A)(3)(a)), infringement of Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND (*see* § IV(B)(3)(c)), and infringement of Shaw's Copyrights (*see* § IV(F)(3)(c)).  (d) Shipping of Counterfeit Product with labels bearing Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit COM-14.3) and false designation of origin of the Company's FTC RN (Complaint ¶ 51; Complaint Decl. ¶ 31, Exhibit COM-14.2) to customers in Northern California via a fulfillment center in San Bernadino, California (Complaint ¶ 51; Complaint Decl. ¶¶ 31, Exhibit COM-14.1).  (e) Based on estimated sales revenues in the United States of $6250 per month (Decl. re Def. Judg. ¶ 2), revenues for the now roughly 14.5 months from the date of incorporation of the Counterfeit LLC of December 22, 2023 to the present totals more than $5000.

J. Claim 14 -- Transportation of Stolen Goods (18 U.S.C. § 2314, first paragraph)

19

1. Elements of violation: Transport in interstate or foreign commerce of goods worth over $5000 and known to be stolen or converted.

2. Evidence of violation:  (a) Conversion of inventory in Guatemala having a retail value of roughly $62,800, and a wholesale value of roughly half that amount (Complaint ¶ 40, Complaint Decl. ¶ 21, Exhibit COM-8).  (b) Shipping of converted inventory to customers in California via a fulfillment center in San Bernadino, California (Complaint ¶ 51; Complaint Decl. ¶¶ 31, Exhibit COM-14.1).  (c) Based on estimated sales revenues in the United States of $6250 per month (Decl. re Def. Judg. ¶ 2), revenues for the now roughly 14.5 months from the date of incorporation of the Counterfeit LLC of December 22, 2023 to the present totals more than $5000.


K.  Claim 15 -- Money Laundering (18 U.S.C. § 1956(a)(2)(A))

1.  Elements of violation: Transfer of funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of "specified unlawful activity."

2.  Evidence of violation: (a) The Counterfeit LLC is a New Mexico corporation (Complaint ¶ 45, Complaint Decl. ¶ 4, Exhibit COM-2).  (b) Transfer of funds to Guatemala to fund operations including the manufacturing of Counterfeit Product (Complaint ¶ 51; Complaint Decl. ¶ 31; Exhibit COM-14.2).  (c) Operations of the Counterfeit LLC involve criminal copyright infringement under 18 U.S.C. § 506(a)(1)(A) as per Claim 10, wire fraud under 18 U.S.C. § 1343 as per Claim 11, mail fraud under 18 U.S.C. § 1341 as per Claim 12, and commerce in the execution of a scheme to defraud under 18 U.S.C. § 2314, second paragraph, as per Claim 13, and have involved transportation of stolen goods under 18 U.S.C. § 2314, first paragraph, as per Claim 14, all of which are predicate racketeering acts under 18 U.S.C. § 1961(1) and hence specified unlawful activity under 18 U.S.C. § 1956(a)(7)(A).

20

1

2

## VI. STATUTORY DAMAGES

3

4        Based on: (i) the willful infringements of federally registered and common law trademarks and

5    copyrights as enumerated above, (ii) estimated unlawfully obtained revenues of the Counterfeit LLC

6    in the amount of $90,625, calculated as $6250 monthly over a period of now approximately 14.5

7    months (see Decl. re Def. Judg. ¶ 2), and (iii) the applicability of enhanced damages pursuant to 15

8    U.S.C. § 1117(b) for willful infringement and treble damages pursuant to 18 U.S.C. § 1964(c) for

9    violations under the Racketeer Influenced and Corrupt Organizations Act, Shaw respectfully

10    requests statutory damages in the amount of $271,875.  This figure represents a reasonable

11    approximation of the actual damages suffered, enhanced to account for the willful and systematic

12    nature of the Counterfeit LLC's unlawful conduct, while maintaining proportionality to the scope of

13    the infringing activities.

14

15

16    ## VII. CONCLUSION AND PRAYER FOR RELIEF

17    WHEREFORE, Plaintiff respectfully requests that this Court:

18    A. Enter default judgment against Defendant Knightsbridge Sleep Solutions LLC for false

19    designation of origin, trademark infringement, copyright infringement, criminal copyright

20    infringement, knowing misrepresentation in a Digital Millennium Copyright Takedown Notice,

21    racketeering, wire fraud, mail fraud, execution of a scheme to defraud, transportation of stolen

22    goods, and laundering of monetary instruments.

23    B.  Award statutory damages as outlined in § VI.

24    C.  Declare Shaw's ownership of Shaw's Copyrights as enumerated in the Declaration of Shaw

25    Regarding Genesis and Ownership of Shaw's Copyrights (Dkt. No. 5).

26

27                                              21

28

D. Grant permanent injunctive relief as requested in the Complaint, including:

    1.  Enjoining the Counterfeit LLC from using Shaw's trademarks KNIGHTSBRIDGE and DUAL BAND, Shaw's Copyrights, and Shaw's designations of origin of the Company Name "Knightsbridge Sleep Solutions" and the FTC RN 159966;

    2.  Ordering destruction of all infringing materials;

    3.  Ordering dissolution of the Counterfeit LLC.

E. Grant such other relief as this Court deems just and proper.


Respectfully submitted this 11th day of March 2025:

                        X:    /Laurence Jay Shaw/     .
                              Laurence Jay Shaw
                              Plaintiff, *pro se*