Laurence Jay Shaw
99 Yosemite Road
San Rafael, CA 94903
(415) 812-6203
larry@knightsbridgedualband.com

*Pro se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW, an individual, | Case No. 4:24-cv-05826-HSG |
| Plaintiff, | |
| v. | |
| EDWIN DARIO MANZANO GARCIA, an individual, a/k/a EDWIN MANZONI; KNIGHTSBRIDGE SLEEP SOLUTIONS LLC, a New Mexico corporation; and VERONICA ROSIBEL MANZANO GARCIA, an individual, | **RESPONSE IN OPPOSITION TO DOCKET ENTRIES 68 AND 69** |
| Defendants. | |

This document is submitted in response to Dkt. Nos. 68 and 69 filed by first defendant Edwin Dario Manzano Garcia ("Mr. Garcia"). Dkt. Nos. 68 and 69 are substantially the same, so for ease of presentation the discussion in the numbered sections below is presented in terms of the Dkt. No. 69 filing.

1. Dkt. No. 69-1 (submitted also as Dkt. No. 68-2) is the cover sheet for copyright registration VA0002449177 entitled "Knightsbridge Sleep Solutions" with a note that reads "Registration based on the artwork in the logo." It seems this refers to the material submitted as Dkt. No. 69-3, so the relevance of Dkt. No. 69-1 is addressed in the paragraph below regarding Dkt. No. 69-3.

2. Dkt. No. 69-2 (submitted also as Dkt. No. 68-3) consists solely of a copyright registration cover sheet for copyright registration TX 9-369-687 entitled "Knightsbridge Sleep Solutions LLC" without identification of what material is allegedly at issue or any explanation of its relevance or relation to Declaration of Shaw Regarding Genesis and Ownership of Shaw's Copyrights (Dkt. No. 5; "Copyright Declaration"). This bare filing fails to provide fair notice of any cognizable claim and does not meet the basic pleading requirements under Federal Rule of Civil Procedure 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and therefore should be dismissed.

It is further noted that (although I have not yet seen the material purportedly covered by the copyright registration of Dkt. No. 69-2) any claim by Mr. Garcia to copyrights of materials in my Copyright Declaration -- which provides evidence of my genesis of each image enumerated therein (with the exception of the *Two Horses and Wreath logo* which predominantly consists of a stock image as described in the paragraph below) -- is fraudulent. In fact, the registration cover sheet gives itself away that it is a fraudulent filing by claiming a first publication date of June 15, 2019. As shown by Exhibit TRO3-12.2 of Dkt. No. 35-3, I instructed Mr. Garcia to obtain the domain name dualbandchinstrap.com on July 7, 2019, *i.e.*, the domain name of the website had not yet even been selected on the date listed as the publication date on this copyright registration. Therefore, also for this reason any claim relating to this copyright filing should be dismissed.

3. Dkt. No. 69-3 (submitted also as Dkt. No. 68-4) is a receipt for the purchase of the two-horses-

1

and-wreath portion of the *Two Horses and Wreath logo* presented at Copyright Declaration § 14.  I assume that Dkt. No. 69-1 refers to this image.  As was noted in at Copyright Declaration § 14, this is an image purchased from a commercial digital icons website on a non-exclusive, royalty-free license.  Mr. Garcia cannot claim copyright ownership of this image because it is owned by the commercial digital icons website, so any purported copyright claim based on Dkt. Nos. 69-1/69-3 should be dismissed.

As also noted in Copyright Declaration § 14, the *Two Horses and Wreath logo* is used as a trademark of my company.  As shown at the top of Exhibit GEN-2.1 of the Copyright Declaration § 22, the logo is typically used next to the business name of my company.  Use of the *Two Horses and Wreath logo* by the Counterfeit LLC, for instance as shown in Exhibit COM-9.1 of Dkt. No. 4-4, is without authorization and constitutes trademark infringement.  It is further noted that the Counterfeit LLC sometimes substitutes the letters KSS or KBSS (as shown in Exhibit RCX-1 submitted herewith) for the letters KB at the center of the wreath.  This is confusingly similar to *Two Horses and Wreath logo* of the Copyright Declaration § 14 and constitutes trademark infringement.

4. Dkt. No. 69-4 (submitted also as Dkt. No. 68-5) is an email from Shopify to Mr. Garcia regarding a Digital Millennium Copyright Act (DMCA) takedown notice which I filed against the Counterfeit Website based on the copyrights enumerated in the Copyright Declaration.  The relevance of Dkt. No. 69-4 is addressed in the paragraph below regarding Dkt. No. 69-6.

5. Dkt. No. 69-5 (submitted also as Dkt. No. 68-6) is labelled as a "Financial Crimes Enforcement Network" document.  No explanation is provided regarding how this relates to any counterclaim or theory of liability against me.  This bare exhibit without accompanying factual allegations or legal theory fails to meet the basic pleading requirements under Federal Rule of Civil Procedure 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Therefore, any purported counterclaim based on this document should be dismissed.

6. Dkt. No. 69-6 (which is essentially the same as Dkt. No. 68-1) is a request for relief by Mr. Garcia from my DMCA takedown notice (the "Takedown Notice") due to (i) "there being no final judicial determination of copyright infringement in this matter" and (ii) based on purported

1  copyrights of Dkt. Nos. 69-1/69-3 and Dkt. No. 69-2.

3  As noted above, Dkt. Nos. 69-1/69-3 is an invalid copyright registration and Dkt. No. 69-2 is a
4  fraudulent copyright registration.  Therefore, any purported counterclaim based on Dkt. Nos. 69-
5  1/69-3 and 69-2 should be dismissed.

6  It is further noted that Shopify's takedown of materials enumerated in the Copyright Declaration was
7  proper since I own the materials enumerated in the Copyright Declaration and their use on the
8  Counterfeit Website was unauthorized and unlawful.  Hence, Mr. Garcia's request for relief should
9  be dismissed for this reason as well.

11  It is further noted that the Takedown Notice addresses content on the Counterfeit Website, which is
12  operated by second defendant (the "Counterfeit LLC"), a business entity utilizing the name of my
13  company (without authorization) and nominally incorporated in New Mexico which Mr. Garcia uses
    as an alter ego for his counterfeiting operations in the United States (*see* Complaint ¶¶ 45,
14  46).  Under Local Rule 3.9(b), Mr. Garcia is prohibited from representing the Counterfeit LLC.
15  Hence, Mr. Garcia's request for relief is improper and should be dismissed for this reason also.

17  It is further noted that Mr. Garcia (sometimes via his alter ego the Counterfeit LLC) has now filed
    three fraudulent DMCA takedown notices against my company (*see* Complaint ¶ 61 and Dkt. Nos.
18  54, 66).  In a contradictory, illogical and bad-faith position, Mr. Garcia now argues that he should be
19  protected from my *valid* DMCA takedown notices on the grounds that a court order has not yet been
20  issued.  Mr. Garcia should be estopped from this position, particularly after previously benefitting
21  from it.  For this reason as well, Mr. Garcia's request should be dismissed.

23  As described in Mr. Garcia's Dkt. No. 69-6, Shopify removed infringing content enumerated in the
    Copyright Declaration based on the Takedown Notice, in response to which Mr. Garcia then
24  attempted to evade Shopify's takedown by moving the infringing content to different sub-URLs (*see*
25  Exhibit RCX-2 submitted herewith), and Shopify then disabled the storefront of the Counterfeit
26  Website.  In order to continue his unlawful operations, Mr. Garcia has now reposted the Counterfeit
27  Website using different hosting platforms and services (which appear to include "private" servers) to

evade remedy via the Digital Millennium Copyright Act.  These actions demonstrate Mr. Garcia's flagrant disregard for the law.

7.  Dkt. No. 69-7 is a business license dated March 1, 2024 for an entity utilizing the name "Knightsbridge Sleep Solutions" in Guatemala.  Guatemala is outside the jurisdiction of the Court, so this document is not relevant to the present proceeding.  Therefore, any purported counterclaim based on this document should be dismissed.

In sum, Mr. Garcia's Dkt. No. 69 filing is frivolous, made in bad faith, and constitutes an abuse of process and should be dismissed in its entirety.  Dkt. No. 68 substantially parallels Dkt. No. 69 and should be dismissed for the same reasons as presented above for Dkt. No. 69.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: September 8, 2025                   /Laurence Jay Shaw/  
                                              Laurence Jay Shaw  
                                              Plaintiff, *pro se*

4

RESPONSE IN OPPOSITION TO DOCKET ENTRIES 68 AND 69
(CASE NO. 4:24-CV-05826-HSG) – JUDGE HAYWOOD S. GILLIAM, JR.