# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**LAURENCE JAY SHAW,**
Plaintiff,
v.
**EDWIN DARIO MANZANO GARCIA, et al.,**
Defendants.

Case No. 4:24-cv-05826-HSG

**DEFENDANT EDWIN DARIO MANZANO GARCIA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DOCKET ENTRIES 68 AND 69**

## I. INTRODUCTION

Plaintiff Laurence Jay Shaw's Response in Opposition (Dkt. No. 70) mischaracterizes the facts, misstates the law, and improperly seeks to dismiss Defendant's filings by raising factual disputes not appropriate for resolution at this stage. Contrary to Plaintiff's assertions, Defendant's copyright registrations are valid and presumptively enforceable, the pleadings satisfy Rule 8(a), and Defendant's counterclaims are properly supported by law and fact.

## II.    DEFENDANT'S COPYRIGHT REGISTRATIONS AREPRESUMPTIVELY VALID

Defendant's copyright registrations (VA0002449177 and TX 9-369-687) are valid certificates issued by the U.S. Copyright Office. Under 17 U.S.C. § 410(c), these registrations constitute prima facie evidence of validity. Plaintiff bears the burden of rebutting them, which he has not done. Even if the logo incorporates stock elements, the overall selection, arrangement, and combination reflect Defendant's original authorship. Publication date arguments do not invalidate a registration at the pleading stage.

## III. DEFENDANT'S PLEADINGS SATISFY RULE 8(a)

Rule 8(a) requires only a short and plain statement showing entitlement to relief. Defendant has provided copyright certificates, exhibits, and facts sufficient to state claims. Plaintiff's demand for heightened factual pleading is improper.

## IV. PLAINTIFF'S DMCA ARGUMENTS FAIL

Defendant's DMCA counter-notices were filed lawfully under 17 U.S.C. § 512(g). Plaintiff cannot use DMCA takedowns as a weapon against competition. Plaintiff's repeated takedowns demonstrate bad faith. Labeling Defendant's lawful LLC as 'Counterfeit' is a prejudicial misrepresentation.

## V.     INTERNATIONAL EVIDENCE SUPPORTS DEFENDANT'SLEGITIMACY

Defendant's Guatemalan business registration establishes lawful operations abroad and rebuts Plaintiff's accusations. Though outside U.S. copyright jurisdiction, it supports legitimacy and lawful use of the Knightsbridge brand.

## VI. PLAINTIFF'S ALLEGATIONS ARE PREMATURE AND FACTUAL

Plaintiff's allegations of fraud and counterfeiting are factual disputes, not grounds for dismissal. Such disputes must be resolved at trial or summary judgment.

## VII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Response in Opposition (Dkt. 70), affirm the validity of Defendant's copyright registrations, and allow Defendant's counterclaims and defenses to proceed.

Dated: September 09, 2025

Respectfully submitted,

/s/ Edwin Dario Manzano Garcia
Defendant, Pro Se
Email: admin@knightsbridgesleepsolutions.com