1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    LAURENCE JAY SHAW,                      Case No. 24-cv-05826-HSG

8                Plaintiff,                  **ORDER GRANTING IN PART AND
                                             DENYING IN PART MOTION FOR
9          v.                                ISSUANCE OF LETTERS
                                             ROGATORY, DENYING MOTION
10   EDWIN DARIO MANZANO GARCIA, et          FOR DEFAULT JUDGMENT, AND
     al.,                                    DENYING MOTIONS FOR
11                                           TEMPORARY RESTRAINING ORDER**
                Defendants.
12                                           Re: Dkt. Nos. 52, 56, 58, 68

13

14         In August 2024, pro se Plaintiff Laurence Jay Shaw filed an application for a temporary

15   restraining order ("TRO").  *See* Dkt. No. 4.  Plaintiff alleges that Defendants Edwin Dario

16   Manzano Garcia and Veronica Rosibel Manzano Garcia were previously employees of Plaintiff's

17   company in Guatemala.  *See* Dkt. No. 1 ("Compl.") at ¶ 1.  Plaintiff alleges that in October 2023,

18   they "seized" online and physical assets from Plaintiff's company, and began operating their own

19   "counterfeit" company, Defendant Knightsbridge Sleep Solutions LLC.  *Id.*  According to the

20   complaint, Mr. Garcia and Ms. Garcia reside in Guatemala, and Knightsbridge is a New Mexico

21   limited liability company.  *See id.* at ¶¶ 1, 7–9, 45.

22         The Court directed Plaintiff to serve the individual Defendants consistent with the Inter-

23   American Service Convention and Additional Protocol ("IACAP").  Dkt. No. 19.  In the

24   meantime, the Court explained that it would hold the application for a TRO, Dkt. No. 4, in

25   abeyance until Defendants all had been properly served.  *Id.*  In the intervening months, Plaintiff

26   filed serial applications for TROs, one of which remains pending.  *See* Dkt. No. 52.  Plaintiff also

27   filed a second motion for issuance of letters rogatory, Dkt. No. 56, and a motion for default

28   judgment against Defendant Knightsbridge, Dkt. No. 58.  Defendant Garcia, for his part, has also

1    filed a motion for a TRO.  *See* Dkt. No. 68.

2    **I.    MOTION FOR LETTERS ROGATORY (DKT. NO. 56)**

3         As an initial matter, and as the Court has already explained, Defendants must be properly

4    served.  "Service of process is the mechanism by which the court actually acquires the power to

5    enforce a judgment against the defendant's person or property."  *S.E.C. v. Ross*, 504 F.3d 1130,

6    1138 (9th Cir. 2007) (quotation omitted) (cleaned up).  "In other words, service of process is the

7    means by which a court asserts its jurisdiction over the person."  *Id.*  Without proper service, the

8    Court "has no power to render any judgment against the defendant's person or property unless the

9    defendant has . . . waived the lack of process."  *Id.* at 1138–39.

10        The Court directed Plaintiff to serve the individual Defendants consistent with the IACAP,

11   and granted Plaintiff's prior motions for issuance of letters rogatory.  *See* Dkt. No. 47.  Since then,

12   and despite his prior arguments about improper service, *see* Dkt. No. 67, Mr. Garcia has filed a

13   motion for a TRO, an amended answer, and counterclaims with this Court, *see* Dkt. Nos. 68, 69.[1]

14   He did not preserve his challenge to personal jurisdiction in these recent filings.  To the contrary,

15   Mr. Garcia is actively requesting the Court's intervention in this case and in his dispute with

16   Plaintiff.  In doing so, Mr. Garcia has waived any arguments about improper service or the Court's

17   lack of jurisdiction over him.  *See, e.g.*, *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318

18   (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998) ("Most

19   defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the

20   course of conduct pursued by a party during litigation.").  Mr. Garcia may not use jurisdiction as

21   both a sword and a shield, accepting the Court's jurisdiction when it is beneficial to him but

22   denying it as to Plaintiff's claims against him.  Plaintiff is therefore relieved of his obligation to

23   serve Mr. Garcia under the IACAP.  The Court therefore only considers the motion for letters

24   rogatory as to Ms. Garcia.

25   _____

26   [1] In October 2024, Mr. Garcia filed an initial answer in which he raised various affirmative
     defenses to Plaintiff's claims, including that the Court lacked personal jurisdiction over him.  *See*
27   Dkt. No. 22-4.  In August 2025, Mr. Garcia filed another answer, which appears to supersede his
     prior answer.  *See* Dkt. No. 69.  In the latest filing Mr. Garcia does not challenge personal
28   jurisdiction as an affirmative defense, and instead he raises several counterclaims against Plaintiff.
     *See id.*

United States District Court
Northern District of California

1    Plaintiff has filed a motion to reissue the letters rogatory, stating that the USM-272 forms

2    that Plaintiff had initially filled out were not properly formatted for the Guatemalan authorities.[2]

3    *See* Dkt. No. 56.  The updated forms remain substantively the same.  *Id.*  The Court therefore

4    **GRANTS** the motion as it pertains to Ms. Garcia, but **DENIES** the motion as it pertains to Mr.

5    Garcia who no longer requires service under the IACAP.  Dkt. No. 56.  The Court directs the

6    Clerk to affix the Court's signature and seal to the form for Ms. Garcia at Dkt. No. 56-2.  The

7    Court reminds Plaintiff of his obligation to obtain certified Spanish language translations of the

8    case materials.

9    The Court further extends Plaintiff's deadline to serve Ms. Garcia to December 5, 2025.

10    By December 5, 2025, Plaintiff must file a declaration and any supporting proof confirming that

11    Ms. Garcia has been served under the IACAP, or alternatively, a status report (1) detailing where

12    his efforts to serve Ms. Garcia stand and (2) how much additional time he needs to serve her.

## II.    MOTION FOR DEFAULT JUDGMENT (DKT. NO. 58)

14    Plaintiff requested that the Clerk enter default as to Defendant Knightsbridge since it did

15    not answer the complaint, and Plaintiff now seeks default judgment against the company.[3]  Dkt.

16    No. 58.  Plaintiff alleges that Mr. Garcia formed Defendant Knightsbridge as a New Mexico

17    limited liability corporation in December 2023, and that it operates as the "primary legal entity"

18    through which Mr. Garcia and Ms. Garcia promote and sell their counterfeit products.  *See* Compl.

19    at ¶¶ 45, 46.

### A.    Legal Standard

21    Following an entry of default, the Court may enter a default judgment upon request.  Fed.

---

[2] *See* U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS, Inter-American Service
Convention and Additional Protocol, https://travel.state.gov/content/travel/en/legal/travel-legal-
considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-
Additional-Protocol.html (last visited September 22, 2025).

[3] As the Court previously noted, Mr. Garcia previously filed several documents purportedly on the
company's behalf, but as a pro se party he is not permitted to represent or file documents on behalf
of anyone else.  *See* Dkt. No. 47.  "[A] litigant appearing in propria persona has no authority to
represent anyone other than himself."  *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).
Moreover, Defendant Knightsbridge, as a limited liability company, can only appear in court
through an attorney.  *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th
Cir. 2004); Civil L.R. 3–9(b) ("A corporation, unincorporated association, partnership or other
such entity may appear only through a member of the bar of this Court.").

United States District Court
Northern District of California

1    R. Civ. P. 55(b)(2).  However, the Court's decision to enter a default judgment is "discretionary."

2    *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has indicated that

3    "default judgments are generally disfavored," and that "[w]henever it is reasonably possible, cases

4    should be decided upon their merits."  *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th

5    Cir. 1985).  When considering a motion for default judgment, a court must take "the well-pleaded

6    factual allegations in the complaint as true."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854

7    (9th Cir. 2007) (quotation omitted).  However, the "defendant is not held to admit facts that are

8    not well-pleaded or to admit conclusions of law."  *Id.*

9          The Court also has an "affirmative duty" to examine its jurisdiction over "both the subject

10   matter and the parties."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  And it must determine

11   whether service of process on the defendant was proper.  *See Craigslist, Inc. v. Naturemarket, Inc.*,

12   694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010); *cf. Mason v. Genisco Tech. Corp.*, 960 F.2d 849,

13   851 (9th Cir. 1992) (holding default judgment invalid due to improper service, even where

14   defendant had actual notice of the action).

15        **B.    Discussion**

16             **i.    Service**

17        A plaintiff may serve a corporation, partnership, or association by delivering a copy of the

18   summons and complaint to an agent "authorized by appointment or by law to receive service of

19   process."  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, service may be made "by . . . following state

20   law for serving a summons in an action brought in courts of general jurisdiction in the state where

21   the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P.

22   4(h)(1)(A).  In other words, service may also be made here by following either California or New

23   Mexico law.

24

25        •   Under California law, service upon an LLC may be made by delivering a copy of the

26             summons and the complaint "to the person designated as agent for service of process in

27             a statement filed with the Secretary of State or to the president or other head of the

28             association, a vice president, a secretary or assistant secretary, a treasurer or assistant

                                        4

treasurer, a general manager, or a person authorized by the association to receive service of process."  Cal. Civ. Code § 416.40(b).

- Under New Mexico law, service upon an LLC may be made by delivering a copy of the summons and complaint "to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process," or if none of them are available, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge."  *See* NMRA, Rule 1-004(G)(1)(a), (G)(2).

Here, Plaintiff has filed multiple certificates of service purporting to indicate that Defendant Knightsbridge has been served.  *See* Dkt. Nos. 25, 42, 45, 65.  Defendant Knightsbridge has not appeared in this case, although as noted above, Mr. Garcia has previously and improperly tried to respond on the company's behalf.  Most recently, Plaintiff filed a proof of service indicating that a process server delivered various court documents, including the summons and the complaint, to a receptionist for Defendant Knightsbridge named "Noah Hinojos."  *See* Dkt. No. 42-1, Ex. 1.  The proof of service listed the address as 4801 Lang Avenue Northeast #110, Albuquerque, New Mexico.  *See id.*  The process server indicated in an affidavit that he spoke with Mr. Hinojos and that "he accepted the paperwork."  *Id.*  On the website for the New Mexico Secretary of State, Mr. Garcia is listed as the registered agent for Defendant Knightsbridge, and the address listed is the 4801 Lang Avenue Northeast address.[4]  However, although the address appears to be correct, the process server did not serve Mr. Garcia—the registered agent—directly.  There is also no indication in the record that Noah Hinojos, the receptionist, was in charge in any way such that he could have accepted service on Mr. Garcia's behalf.  Therefore, Plaintiff has not yet properly served Defendant Knightsbridge.

---

[4] *See* NEW MEXICO SECRETARY OF STATE, Business Portal, https://enterprise.sos.nm.gov/search/business (last visited September 22, 2025).

United States District Court
Northern District of California

United States District Court
Northern District of California

1       The Court acknowledges the apparent challenges that Plaintiff has faced in trying to serve

2 Defendants in this case and the steps he has taken to try to serve everyone properly.  Mr. Garcia,

3 although apparently living in Guatemala, is listed as the registered agent for Defendant

4 Knightsbridge, a New Mexico entity, with a New Mexico address.  And as noted in Section I

5 above, Mr. Garcia has now appeared in this case, answered the complaint, and filed his own

6 counterclaims.  Defendants appear to be engaging in some level of gamesmanship here.  Still, the

7 Court cannot properly exercise jurisdiction or grant default judgment if service was improper.  The

8 Court therefore extends Plaintiff's deadline to serve Defendant Knightsbridge to December 5,

9 2025.

10           **ii.**    **Personal Jurisdiction**

11       Because the Court anticipates Plaintiff will attempt to serve Defendant Knightsbridge

12 again, the Court further notes that it is not clear from the current record that the Court has personal

13 jurisdiction over Defendant Knightsbridge.  Plaintiff contends that Mr. Garcia is "the sole member

14 of the Counterfeit LLC," Defendant Knightsbridge, and that he "utilizes the Counterfeit LLC as an

15 alter ego for his operations within the United States."  *See* Dkt. No. 58 at 9–10.  However, Plaintiff

16 offers little support for these assertions.  If Plaintiff intends to pursue this case against Defendant

17 Knightsbridge, he will need to offer some factual support for his belief that Defendant

18 Knightsbridge is merely Mr. Garcia's "alter ego."  *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073–

19 74 (9th Cir. 2015) (discussing requirements for alter ego liability).

20 **III.**    **MOTIONS FOR TEMPORARY RESTRAINING ORDER (DKT. NOS. 52, 68)**

21       Both Plaintiff and Mr. Garcia have filed motions for temporary restraining orders.  Dkt.

22 Nos. 52, 68.

23       Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin

24 conduct pending a hearing on a preliminary injunction.  *See* Fed. R. Civ. P. 65(b).  The standard

25 for issuing a temporary restraining order and issuing a preliminary injunction are substantially

26 identical.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839, n.7 (9th

27 Cir. 2001).  A party seeking preliminary relief must establish:  (1) he is likely to succeed on the

28 merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

1  balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v.*

2  *Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that

3  may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

4  A court must find that "a certain threshold showing" is made on each of the four required

5  elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's

6  sliding scale approach, a preliminary injunction may issue if there are "serious questions going to

7  the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the

8  [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the

9  public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### A.  Plaintiff's Motion

11  Plaintiff has filed a motion for a TRO against Defendant Knightsbridge, in which he

12  requests that the Court order the company to (1) return control and ownership of Plaintiff's Google

13  Adwords account; and (2) stop using Plaintiff's intellectual property, including the business name

14  "Knightsbridge Sleep Solutions" and the trademark for the "dual band." *See* Dkt. No. 52. As

15  already explained in Section II above, however, it is not clear that the Court has jurisdiction over

16  Defendant Knightsbridge, a New Mexico entity. The Court **DENIES** the motion on this basis. To

17  the extent Plaintiff believes Defendant Knightsbridge is just the alter ego of Mr. Garcia, Mr.

18  Garcia has now appeared in this case, and Plaintiff may pursue his claims against him accordingly.

### B.  Mr. Garcia's Motion

20  Mr. Garcia has filed his own motion for a TRO with this Court. Dkt. No. 68. Mr. Garcia

21  appears to contend that Plaintiff is filing frivolous takedown notices under the Digital Millenium

22  Copyright Act ("DMCA"). *Id.* As of August 18, 2025, he has also filed an answer and

23  counterclaims to the complaint. Dkt. No. 69. Mr. Garcia contends that he is the rightful copyright

24  owner of the intellectual property at issue in this case, including the "dual band chin strap." *Id.*

25  Plaintiff responds that this is false, and accuses Mr. Garcia of providing fraudulent copyright

26  registrations in support of the motion. *See* Dkt. No. 70. The Court cannot say at this stage, given

27  the meager record before it, that Mr. Garcia is likely to succeed on the merits of his counterclaims.

28  The Court **DENIES** Mr. Garcia's motion. Dkt. No. 68. The parties appear to have a significant

United States District Court
Northern District of California

1  business dispute, with each pointing the finger at the other side.  Now that Mr. Garcia has

2  appeared and answered in this case, the parties may proceed to litigate these contested issues.

3  **IV.    CONCLUSION**

4         As explained above, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to

5  reissue the letters rogatory, Dkt. No. 56, and directs the Clerk to affix the Court's signature and

6  seal to the form for Ms. Garcia at Dkt. No. 56-2.  The Court further extends Plaintiff's deadline to

7  serve Ms. Garcia and Defendant Knightsbridge to December 5, 2025.  By December 5, 2025,

8  Plaintiff must file a declaration and any supporting proof confirming that Ms. Garcia has been

9  served under the IACAP and Defendant Knightsbridge has been served properly, or alternatively,

10  a status report (1) detailing where his efforts to serve these Defendants stand and (2) how much

11  additional time he needs to serve them.

12         The Court **DENIES** the motion for default judgment against Defendant Knightsbridge,

13  Dkt. No. 58, and **DENIES** the motions for temporary restraining order, Dkt. Nos. 52, 68.

14         The Court further **SETS** a case management conference on November 4, 2025, at 2:00

15  p.m. for Plaintiff and Mr. Garcia.  The hearing will be held by Public Zoom Webinar.  All parties,

16  members of the public, and media may access the webinar information at

17  https://www.cand.uscourts.gov/hsg.  All attorneys and pro se litigants appearing for the case

18  management conference are required to join at least 15 minutes before the hearing to check in with

19  the courtroom deputy and test internet, video, and audio capabilities.  The Court further

20  **DIRECTS** the parties to submit their individual case management statements by October 28,

21  2025.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

8

The parties are encouraged to seek assistance at the Legal Help Center, which provides free information and limited-scope legal assistance to pro se litigants. More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help. Appointments may be scheduled either over the phone at (415) 782-8982 or by email at federalprobonoproject@sfbar.org.

**IT IS SO ORDERED.**

Dated:    9/22/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge