UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-05826-HSG<br><br>**ORDER GRANTING MOTION TO APPEAR BY VIDEOCONFERENCE AND DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 85, 86 |

　　　　Pending before the Court are two motions filed by Defendant Edwin Dario Manzano Garcia: a motion for protective order, Dkt. No. 85, and a motion for leave to appear by videoconference, Dkt. No. 86. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion for leave to appear by videoconference, but **DENIES** the motion for protective order.

**I.　　MOTION FOR LEAVE TO APPEAR BY VIDEOCONFERENCE**

　　　　Mr. Garcia requests permission to participate in future hearings and discovery conferences by videoconference. Dkt. No. 86. Mr. Garcia resides in Guatemala, and it would be infeasible for him to travel to the United States to appear at future hearings. *See id.* Mr. Garcia agrees that he will ensure that he has stable internet, video, and audio capabilities for any such hearings. *Id.* Plaintiff Laurence Jay Shaw does not appear to oppose this request. The Court finds that Mr. Garcia's request is generally reasonable under the circumstances. The Court notes that to the extent this case proceeds to trial, it may not be practicable for Mr. Garcia to appear remotely. But the Court need not decide that issue at this time given the early stage of the case. For now, the Court **GRANTS** the motion to attend court hearings and discovery conferences by

1  videoconference. The Clerk is directed to e-mail Mr. Garcia the Zoom videoconference
2  information that he may use for future hearings. Mr. Garcia will be advised in advance of any
3  court hearings how he may participate remotely if different from this Zoom information.

## II. MOTION FOR PROTECTIVE ORDER

Mr. Garcia has also filed a motion for a protective order. Dkt. No. 85. Mr. Garcia argues that Plaintiff has repeatedly interfered with Mr. Garcia's ongoing business operations by contacting third-party vendors. *Id.* For example, Mr. Garcia states that Plaintiff "has repeatedly contacted Defendant's payment processors and distributors, including Shopify, PayPal, Stripe, and Etsy, alleging intellectual-property violations and causing account suspensions and significant business loss." *Id.* at 1. Mr. Garcia accordingly requests that (1) all documents produced during discovery be marked as confidential, maintained securely, and used only for this litigation; and (2) the Court prohibit Plaintiff and his agents "from contacting Defendant's business partners, payment processors, suppliers, distributors, or customers without written Court approval." *See id.* at 2.

As an initial matter, Mr. Garcia's requested protective order—which would preclude Plaintiff from speaking with third party vendors—appears to constitute a prior restraint on speech. Prior restraints on free speech under the First Amendment "are subject to strict scrutiny because of the peculiar dangers presented by such restraints" on free speech. *See Levine v. United States District Court*, 764 F.2d 590, 595 (9th Cir.1985). Such an order may only be imposed if "(1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available." *Id.* (citations omitted). Mr. Garcia has not met this standard, and it seems unlikely that he could do so given the nature of this case. *Cf. In re Dan Farr Prods.*, 874 F.3d 590, 591 (9th Cir. 2017) (vacating "protective order" in civil trademark case preventing public statements relevant to merits of case).

At bottom, Mr. Garcia is asking the Court to permit him to continue his business operations uninterrupted and prevent Plaintiff from taking any steps to protect Plaintiff's own alleged business interests. However, as the Court previously explained in denying Mr. Garcia's

motion for temporary restraining order, the parties fundamentally dispute who owns the intellectual property at issue in this case. *See* Dkt. No. 73 at 7–8. At this early stage, the Court cannot say who is likely to succeed on the merits of their claims and will not elevate any party's rights over those of the other. The Court therefore **DENIES** the motion. Dkt. No. 85. The parties may meet and confer to determine whether they can agree to the Court's model protective order.

### III. CONCLUSION

The Court **GRANTS** the administrative motion for leave to appear by videoconference, Dkt. No. 86, but **DENIES** the motion for a protective order, Dkt. No. 85.

**IT IS SO ORDERED.**

Dated: 12/4/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge