UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05826-HSG<br><br>**ORDER DENYING MOTION FOR DECLARATORY JUDGMENT**<br><br>Re: Dkt. No. 93 |

　　　　Pending before the Court is Plaintiff Laurence Jay Shaw's motion for declaratory judgment. Dkt. No. 93. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Yet again, Mr. Shaw asks the Court to decide the rightful ownership of the intellectual property at issue in this case. Mr. Shaw claims that Defendant Edwin Garcia is operating a counterfeit operation and sabotaging Mr. Shaw's legitimate business. *See* Dkt. No. 93. Mr. Shaw thus seeks declaratory judgment "regarding [the] intellectual property ownership issues" alleged in this case. *Id.* at 1–2. For example, he asks the Court to "declare Defendant Knightsbridge's business license with the State of New Mexico to be invalid" and declare certain copyright registrations similarly invalid. *See id.* at 2–3, 5–6. But the Court has repeatedly told the parties that the Court cannot say who is likely to succeed on the merits of their claims at this early stage of the case. The Court therefore **DENIES** Mr. Shaw's motion for declaratory judgment. Dkt. No. 93.

　　　　The Court issues one final warning to both parties to stop filing serial motions seeking the same relief that the Court has previously denied. The Court has issued a scheduling order, which includes (1) a deadline for the parties to file dispositive motions and (2) a bench trial. *See* Dkt. No. 83. The parties should continue to follow the scheduling order, including proceeding with

discovery (both written discovery and depositions), and the Court will address the merits of the case under the controlling law with the benefit of an actual record of properly-developed facts (not arguments or assertions).  Under the Federal Rules of Civil Procedure, the burden falls on the parties to do the work of developing that record, and understanding what remedies are and aren't available under the law, so the Court directs them again to proceed with that process consistent with the scheduling order.  *See, e.g.*, Federal Rules of Civil Procedure 26 and 56.  As frustrating as it may be for the parties, federal lawsuits take time and involve a large number of detailed steps that are familiar to attorneys but likely very unfamiliar to litigants with no legal training.  While the Court so far has provided significant leeway given the parties' pro se status, ongoing and repeated failures to follow the rules and the Court's orders may be a basis for sanctions going forward.

This order **TERMINATES AS MOOT** Dkt. Nos. 101, 102 and 104.

**IT IS SO ORDERED.**

Dated:  1/6/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge