# DEFENDANT'S OPPOSITION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

---

**LAURENCE JAY SHAW**,
Plaintiff,

v.

**EDWIN DARIO MANZANO GARCIA**, et al.,
Defendants.

Case No. 4:24-cv-05826-HSG

---

**DEFENDANT EDWIN DARIO MANZANO GARCIA'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND CLOSE OF FACT DISCOVERY**

---

## I. INTRODUCTION

Plaintiff seeks a sweeping 63-day extension of fact discovery and a corresponding delay of all case deadlines, including trial. The motion should be denied because Plaintiff fails to demonstrate "good cause" under Federal Rule of Civil Procedure 16(b)(4).

Plaintiff's motion is based on generalized assertions, speculation, and accusations that are unsupported by evidence. It also contradicts Plaintiff's own prior position that this was a routine extension request, not an extraordinary circumstance. See .

---

## II. LEGAL STANDARD

Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." The "good cause" inquiry focuses primarily on the diligence of the party seeking the amendment.

If the party was not diligent, the inquiry should end.

## III. ARGUMENT

### A. Plaintiff Fails to Demonstrate Diligence

Plaintiff does not identify specific discovery he diligently pursued but was unable to complete. Instead, he offers broad claims that discovery is "complex" and that additional subpoenas may be needed.

Courts routinely deny extensions where a party:

- waits until near the deadline, and
- seeks additional time to pursue new discovery theories

Plaintiff had ample time to conduct discovery and has not shown otherwise.

### B. Plaintiff's Own Exhibit Contradicts His Claim of "Extraordinary Circumstances"

Plaintiff's motion is undermined by his own prior stipulation draft, which shows this was originally presented as a routine, mutual extension request—not an emergency.

As reflected in the stipulation draft (Exhibit MOE-1), the parties contemplated a standard extension due to the normal course of discovery—not due to any alleged misconduct or extraordinary conditions.

Plaintiff now attempts to recharacterize the same request as arising from "extraordinary circumstances," which is inconsistent with his prior position and undermines any showing of good cause.

### C. Plaintiff Seeks an Improper Expansion of Discovery

Plaintiff's motion makes clear that he intends to pursue a wide range of new third-party subpoenas, including:

- Multiple e-commerce platforms
- Financial institutions
- Domain registrars
- Review platforms

This is not a request to complete existing discovery—it is an attempt to significantly expand the scope of the case late in the process.

Such broad and speculative discovery does not constitute good cause and weighs against granting an extension.

## D. Plaintiff's Allegations of Identity Theft Are False and Unsupported

Plaintiff repeatedly asserts "identity theft" and "identity spoofing" without presenting admissible evidence.

Defendant expressly denies these allegations.

To the extent Plaintiff references a Walmart account, the facts are straightforward:

- Any account activity involving Plaintiff's name occurred during the period when the parties were working together in a business relationship.
- The current and subsequent accounts were operated under Defendant's own name.
- Defendant's accounts were later restricted or closed following Plaintiff's complaints and accusations to third parties.

These facts do not support a claim of identity theft. Plaintiff's attempt to transform ordinary business disputes into allegations of criminal conduct is improper and should not be used as a basis to extend discovery.

## E. Plaintiff's Motion Relies on Argumentative and Irrelevant Allegations

Plaintiff's motion includes inflammatory allegations regarding:

- "Counterfeiting operations"
- "Identity theft"
- Broad claims of misconduct

These assertions are not supported by evidence in this motion and are not relevant to whether Plaintiff exercised diligence in discovery.

Courts do not grant scheduling extensions based on speculative accusations or litigation rhetoric.

## F. Granting the Extension Would Prejudice Defendants

Granting a 63-day extension would:

- Delay resolution of the case
- Increase litigation costs
- Allow Plaintiff to continue pursuing expansive and unfocused discovery

This case is already on a structured schedule, and Plaintiff has not shown a valid reason to disrupt it.

## IV. CONCLUSION

Plaintiff has failed to demonstrate diligence or good cause under Rule 16(b)(4). His motion is based on speculation, contradiction, and an improper attempt to expand discovery.

For these reasons, Defendant respectfully requests that the Court **deny Plaintiff's Administrative Motion to Extend Close of Fact Discovery in its entirety**.

**Dated:** April 30th, 2026
Respectfully submitted,

**/s/ Edwin Dario Manzano Garcia**
Edwin Dario Manzano Garcia
Defendant, Pro Se