# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF CALIFORNIA**

**Laurence Jay Shaw**,
Plaintiff,

v.

**Edwin Dario Manzano Garcia, et al.**,
Defendants.

Case No. 4:24-cv-05826-HSG

---

# DEFENDANT'S MOTION TO QUASH THIRD-PARTY SUBPOENAS TO AMAZON.COM, INC., WALMART INC., AND P.O. PLUS, AND FOR PROTECTIVE ORDER

---

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendant Edwin Dario Manzano Garcia, appearing pro se, moves pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c) to quash the subpoenas issued by Plaintiff to Amazon.com, Inc., Walmart Inc., and P.O. Plus, and for a protective order limiting third-party discovery.

---

## II. INTRODUCTION

Plaintiff has issued sweeping third-party subpoenas seeking identity verification documents, financial account information, IP/device data, shipment records, and complete account histories. These requests are based on unproven and disputed allegations of identity theft and are overbroad, intrusive, and disproportionate.

The subpoenas impose an undue burden on non-parties, seek highly sensitive personal and financial information, and constitute an improper fishing expedition. Accordingly, they should be quashed or, at minimum, significantly limited.

---

# III. BACKGROUND

1. Plaintiff has served subpoenas on Amazon.com, Inc. and Walmart Inc. seeking extensive records relating to alleged accounts and transactions.

2. These requests include identity verification materials, linked financial institutions, IP addresses, device identifiers, payout data, shipment logs, and listing histories.

3. Plaintiff also seeks records from P.O. Plus, a mailbox service located in San Francisco, California.

4. Defendant has formally denied all allegations of identity theft, impersonation, or unauthorized use of Plaintiff's personal identifying information.

5. **Defendant further states that he has no affiliation, relationship, or connection with P.O. Plus, and has not knowingly used or relied upon that service. Any suggestion otherwise is incorrect and unsupported.**

6. Any limited, preliminary account-related activity that may have been explored occurred during a prior business relationship between the parties, was incomplete, and was not used in commerce.

---

# IV. LEGAL STANDARD

Under Rule 45(d)(3), the Court must quash or modify a subpoena that:

- Requires disclosure of privileged or protected matter;
- Subjects a person to undue burden;
- Exceeds permissible scope.

Under Rule 26(b)(1), discovery must be relevant and proportional to the needs of the case.

Under Rule 26(c), the Court may issue protective orders to prevent annoyance, harassment, or undue burden.

---

# V. ARGUMENT

## A. The Subpoenas Are Overbroad and Disproportionate

The subpoenas seek expansive categories of information without limitation, including financial accounts, identity documents, IP/device data, and complete account histories.

Such requests far exceed what is proportional to the needs of the case.

## B. The Subpoenas Seek Highly Sensitive Personal and Financial Information

The requested materials include identity verification documents and financial records, which implicate significant privacy interests.

Plaintiff has made no sufficient evidentiary showing to justify such intrusive discovery.

## C. The Subpoenas Impose Undue Burden on Non-Parties

Amazon, Walmart, and P.O. Plus are non-parties. Compliance would require extensive data retrieval and review of sensitive records, creating an undue burden.

## D. The Subpoenas Are Based on Speculative Allegations

Plaintiff is attempting to obtain broad discovery in order to search for evidence, rather than based on established facts. This constitutes an improper fishing expedition.

## E. No Basis Exists for Discovery Directed at P.O. Plus

Plaintiff's inclusion of P.O. Plus is based on unsupported assumptions.

**Defendant has no connection to P.O. Plus and has not used that service.** Accordingly, any subpoena directed to that entity is irrelevant, improper, and should be quashed in its entirety.

**F. Limited Prior Activity Does Not Support Plaintiff's Claims**

Any prior account-related activity occurred within the context of a business relationship between the parties, was preliminary in nature, and was not completed or used.

Such activity does not constitute identity theft and does not justify expansive third-party discovery.

**G. Alternatively, Discovery Should Be Narrowly Limited**

If any discovery is permitted, it should be strictly limited, subject to a protective order, and exclude sensitive personal and financial data.

# VI. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Quash the subpoenas issued to Amazon.com, Inc., and Walmart Inc.
2. Alternatively, limit their scope;
3. Issue a protective order restricting access to sensitive information;
4. Prohibit further subpoenas based on unsupported allegations;
5. Grant any additional relief deemed appropriate.

# VII. DECLARATION OF DEFENDANT

I, Edwin Dario Manzano Garcia, declare:

1. I have not engaged in identity theft or impersonation.
2. I have not used Plaintiff's personal identifying information without authorization.
3. I have no affiliation or connection with P.O. Plus.
4. Any limited prior activity occurred within a business relationship, was incomplete, and was not used.
5. The subpoenas seek excessive and sensitive information unrelated to any proven claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Dated:** May 5th, 2026

**Edwin Dario Manzano Garcia**
Defendant, Pro Se