Laurence Jay Shaw
99 Yosemite Road
San Rafael, CA 94903
(415) 812-6203
larry@knightsbridgedualband.com

*Pro se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LAURENCE JAY SHAW, an individual, | ) Case No. 4:24-cv-05826-HSG<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| EDWIN DARIO MANZANO GARCIA, an individual, a/k/a EDWIN MANZONI; KNIGHTSBRIDGE SLEEP SOLUTIONS LLC, a New Mexico corporation; and VERONICA ROSIBEL MANZANO GARCIA, an individual, | ) **OPPOSITION TO MOTION TO QUASH**<br>) **SUBPOENAS TO AMAZON, WALMART**<br>) **AND P.O. PLUS**<br>)<br>) |
| Defendants. | ) |

On May 5, 2026, defendant Edwin Dario Manzano Garcia ("Mr. Garcia") filed Defendant Motion to Quash Third-Party Subpoenas to Amazon.com, Inc., Walmart Inc., and P.O. Plus, and for Protective Order (Dkt. No. 154; the "Motion to Quash").  The subject subpoenas to Amazon.com, Inc., Walmart Inc., and P.O. Plus (the "Amazon Subpoena," "Walmart Subpoena" and "P.O. Plus Subpoena") are submitted herewith as exhibits.  The arguments of § V(A) through § V(F) of the Motion to Quash are addressed below.

A.  Mr. Garcia's Arguments of § V(A) of the Motion to Quash

Section V(A) of the Motion to Quash argues "*The subpoenas seek expansive categories of information without limitation, including financial accounts, identity documents, IP/device data, and complete account histories. // Such requests far exceed what is proportional to the needs of the case.*"

With regard to the Amazon Subpoena and the Walmart Subpoena, the sought categories of information are defined in § II - Definitions, each category involving a limited number of fields of data.  Mr. Garcia's characterization of the sought categories of information as "expansive" and "without limitation" is inaccurate.  The proportionality of the sought information to the needs of the case is addressed in the Walmart Subpoena § IV(A)(3) and § IV(B)(3) and Amazon Subpoena § IV(A)(3) and § IV(B)(3).  The Motion to Quash does not discuss any particulars with regards to definitions or demands for production lacking proportionality and specific counter-arguments therefore, and the Court should not be left to guess as to what Mr. Garcia's counter-arguments are.

In the P.O. Plus Subpoena the categories of information sought are broader than those for the Amazon Subpoena and Walmart Subpoena.  However, Mr. Garcia has used a San Francisco zip code for identity spoofing (*see* Notice of Bad Faith in Defendant's Motion to Dismiss (Dkt. No. 116) due to Supplemental Evidence of Identity Spoofing and Local Imposter Business Addresses in this

1

District (Dkt. No. 139; the "Notice of Identity Spoofing")) and the production sought in the P.O. Plus Subpoena is necessary to ascertain whether and to what extent Mr. Garcia has utilized the P.O. Plus address for identity spoofing as per proposed claims for identity theft (*see* Motion for Leave to Amend the Amended Complaint to Add Claims for Identity Theft under 18 U.S.C. 1028(a)(7) (Dkt. No. 131; the "Motion to Amend")).

It is further noted that Mr. Garcia's reference in his Motion to Quash to "identity documents" is misleading.  The Amazon Subpoena and Walmart Subpoena seek "Fraudulent Identity Verification Documents" that utilize *my* personal identifying information without authorization.  The definitions of Fraudulent Identity Verification Documents in the Amazon Subpoena at § II(2) and the Walmart Subpoena at § II(2) make this clear, specifying that the documents sought relate only to the personal identifying information of Laurence Jay Shaw.

B.  Mr. Garcia's Arguments of § V(B) of the Motion to Quash

Section V(B) of the Motion to Quash argues, "*The requested materials include identity verification documents and financial records, which implicate significant privacy interests.  // Plaintiff has made no evidentiary showing to justify such intrusive discovery.*"

Mr. Garcia's claim that the identity verification documents sought infringe on his privacy rights is inaccurate.  As noted above, "Fraudulent Identity Verification Documents" is defined as identity verification documents that use *my* personal identifying information.  Mr. Garcia has no right to privacy with regards to use of my identity verification documents.

As for Mr. Garcia's claim of privacy rights with regards to "financial records," that is addressed in the Legal Basis and Authority sections of the subpoenas, *i.e.*, Amazon Subpoena § IV(A)(3) and § IV(B)(3), Walmart Subpoena § IV(A)(3) and § IV(B)(3), and P.O. Plus Subpoena § IV(3).  The Motion to Quash does not discuss any particulars of definitions or requirements for

2

production of financial records in any of the subpoenas or any of the arguments in the Legal Basis sections, and the Court should not be left to guess as to what Mr. Garcia's counter-arguments are.

Furthermore, Mr. Garcia's statement that I have made "no evidentiary showing" to justify the discovery is false.  As per § I of each of the subpoenas, I have provided evidence of counterfeiting, money laundering, and identity theft in the Amended Complaint (Dkt. No. 106), the Motion to Amend, and the Notice of Identity Spoofing.

In any event, each subpoena expressly states that Plaintiff is amenable to entry of an appropriate protective order under Rule 26(c) for any genuinely sensitive material, mooting this objection.

C.  Mr. Garcia's Arguments of § V(C) of the Motion to Quash

Section V(C) of the Motion to Quash argues, "*Amazon, Walmart, and P.O. Plus are non-parties.  Compliance would require extensive data retrieval and review of sensitive records, creating an undue burden.*"

Any undue-burden objection belongs to the third-party recipients of the subpoenas, not to Mr. Garcia.  Mr. Garcia cannot vicariously assert objections of undue burden.

D.  Mr. Garcia's Arguments of § V(D) of the Motion to Quash

Section V(D) of the Motion to Quash argues, "*Plaintiff is attempting to obtain broad discovery in order to search for evidence, rather than based on established facts.  This constitutes an improper fishing expedition.*"

Rule 26(b)(1) only requires relevance to a claim and proportionality, not "established facts." The Legal Basis and Authority sections of the subpoenas (*see* Amazon Subpoena § IV(A)(3) and § IV(B)(3), Walmart Subpoena § IV(A)(3) and § IV(B)(3), and P.O. Plus Subpoena § IV(3)) establish

3

the relevance and proportionality of the sought records to the needs of the case.  Mr. Garcia has not addressed any particulars of those arguments nor made any reference to any particular subpoenas nor definitions or requirements for production specified therein.  The Court should not be left to guess as to what Mr. Garcia's counter-arguments are.

E.  Mr. Garcia's Arguments of § V(E) of the Motion to Quash

Section V(E) of the Motion to Quash argues, "*Plaintiff's inclusion of the P.O. Plus is based on unsupported assumptions. // Defendant has no connection to P.O. Plus and has not used that service.  Accordingly, any subpoena directed to that entity is irrelevant, improper, and should be quashed in its entirety.*"

Mr. Garcia's claim of having no connection to P.O. Plus is contradicted by his Copyright Claims Board filing which, as is a matter of public record, lists the address of P.O. Plus as his address (*see* Notice of Identity Spoofing, § I(ii)).

F.  Mr. Garcia's Arguments of § V(F) of the Motion to Quash

Section V(F) of the Motion to Quash argues, "*Any prior account-related activity occurred within the context of a business relationship between the parties, was preliminary in nature, and was not completed or used. // Such activity does not constitute identity theft and does not justify expansive third-party discovery.*"

Mr. Garcia is claiming that the evidence I have submitted of his use of my personal identifying information is due to activities prior to the Hijacking Date.  That is false.

Because Mr. Garcia has also previously attempted to use this fabrication regarding the timeframe of use of my personal identifying information, the definition of "Account Application Records" in the Amazon Subpoena (*see* § II(3)(i)) specifies the dates of applications for accounts be

4

produced, and the definition of "Fraudulent Identity Verification Documents" in the Walmart Subpoena (*see* § II(3)(i)) specifies that the dates of use of personal identity verification documents be produced.

Prior to the Hijacking Date, no attempts to open a Walmart account were made by my company.  The subpoenaed records -- which Mr. Garcia is attempting to suppress -- will confirm that.   (It is anyway evident from the mixing of my name and my San Rafael street address, with the city listed as San Francisco and a San Francisco zip code, in combination with two of Mr. Garcia's email addresses and a phone number which is not mine (*see* Dkt. No. 139-1, page 13), that Mr. Garcia is engaging in identity spoofing.)

Roughly two years prior to the Hijacking Date my company utilized a Selling on Amazon account for Astrojax® and I believe there was also briefly a Selling on Amazon account for the Knightsbridge® Dual Band™ chin strap (or vice versa).  However, both those Selling on Amazon accounts were closed roughly two years prior to the Hijacking Date.  As per Amended Complaint ¶ 72 and as the subpoenaed evidence which Mr. Garcia is attempting to suppress will confirm, the Selling on Amazon account-setup mailings with Mr. Garcia's name and my address were mailed to me subsequent to the Hijacking Date.

It is therefore requested that Mr. Garcia's Motion to Quash be dismissed at the Court's earliest convenience so that subpoenaed discovery of the identity theft and money laundering activities of Mr. Garcia/Defendant Knightsbridge can proceed.

Dated: May 18, 2026                         By: __/Laurence Jay Shaw_____
                                                              Laurence Jay Shaw
                                                              Plaintiff, *pro se*

=================================================================

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Mr. Garcia who is registered with the CM/ECF system for this action.

Date:  May 18, 2026                 By:  /Laurence Jay Shaw/
                                          Laurence Jay Shaw
                                          Plaintiff, pro se

6