UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAURENCE JAY SHAW,
Plaintiff,

v.

EDWIN DARIO MANZANO GARCIA, et al.,
Defendants.

Case No. 4:24-cv-05826-HSG

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH THIRD-PARTY SUBPOENAS TO AMAZON.COM, INC., WALMART INC., P.O. PLUS, SHOPIFY, TRUSTPILOT OR ANY OF OUR DISTRIBUTORS.

## I. INTRODUCTION

Plaintiff's Opposition does not cure the fundamental defects in the subpoenas directed to Amazon.com, Inc., Walmart Inc.,P.O. Plus, Shopify, Truspilot,or any of our distributors. The subpoenas remain overbroad, intrusive, and disproportionate under Rules 26 and 45.

Rather than presenting competent evidence establishing entitlement to sweeping third-party discovery, Plaintiff primarily repeats disputed allegations contained in pleadings and motions as though they constitute established facts. They do not.

Plaintiff seeks expansive access to financial information, account histories, IP/device data, identity verification materials, and other sensitive records in hopes of locating evidence to support speculative claims. Rule 26 does not authorize such broad exploratory discovery.

Accordingly, the subpoenas should be quashed or substantially narrowed.

## II. PLAINTIFF FAILS TO ESTABLISH PROPORTIONALITY UNDER RULE 26

Plaintiff largely ignores Rule 26's proportionality requirement and instead attempts to justify expansive third-party discovery through repetition of disputed allegations.

Even if subpoena categories are "defined," as Plaintiff argues, the requests still seek sweeping collections of sensitive information, including account histories, financial records, linked institutions, IP/device data, shipment records, communications, and identity-related materials spanning broad periods of time.

The issue is not merely whether categories are defined, but whether the requested discovery is narrowly tailored and proportional to the actual needs of the case.

Plaintiff has not demonstrated why such expansive production is necessary or why narrower alternatives would be insufficient.

Additionally, Plaintiff did not first seek much of the requested information directly from Defendant through ordinary party discovery mechanisms before pursuing expansive third-party subpoenas directed at major commercial platforms and business-related entities.

Instead, Plaintiff has repeatedly contacted companies, platforms, distributors, and business counterparties associated with Defendant, resulting in significant commercial disruption, including marketplace enforcement actions, listing removals, and account-related harm.

Such conduct further underscores the need for the Court to carefully scrutinize the proportionality and scope of the requested third-party discovery. Discovery should not be used in a manner that unnecessarily disrupts ongoing business operations or imposes undue commercial harm based on disputed and unproven allegations.

To the extent Plaintiff seeks information that could have been addressed through narrower party discovery requests directed to Defendant, the sweeping third-party subpoenas are neither proportional nor narrowly tailored under Rules 26 and 45.


III. PLAINTIFF RELIES ON ALLEGATIONS RATHER THAN ESTABLISHED FACTS

Plaintiff repeatedly cites allegations contained in the Amended Complaint, motions, and notices as though they constitute established evidence of wrongdoing. They do not.

The allegations of "identity theft," "money laundering," "counterfeiting," and "identity spoofing" remain disputed and unproven.

Mere allegations do not automatically entitle a litigant to broad access to sensitive financial records, account histories, IP logs, or identity verification materials from third-party companies.

Plaintiff's Opposition effectively seeks permission to conduct expansive forensic discovery in hopes of substantiating speculative theories after the fact.

IV. THE SUBPOENAS IMPLICATE SIGNIFICANT PRIVACY AND CONFIDENTIALITY INTERESTS

Plaintiff incorrectly argues that Defendant lacks privacy interests because Plaintiff alleges certain records involve Plaintiff's identifying information.

However, the subpoenas necessarily implicate Defendant's business records, financial information, commercial account activity, platform usage data, communications, customer-related information, and internal account records.

The existence of a protective order does not automatically cure overbreadth or eliminate the Court's obligation to limit intrusive discovery requests under Rules 26 and 45.

The requested discovery substantially exceeds what would be appropriate for the narrow factual disputes actually at issue.

V. THE PRIOR BUSINESS RELATIONSHIP PROVIDES IMPORTANT CONTEXT

Plaintiff attempts to characterize all historical account-related activity as evidence of fraud or identity theft while minimizing the parties' prior commercial relationship and operational overlap.

The parties previously engaged in business activities involving shared operational and commercial efforts. Any limited or preliminary account-related activity occurred in that broader context.

Historical overlap in business operations does not establish identity theft, fraud, or unlawful impersonation.

Plaintiff's attempt to retroactively recast disputed business interactions as criminal misconduct remains speculative and unsupported by adjudicated findings.

VI. DISCOVERY DIRECTED TO P.O. PLUS REMAINS SPECULATIVE AND OVERBROAD

Plaintiff's claims regarding P.O. Plus remain speculative.

Defendant denies Plaintiff's characterization that any alleged mailing-address usage constituted identity theft, impersonation, or fraudulent conduct. To the extent any address associated with P.O. Plus may have appeared on a filing or document, Defendant understands that such reference may have resulted from mistake, confusion, or third-party involvement and was not evidence of identity theft or unlawful activity.

Mere reference to a mailing address does not justify sweeping third-party discovery into broad categories of records.

Plaintiff still fails to establish a sufficient factual basis for the expansive subpoena directed to P.O. Plus.

VII. ALTERNATIVELY, THE SUBPOENAS SHOULD BE NARROWED

If the Court permits any discovery to proceed, Defendant respectfully requests that the subpoenas be substantially narrowed.

At minimum, the Court should:

1. Limit the applicable date ranges;
2. Exclude IP/device logs and unrelated technical metadata;
3. Exclude financial institution and payout information absent a stronger evidentiary showing;
4. Exclude unrelated customer and account-history information;
5. Limit production to records directly tied to specific and non-speculative factual allegations; and
6. Require strict confidentiality protections for any sensitive material produced.

VIII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court quash the subpoenas issued to Amazon.com, Inc., Walmart Inc.,P.O. Plus, Shopify, Truspilot, Sleeplay, Etc or alternatively substantially limit their scope and issue appropriate protective relief.

Dated: May 20, 2026

_____

Edwin Dario Manzano Garcia
Defendant, Pro Se