UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LAURENCE JAY SHAW,
Plaintiff,

v.

EDWIN DARIO MANZANO GARCIA, et al.,
Defendants.

Case No. 4:24-cv-05826-HSG

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST TO EXTEND FACT DISCOVERY

Defendant Edwin Dario Manzano Garcia respectfully opposes Plaintiff's renewed request to extend the fact discovery deadline by 63 days and to continue all subsequent deadlines and the trial date.

## I. PLAINTIFF HAS NOT SHOWN GOOD CAUSE UNDER RULE 16

Plaintiff has not demonstrated the diligence required under Rule 16 to justify modification of the Court's Scheduling Order. The majority of the subpoenas identified in Plaintiff's recent filing were served only weeks — and in several cases mere days — before the close of fact discovery. Plaintiff's own filing confirms that many of the subpoenas at issue were not served until May 2026, despite the fact discovery deadline having long been established.

Rather than diligently pursuing discovery throughout the discovery period, Plaintiff now seeks a substantial extension based on speculative and incomplete third-party discovery efforts that remain ongoing due primarily to Plaintiff's own delay.

## II. PLAINTIFF'S SPECULATIVE ACCUSATIONS ARE UNSUPPORTED AND IRRELEVANT TO THIS REQUEST

Plaintiff's repeated references to "money laundering" are entirely speculative and unsupported by any criminal finding, charge, investigation, or adjudicated fact. Plaintiff offers no competent evidence establishing that Defendant engaged in money laundering or related criminal conduct. Instead, Plaintiff repeatedly states that subpoenas are necessary to "determine whether" such conduct occurred, confirming that these accusations are based on conjecture rather than evidence.

Discovery is not intended to permit open-ended fishing expeditions into speculative criminal theories unsupported by factual foundation. Nor should inflammatory criminal terminology be used to prejudice Defendant or expand the scope of this civil dispute beyond the claims and issues properly before the Court.

To Defendant's knowledge, no law enforcement agency has accused Defendant of money laundering, and Plaintiff's unsupported suspicions do not constitute good cause to reopen and prolong fact discovery.

## III. DEFENDANT DID NOT USE PLAINTIFF'S NAME OR IDENTITY TO OPEN ACCOUNTS

Defendant specifically denies Plaintiff's repeated allegations that Defendant used Plaintiff's identity or personal information to open accounts or conduct business activities. For the record, Defendant has not used Plaintiff's name or identifying information to open Amazon accounts, Shopify accounts, Walmart accounts, financial accounts, or other business accounts.

With respect to Amazon specifically, Defendant's Amazon account issues involved allegations relating to alleged counterfeit complaints and intellectual property disputes — not allegations that Defendant opened or operated accounts using Plaintiff's identity.

## IV. NEW THEORIES AND LAST-MINUTE SUBPOENAS DO NOT JUSTIFY EXTENSION

Plaintiff also references alleged recent events occurring "on or around May 19, 2026" as justification for additional subpoenas to Amazon and Shopify. These allegations appear to concern new theories and alleged conduct raised at the very end of discovery rather than matters timely pursued during the discovery period. Plaintiff should not be permitted to substantially expand discovery and prolong litigation based on newly asserted accusations introduced days before the close of fact discovery.

Additionally, multiple subpoenas identified by Plaintiff remain subject to pending motions to quash and proportionality objections under Rules 26 and 45. The mere existence of unresolved third-party subpoena disputes does not automatically establish good cause to reopen or extend discovery, particularly where the underlying discovery was pursued at the last minute.

## V. PREJUDICE TO DEFENDANT

Granting Plaintiff's requested extension would substantially prejudice Defendant by prolonging already burdensome litigation, increasing costs, and delaying resolution of this matter. Plaintiff has not shown that the requested extension is necessary despite diligent efforts, as required under Rule 16.

## VI. CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's request to extend the fact discovery deadline and related case deadlines.

Dated: May 26, 2026

Respectfully submitted,

/s/ Edwin Dario Manzano Garcia
Edwin Dario Manzano Garcia
Defendant, Pro Se