UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE JAY SHAW,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN DARIO MANZANO GARCIA, et al.,<br><br>Defendants. | Case No. 24-cv-05826-HSG<br><br>**OMNIBUS ORDER ON PARTIES'<br>MOTIONS AND AMENDED<br>SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 116, 123, 125, 130, 131, 136,<br><br>145, 150, 152, 154 |

The Court has repeatedly explained to pro se Plaintiff Laurence Jay Shaw and Defendant Edwin Dario Manzano Garcia that they should not file serial documents either claiming, or asking the Court to determine, that either Plaintiff or Defendant is the rightful owner of the intellectual property and business at issue in this case. *See, e.g.*, Dkt. No. 79. Nevertheless, the parties have continued to file serial motions. The Court addresses these motions below, but reiterates the importance that this case move forward efficiently and according to the scheduling order.

## I. DEFENDANT KNIGHTSBRIDGE'S MOTION TO DISMISS

Defendant Garcia filed a motion to dismiss on behalf of Defendant Knightsbridge Sleep Solutions, LLC. Dkt. No. 116. However, as the Court has already explained, as a pro se party, Mr. Garcia may not represent or file documents on behalf of anyone else. *See* Dkt. No. 19 at 2 (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)). And Defendant Knightsbridge, as a limited liability company, must be represented by an attorney to appear and file documents in court. *See* Dkt. No. 47 at 3 (citing *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.2d 972, 973 (9th Cir. 2004) and Civil L.R. 3–9(b)). It does not matter that Mr. Garcia purports to be the "managing member" of the company. *See* Dkt. No. 116-1 at ¶ 1. Mr. Garcia may only file documents for himself and not for the company. Consistent with the Court's prior orders, Plaintiff

has moved the Court to strike the motion to dismiss as improperly filed.  Dkt. No. 123.

The Court **GRANTS** Plaintiff's motion to strike, Dkt. No. 123, **STRIKES** the motion to dismiss at Dkt. No. 116, and directs the Clerk to remove Dkt. No. 116 from the docket.  The Court cautions Mr. Garcia that it will not accept any further filings from him on behalf of Defendant Knightsbridge or any other entity. To the extent Mr. Garcia asks for leave to obtain counsel for Defendant Knightsbridge, he remains free to do so.  However, the Court will not delay consideration of these motions.

## II.   DEFENDANT GARCIA'S "NOTICE OF THIRD-PARTY INTERFERENCE" AND MOTION FOR PROTECTIVE ORDER

Defendant Garcia filed a document styled as a "notice of third-party interference and request for protective order."  Dkt. No. 125.  Although Mr. Garcia did not file this as a motion, he is requesting that the Court "preserve the status quo" to "prevent further irreparable harm" while this case is pending.  *Id.* at 1.  Mr. Garcia states that Plaintiff is interfering with his ongoing business efforts by contacting third-party vendors and claiming to be the rightful owner of the trademarks at issue in this case.  *Id.*  For example, Mr. Garcia states that Plaintiff contacted Amazon, which resulted in Amazon "limiting [Mr. Garcia's] seller account, removing active listings, and placing [his] account at risk of deactivation due to an intellectual property complaint."  *Id.*  Mr. Garcia asks the Court to "prohibit Plaintiff from contacting or communicating with third-party platforms . . . for the purpose of asserting trademark ownership or seeking enforcement actions related to the marks at issue."  *Id.* at 2.

Similarly, Mr. Garcia filed a "second motion for a protective order."  Dkt. No. 136.  Mr. Garcia purports to move under Federal Rule of Civil Procedure 26(c), which allows a party from whom discovery is sought to move for a protective order.  However, Mr. Garcia is not seeking protection from Plaintiff's discovery efforts.  Rather, once again, he asserts that "Plaintiff has engaged in a pattern of extrajudicial conduct designed to damage Defendant's business operations, interfere with third-party relationships, and harm Defendant's reputation."  *Id.* at 2.  As before, Mr. Garcia complains that Plaintiff has contacted third-party vendors and made public statements challenging his ownership of the intellectual property at issue here.  *See id.*  He wants to prohibit

United States District Court
Northern District of California

Plaintiff from (1) "making public statements asserting that Defendant's products are counterfeit or infringing prior to adjudication"; (2) contacting third-party vendors, including payment processors, e-commerce platforms, distributors, and customers; (3) engaging in "conduct intended to disrupt Defendant's business operations." *Id.* at 4.

Mr. Garcia made a similar request last year, which the Court rejected. Dkt. No. 92. The Court found that Mr. Garcia was seeking a prior restraint and had failed to meet the strict standard for such relief. *Id.* As the Court explained:

> At bottom, Mr. Garcia is asking the Court to permit him to continue his business operations uninterrupted and prevent Plaintiff from taking any steps to protect Plaintiff's own alleged business interests. However, as the Court previously explained in denying Mr. Garcia's motion for temporary restraining order, the parties fundamentally dispute who owns the intellectual property at issue in this case. [] At this early stage, the Court cannot say who is likely to succeed on the merits of their claims and will not elevate any party's rights over those of the other.

*Id.* at 2–3. This remains true and the Court **DENIES** Mr. Garcia's requests for a protective order. Dkt. Nos. 125, 136. The Court understands the significance of this case to both parties, but will not tolerate either party repeatedly asking the Court for relief that it previously denied.

## III.   MOTIONS TO QUASH

Defendant Garcia filed a motion to quash a subpoena issued to Google LLC. Dkt. No. 145. Mr. Garcia generically states that the subpoena is "overbroad, disproportionate, invasive of privacy, and appears calculated to harass, burden, and gain improper leverage in ongoing litigation." *See id.* at 1. Mr. Garcia also filed a motion to quash subpoenas issued to other third-party vendors, including Amazon.com, Inc.; Walmart Inc.; and P.O. Plus. Dkt. No. 154. Mr. Garcia states that these subpoenas likewise "seek expansive categories of information without limitation, including financial accounts, identity documents, IP/device data, and complete account histories." *Id.* at 3. But Mr. Garcia offers no specific explanation about why the subpoenas are overbroad or otherwise improper. He offers no actual detail about the subpoenas at all. Rather, Mr. Garcia repeatedly indicates that he disagrees with Plaintiff's theory of the case. The existence of factual disputes, however, does not preclude Plaintiff from seeking discovery. The Court

United States District Court
Northern District of California

**DENIES** these boilerplate motions.  Dkt. Nos. 145, 154.  Plaintiff's request to file a sur-reply in support of his opposition to the motion is **TERMINATED AS MOOT**.  Dkt. No. 150.

### IV.   MOTION TO AMEND THE COMPLAINT AND MOTION TO SEAL

Plaintiff Shaw has moved to amend the complaint to add allegations of identity theft.  Dkt. No. 131.  Plaintiff contends that Mr. Garcia has used Plaintiff's name, address, and social security number on various platforms to circumvent protections in place against counterfeit goods.  *Id.*

Under Federal Rule of Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  When considering whether to grant leave to amend, the Court considers several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments.  *See id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court weighs prejudice to the opposing party most heavily.  *Id.*  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis in original).  Having carefully considered the parties' arguments, the Court finds that leave to amend should be granted.

Mr. Garcia's only response is that amendment would be futile because 18 U.S.C. § 1028(a)(7) (criminal statute) does not create a private right of action.  *See* Dkt. No. 133. However, Mr. Garcia misunderstands Plaintiff's proposed amendments.  Plaintiff contends that the alleged misconduct is part of a larger pattern of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 *et seq.*  Dkt. No. 135. "A civil RICO claim requires allegations of the conduct of an enterprise through a *pattern of racketeering activity* that proximately caused injury to the plaintiff."  *Swartz v. KPMG LLP*, 476 F.3d 756, 760–61 (9th Cir. 2007) (emphasis added).  Racketeering activity is commonly referred to as "predicate acts."  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 362 (9th Cir. 2005).  In short, Plaintiff contends that Mr. Garcia's use of Plaintiff's personal identifying information is another predicate act for purposes of his existing civil RICO claim.  *See* Dkt. No. 106 (operative complaint).  The Court cannot say that amending the complaint in this

United States District Court
Northern District of California

4

way would be futile.

Additionally, Plaintiff appears to have moved promptly to amend the complaint once he learned of the alleged misconduct. And although discovery is underway, the Court finds that the case is still in a relatively early stage. As discussed further below, the Court is extending the case schedule slightly, which will accommodate the parties' needs to engage in fact discovery as to this new claim. The Court therefore **GRANTS** the motion to amend the complaint. Dkt. No. 131. Plaintiff is directed to file the amended complaint on the docket by July 6, 2026.

In connection with his motion for leave to amend, Plaintiff asks the Court to seal an exhibit that contains his social security number. *See* Dkt. No. 130. Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

The Court finds that Mr. Shaw's social security number is unrelated to the public's understanding of these proceedings and there are valid privacy concerns warranting the sealing of this information. *See* Fed. R. Civ. P. 5.2 (permitting the redaction of an individual's social security number). The Court **GRANTS** the motion to seal this limited information. Dkt. No. 130.

## V.     MOTION TO EXTEND FACT DISCOVERY

Lastly, Plaintiff moves to extend the close of fact discovery and the rest of the case schedule. Dkt. No. 152. Under the current case schedule, fact discovery closed on May 29, 2026. Dkt. No. 83. However, Plaintiff states that he needs more time. Plaintiff appears to have been diligent, but he points to the magnitude of discovery needed, including for his new identity theft

allegations, and the multiple motions that Mr. Garcia has filed in the interim that diverted time and resources. The Court agrees that a modest extension of time is warranted under these circumstances. The Court therefore **GRANTS** the motion. Dkt. No. 152. The Court **RESETS** the following deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
| --- | --- |
| Close of Fact Discovery | August 7, 2026 |
| Exchange of Opening Expert Reports | August 28, 2026 |
| Exchange of Rebuttal Expert Reports | September 11, 2026 |
| Close of Expert Discovery | October 2, 2026 |
| Dispositive Motion Filing Deadline | October 23, 2026 |
| Dispositive Motion Hearing Deadline | December 10, 2026, at 2:00 p.m. |
| Pretrial Conference | March 16, 2027, at 3:00 p.m. |
| Bench Trial (4 days) | April 5, 2027, at 8:30 a.m. |

These dates may only be altered by order of the Court and only upon a showing of good cause. The parties are directed to review and comply with this Court's standing orders.

//

//

//

//

//

//

//

//

//

//

//

6

## VI.    CONCLUSION

The Court **GRANTS** Plaintiff's motion to strike, Dkt. No. 123; **STRIKES** the motion to dismiss at Dkt. No. 116; and directs the Clerk to remove Dkt. No. 116 from the docket.  The Court **DENIES** Defendant's motions for protective order and motions to quash.  Dkt. Nos. 125, 136, 145, 154.  The Court **TERMINATES AS MOOT** Plaintiff's request to file a sur-reply.  Dkt. No. 150.

The Court further **GRANTS** Plaintiff's motion to amend the complaint and the related motion to seal, Dkt. Nos. 130 and 131, and **DIRECTS** Plaintiff to file the amended complaint on the docket by July 6, 2026.  The Court also **GRANTS** Plaintiff's motion to extend the case schedule, Dkt. No. 152, and the Court **RESETS** the deadlines as detailed in Section V above.  The Court expects the parties to work together to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated:     6/26/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7