United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURENCE JAY SHAW,

Plaintiff,

v.

EDWIN DARIO MANZANO GARCIA, et al.,

Defendants.

Case No. 4:24-cv-05826-HSG

**ORDER DENYING MOTION TO AMEND AND DENYING MOTION TO EXTEND FACT DISCOVERY**

Re: Dkt. Nos. 177, 179, 181, 182

Pending before the Court is Plaintiff Laurence Jay Shaw's motion to amend the complaint and motion to extend the fact discovery deadline. Dkt. Nos. 177, 181. Defendant Edwin Dario Manzano Garcia has filed related requests for leave to respond to these motions. Dkt. Nos. 179, 182. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** Mr. Garcia's requests to respond to the motions, Dkt. Nos. 179 and 182, and his opposition briefs are deemed submitted. The Court **DENIES** Mr. Shaw's requests to amend the complaint and to extend the fact discovery deadline. Dkt. Nos. 177, 181.

## I. MOTION TO AMEND COMPLAINT (DKT. NO. 177)

Since Mr. Shaw filed this case in August 2024, he has amended his complaint several times, and the January 2026 deadline to amend the pleadings has long since passed. *See* Dkt. No. 83 (Scheduling Order). Nevertheless, in June 2026, the Court granted Mr. Shaw leave to amend the complaint to add allegations and claims of identity theft based on facts that he learned during the course of discovery. *See* Dkt. No. 171 at 4–5. The Second Amended Complaint alleges that Mr. Garcia has used Mr. Shaw's "name, address, and Social Security number in furtherance of the counterfeiting operations of Defendant Knightsbridge." *See* Dkt. No. 172 ("SAC") at ¶¶ 18, 75–

82. Mr. Shaw contends, for example, that "Mr. Garcia created a Walmart supplier account utilizing Shaw's name, Shaw's current street address, Shaw's previous city and zip code, and Mr. Garcia's email address and phone number." *Id.* at ¶ 80.

Mr. Shaw now moves to file a third amended complaint to "add[] claims under California law arising from acts of identity-theft already pleaded in the Second Amended Complaint . . . ." Dkt. No. 177 at 1. In short, Mr. Shaw argues that in the course of discovery he has uncovered additional unauthorized uses of his name and personal identifying information. For example, the proposed third amended complaint alleges that Mr. Garcia used Mr. Shaw's personal identifying information in connection with a PayPal account, a Google Workspace account, and Mastercard merchant accounts. *See* Dkt. No. 177-1 ("Proposed TAC") at ¶¶ 94–99. Based on these allegations, Mr. Shaw seeks to add claims for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and misappropriation of name. *See id.* at 52–57 (Claims 17 and 18).

### A. Legal Standard

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quotation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, . . . [i]f th[e] party was not diligent, the inquiry should end." *Id.*

If the Court finds that good cause is shown, the moving party must then demonstrate that amendment is proper under Rule 15. *See id.* at 608. Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with

United States District Court
Northern District of California

extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). When considering whether to grant leave to amend, the court considers several factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Cap.*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

**B. Discussion**

The Court does not find good cause to amend the complaint at this stage in the case. Although Mr. Shaw may not have learned about the use of his personal identifying information with the specific PayPal, Google Workspace, and Mastercard merchant accounts until recently, he knew at the time he filed the SAC that Mr. Garcia was allegedly using his name and personal identifying information as part of his commercial operations. The SAC itself contains allegations of identity theft, including use of Mr. Shaw's name, street address, social security number, and telephone number in connection with Trustpilot and Walmart supplier accounts. *See, e.g.*, SAC at 44 (Claim 15). Moreover, Mr. Shaw has repeatedly stated that Mr. Garcia's conduct remains ongoing. There is no reason Mr. Shaw could not have included claims under the UCL or for misappropriation of name at the time he filed the SAC. Mr. Shaw states that he is seeking amendment "to obtain remedy against use of [his] personal identifying information via preliminary injunction which is available under the California laws but may not be available under civil RICO . . . ." Dkt. No. 177 at 3. But Mr. Shaw cannot establish good cause to amend based on a recent determination that he may have stronger legal arguments or better relief if he adds new claims.

The case was filed over two years ago, fact discovery has closed and will not be extended, and dispositive motions are due in two months. The Court will not further delay the case. Mr. Shaw may rely on the discovery he has obtained in support of his existing claims when filing dispositive motions or if the case proceeds to trial, but he may not add new claims. The Court

**DENIES** the motion to amend the complaint. Dkt. No. 177.

## II. MOTION TO EXTEND FACT DISCOVERY DEADLINE (DKT. NO. 181)

Relatedly, Mr. Shaw seeks an additional 70 days to conduct further fact discovery, and asks that the rest of the case schedule shift accordingly. Dkt. No. 181. This is Mr. Shaw's third request for an extension of the fact discovery deadline. *See* Dkt. Nos. 152, 175. Mr. Shaw explains that Mr. Garcia has been uncooperative and that Mr. Shaw is pursuing discovery through additional third-party subpoenas based on information he has recently obtained. *See* Dkt. No. 181. The Court does not minimize the difficulty in managing a federal case and conducting discovery pro se. But as discussed above, this case has been pending for over two years, and the Court will not extend the case schedule any further. The Court **DENIES** the motion. Dkt. No. 181. The amended case schedule at Dkt. No. 176 remains in place.

**IT IS SO ORDERED.**

Dated: November 6, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge